Todd Davender
Reg. No: 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado   81226

Petitioner - Pro Se



## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TODD DAVENDER,** | |
| Movant-Petitioner, | Civil No: 3:041667(JCH) |
| **Vs.** | Crim. No: 3:00-CR-44(JCH) |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff-Respondent. | |

## SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULES OF CIVIL PROCEDURE RULE 15(d)

### INTRODUCTION

COMES NOW, the Movant, Todd Davender, pro se, and petitions this Honorable Court to grant Movant's Supplemental pleading to his 28 U.S.C. § 2255 motion. In the instant case Movant is asking the Court to take notice of **Haines v. Kerner**, 404 U.S. 519, 520 (1972)(per curiam)(pro se complaint held to less stringent standard than formal papers drafted by lawyers). In support of his motion, Movant states the following:

## STATEMENT OF ISSUE(S)

This Supplement Motion is being filed pursuant to two (2) separate issues/arguments:

1.    Movant stringently believes that he is actually innocent of the drug amount given by the standard which is/was applied when the court went outside the scope of the jury's verdict. Thus, determining the drug amounts, at sentencing, by a preponderance of the evidence to be in excess of 1.5 kilograms of cocaine base in charge One of the verdict form.

2.    Movant contends that his counsel rendered ineffective assistance. It is the contention of Movant that he was deprived of his Fifth and Sixth Amendment rights, thus leaving him wrongly categorized as a second offender under Title 21 U.S.C. § 851(a).

## SUMMARY OF CASE

Movant-Petitioner, Todd Davender, was charged in counts One, Two, Nine and Twelve of a superseding indictment with conspiring to possess and distribute 50 grams or more of cocaine base, conspiring to possess and distribute 5 kilograms or more of cocaine and attempting to possess 500 grams or more of cocaine on two specific dates. Petitioner was convicted after trial by jury and sentenced to concurrent sentences of 360 months incarceration on each count.

The record in the case shows that the U.S. Attorney filed a motion to enhance Movant's mandatory minimum from ten (10) to twenty (20) years on Counts 1 and 2 and five (5) years to ten (10) years on Counts 9 and 12 pursuant to Title 21 U.S.C. § 851, based upon a prior state drug conviction.

2

# I.

## ARGUMENT

**MOVANT CONTENDS THAT HE IS ACTUALLY INNOCENT OF THE 1.5 KILOGRAMS OF COCAINE BASE AND NOT HAVE BEEN SENTENCED AT OFFENSE LEVEL 38**

The record in this case shows that the Court went outside the scope of the jury's verdict when the judge determined the amount of drugs by a preponderance of the evidence to be in excess of 1.5 kilograms of cocaine base in Count One (1) of the superseding indictment, thus, giving Movant a base offense level of 38. Because the jury's verdict only stated <u>50 grams or more</u>,* Movant's offense level should have been 32, with a sentencing range of 168 to 210 months. Therefore, Movants sentence exceeds the "Maximum" punishment under the statute by 150 to 192 months. See **Glover v. U.S.**, 148 L.Ed.2d 604 (2001), which states that, "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." Id. at 607.

Before sentencing, in this case, the trial judge stated the following:

> "If there existed any factual or legal issue that need to be resolved before resentencing took place." See, Sen. Trans. p. 2, line 17-p.3, line 1-10.

Both attorney Lewis Chimes and Gordon Hall, officers of the court, proceeded to admit authority for District Judge Janet C. Hall to sentence "Movant" in violation of the Supreme Court ruling in **Apprendi**, when no one spoke up, it then allowed the judge

---

* There were absolutely "no" specific findings to the "<u>or more</u>" made by the jury.

3

who stated:

> "Obviously, the issue of quantity of drugs
> attributable to a defendant at sentencing is
> an issue for the court, and that the court
> applies a preponderance of the evidence stan-
> dard."

See Sen. Trans. p. 21, ln. 20-23. Clearly the record shows that

the trial in the instant case began on October 31, 2001, well

after the Supreme Court's holding in **Apprendi**. Sentencing in this

case occurred on January 25, 2002. Thus, the Court simply ignored

the Supreme Court's holding in **Apprendi**, which held that:

> **"Other than the fact of a prior conviction
> any fact that increases the penalty for a
> crime beyond the prescribed statutory maxi-
> mum must be submitted to a jury, and proved
> beyond a reasonable doubt."**

Moreover, it is only the jury whom at the conclusion of a

trial that determines the facts after being presented the case

by both attorneys for the Defendant and Government. A judge is

only to administer the law to a jury, not find the facts. Absent

a specific finding by a jury a judge can not then become the

"fact finders" themselves.

On June 24, 2004, the Supreme Court decided **Blakely v.**

**Washington**, 541 U.S. ____, 159 L.Ed.2d 403 (2004). Movant knows

this case has not been made retroactive, the Movant only intends

to focus on Apprendi, which was law at the time he went through

a jury trial proceeding. The **Blakely** decision has a direct im-

pact on this case given the United States Supreme Court's holding

in **Blakely**  that a judge must impose a sentence solely reflected

in the jury verdict. The Supreme Court noted in **Blakely**:

Our precedents make clear, however, that the
"statutory maximum" for Apprendi purposes is
the mximum sentence a judge may impose solely
on the basis of the facts reflected in the jury
verdict or admitted by the defendant. See Ring,
supra, at 602 ("'the maximum he would receive
if punished according to the facts reflected in
the jury verdict alone'" (quoting Apprendi,
supra, at 483); Harris v. United States, 536
U.S. 545, 563 (2002)(plurality opinion)(same);
cf. Apprendi, supra, at 488 (facts admitted by
the defendant). In other words, the relevant
"statutory maximum" is not the maximum sentence
a judge may impose after finding additional
facts, but the maximum he may impose without any
additional findings. When a judge inflicts punish-
ment that the jury's verdict alone does not allow,
the jury has not found all the facts "which the
law makes essential to the punishment," Bishop,
supra, §87, at 55, and the judge exceeds his
proper authority. Blakely, supra 159 L.Ed. at
See also In re Winship, 397 U.S. 358, 90 S.Ct.
1068 (1970)(wherein the Supreme Court held that
every element of the crime/offense must be decided
by a jury).

Wherefore, because Movant is Actually Innocent, he prays

that this Honorable Court take notice of **Dretke v. Haley**, 541

U.S. ____, 158 L.Ed.2d 659, 124 S.Ct. ____ (May 3, 2004.

## II.

## ARGUMENT

**WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING
AND APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT FILING AN
APPEAL TO THE GOVERNMENT'S SECOND OFFENDER'S MOTION PUR-
SUANT TO TITLE 21 U.S.C. SECTION 851.**

In order to establish claim for relief as a result of in-

effective assistance of counsel, petitioner must show (1) that

"his counsel's performance was so deficient as to fall below an

objective standard of reasonable competence," and (2) "that the

deficient performance prejudiced his defense." **Strickland v.**

**Washington**, 466 U.S. 668, 687 (1984). To meet the first prong of

the **Strickland** test, petitioner must show that counsel was not acting within the widely accepted norm of professional competence. Under the second prong petitioner must show that had it not been for counsel's unprofessional errors, there is a reasonable probability the outcome would have been different. Id. at 687-95.

After reviewing the record Movant asserts that pursuant to Title 18 U.S.C. § 3559(c)(2)(H)(i)(ii), he was wrongfully categorized as a second offender under Title 21 U.S.C. § 851(a), because Movants prior drug conviction was for possession of two (2) ounces of a controlled substance in the third degree under PL 260.16 of the New York State Statute. See Title 18 U.S.C. § 3559(c)(2)(H)(i)(ii), which states the following:

> (c) Imprisonment of certain violent felons
>
> (2) "Definitions" - For purpose of this subsection -
>
> (H) the term "serious drug offense" means -
>
> (i) an offense that is punishable under section 409(b)(1)(A) or 408 of the Controlled Substance Act (21 U.S.C. §841(b)(1)(A), 848) or section 1010(b)(1)(A) of the Controlled Substance Import and Export Act (21 U.S.C. §960(b)(1)(A).
>
> (ii) An offense under state law that, had the offense been prosecuted in a court of the United States, would have been punishable under section 401(b)(1)(A) or 408 of the Controlled Substance Act (21 U.S.C. §841(b)(1)(A), 848) or section 1010 (b)(1)(A) of the Controlled Substance Import and Export Act (21 U.S.C. §960(b)(1)(A). See **Busic v. U.S.**, 641 L.Ed.2d 381 (1980). (The terms of a more specific statute takes precedence over those of a more general statute where both statutes speak to the same concern, regardless of their temporal sequence.)

In particular, 18 U.S.C. § 3559(c)(2)(H)(i)(ii) provides that the prior drug conviction must be on par with an 841(b)(1)(A) crime or class A federal felony that requires a threshold quantity of

1k heroin, 5k cocaine, 50 grams crack, before the government can use the prior to enhance Movant's mandatory minimums. See (**Exhibit 1**).

Moreover, because Movant's prior state conviction only entailed approximately two (2) ounces of cocaine in the powder form the prior should not have been used to enhance Movant's mandatory minimums because it was not a **serious drug offense**.

It is reasonably expected that counsel should have known the dictates of the second offenders motion filed by the government and how it affected his client. Here, the facts necessary to impose Title 21 U.S.C. § 851 must meet the statutory criteria spelled out in Title 18 U.S.C. § 3559(c)(2)(H)(i)(ii).

Trial counsel was ineffective for not objecting to the information filed under Title 21 U.S.C. § 851, thus allowing Movant's sentence to be increased by 150 to 192 months based on the fact that had it not been for counsel's ineffectiveness Movant's range would have been 168 to 210 months at a base offense level of 32.

Appellate Counsel was ineffective for not filing ineffective assistance on trial counsel and for not filing an **Anders** brief claiming that Movant had no viable issues. See Motion to Title 28 U.S.C. § 2255 to vacate sentence, filed October 1, 2004, Argument J.

Wherefore, because trial counsel failed to object to, and Appellate Counsel failed to file an appeal to, the information filed by the United States Attorney, Movant now asserts Ineffective Assistance of Counsel.

7

## CONCLUSION

Petitioner notes that his constitutional rights have been violated and that he is not the most adroit person in law. Yet, Petitioner is positive that the Scale of Justice will be weighed, giving the Petitioner the chance at life, liberty, and the pursuit of happiness in less than the time that was originally given.

WHEREFORE, for the above stated reasons, movant prays that this Honorable Court will grant his MOTION to vacate sentence.

Respectfully submitted,

Todd Davender
Movant-Petitioner, Pro Se
Reg. No. 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado   81226

## CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of this fore-going instrument has been mailed postage prepaid on this _13th_ day of December by depositing same in the legal mail box at U.S.P. Florence, Colorado. To the following:

Peter D. Markle
Assistant United States Attorney
Federal Bar No. ct 05098
157 Church Street
New Haven, Ct  06510

Office of the Clerk
U.S. Courthouse
915 Lafayette Blvd.
Bridgport, Ct  06604

Date: _December 13th_, 2005

Todd Davender
Movant-Petitioner, Pro Se