"Exhibit 1"

# COUNTY COURT OF THE STATE OF NEW YORK
## COUNTY WESTCHESTER

## SENTENCE AND COMMITMENT

THE PEOPLE OF THE STATE OF NEW YORK
VS

INDICTMENT NO. **1509-93**

TODD L. NALLEY

SUPERIOR COURT INFO. NO.

aka TODD DAVENDER

DATE **November 30, 1995**

PRESENT
HONORABLE **J. EMMETT MURPHY**

THE ABOVE-NAMED DEFENDANT HAVING BEEN

[X] CONVICTED OF THE CRIME OF    Red. Count 1 – CRIMINAL POSSESSION CONTROLLED SUBSTANCE 3°

PL 220.16

[ ] FOUND TO BE YOUTHFUL OFFENDER FOR THE CRIMINAL ACT OF

UNDER THE ABOVE-DESIGNATED INDICTMENT, IT IS ORDERED, THAT THE SAID DEFENDANT BE AND HEREBY IS SENTENCED TO

[X] AN INDETERMINATE TERM OF IMPRISONMENT WHICH SHALL HAVE A MAXIMUM TERM OF    **Six**    YEARS.
AND A MINIMUM TERM OF ____**Two**____ YEARS.

    [ ] AS A SECOND FELONY OFFENDER
    [ ] AS A PERSISTENT FELONY OFFENDER
[ ] OTHER *(SEE BELOW)*    [ ] PROBATION _____ YEARS    [ ] LICENSE REVOKED
[ ] A DEFINITE TERM OF IMPRISONMENT WHICH SHALL HAVE A TERM OF
[ ] A FINE OF _____ DOLLARS
[X] MANDATORY SURCHARGE $    150.00        [X] VICTIMS ASSISTANCE FEE $    5.00

AND THAT THE SENTENCE HEREIN SHALL RUN

[ ] CONCURRENTLY    WITH THE    [ ] SENTENCE
[ ] CONSECUTIVELY        [ ] UNDISCHARGED PORTION OF THE TERM OF IMPRISONMENT
IMPOSED ON THE DEFENDANT UNDER THE CONVICTION UPON THE INDICTMENT NUMBERED

[X] ALSO COVERS    POTENTIAL BAIL JUMP
[ ] WHEREIN THE DEFENDANT IS IN CUSTODY
[ ] WHEREIN THE DEFENDANT IS NOT IN CUSTODY

AND THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE

[X] DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK UNTIL RELEASED IN ACCORDANCE WITH THE LAW, AND
    [X] BEING A MALE PERSON TWENTY-ONE YEARS OLD OR OLDER THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY IS DIRECTED
    TO DELIVER HIM TO THE DOWNSTATE CORRECTIONAL FACILITY LOCATED AT FISHKILL, NEW YORK.
    [ ] BEING A MALE MORE THAN SIXTEEN AND LESS THAN TWENTY-ONE YEARS OLD, THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC
    SAFETY IS DIRECTED TO DELIVER HIM TO THE DOWNSTATE CORRECTIONAL FACILITY LOCATED AT FISHKILL, NEW YORK.
    [ ] BEING A FEMALE PERSON, THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY IS DIRECTED TO DELIVER HER TO THE BEDFORD
    HILLS CORRECTIONAL FACILITY LOCATED AT BEDFORD HILLS, NEW YORK.
[ ] DEPARTMENT OF CORRECTION OF THE COUNTY OF WESTCHESTER UNTIL RELEASED IN ACCORDANCE WITH THE LAW.
[X] TO THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES: PURSUANT TO SECTION 60.35 OF THE PENAL LAW OF THE STATE OF NEW
YORK, A MANDATORY SURCHARGE AND VICTIMS ASSISTANCE FEE IN THE AMOUNT OF $    155.00    HAS BEEN IMPOSED.
YOU ARE HEREBY NOTIFIED THAT THE DEFENDANT HAS FAILED TO PAY THIS AMOUNT AS OF THE DATE OF THIS SENTENCE.

REMARKS

DEFENDANT'S ADDRESS:    West 78 Hamilton Street, New Haven, CT #708    DOB: 6/24/69

A TRUE EXTRACT FROM THE MINUTES

LEONARD N. SPANO
COUNTY CLERK

DATE

SIGNATURE

CERTIFIED
JAIL TIME
CREDIT

MAY 17 2001

SIGNATURE

**COUNTY CLERK**

TITLE

TITLE

```
9/13/01        9RCL008         CRIME AND SENTENCE INFO    *RCLASS* PAGE  1 OF  1
AME NALLEY, TODD L                                        DATE RECEIVED 12/19/1995
OB  06/24/1969        DIN 95A8717        NYSID 7428138N        FBI 107027NAS
EGISTERED N  RISK.LVL    REG.EXP.DT
EX.OFFENDER: IO    NO QUAL. CRIME PRIOR   WARRANTS N  VNF N  CMC N
NA         DOCS ACTION            NO QUAL. CRIME OTHER    NO QUAL. CRIME
RIT DATE PH DATE/TYPE PH RLSE DTE   PE DATE   TAC DTE/TYPE  CR DATE    ME DATE
 /  /    09/1997 APOD 05/02/1997 05/02/1997 01/1999 INIT 05/02/1999 05/02/2001
TT N CRIME 2018 CRIM POSS CONTR SUBSTANCE 3RD   CLS B    TYPE N FIRST  CCCS
  .MIN TERM 02 00 00   MAX TERM 06 00 00  PRS TERM              CTS 001   JAIL 0226
OUNTY 59 WESTCHESTER   COURT COUNTY.   JUDGE J EMMETT MURPHY INDICT NO 1509/93
OMMIT 05 14 93    ARREST 05 14 93      CONV P PLEA
ATE   CRIME LOC GREENBURGH,NY  COURT NO 16385407P   ARREST AGY NYSP   SENT 11 30 95

TT  CRIME
  MIN TERM            MAX TERM              CLS     TYPE          CCCS
OUNTY                 COURT                PRS TERM        CTS      JAIL
OMMIT                 ARREST               JUDGE           INDICT NO
ATE   CRIME LOC                            CONV                    SENT
                      COURT NO                       ARREST AGY

AIL TIME USED IN DATE COMP  0226


_IAS(ES) (LAST, FIRST, MIDDLE)  NALLEY          TODD      LEVON

ARRANT NO. (              )
XPL. OF DET/PEND. CHRGS/ _
ARRANTS (INCL JURISDIC.) _
```

REMARKS SECTION (DESCRIPTION OF CRIMINAL ACT, ACT ATTRIBUTED TO, ETC.)
DEF WHILE BEING STOPPED FOR A TRAFFIC OFFENSE WAS FOUND TO BE IN POSSESSION>  *
OF A QUANTITY OF MARIJUANA AND COCAINE
MS $150
CVF $5                                                                    >
ALSO COVERS POTENTIAL BAIL JUMP                                           >
                                                                         >
                                                                         >
                                                                         >

                    ACCOMPLICES/CO-DEFENDANTS
                                                                    ACC/CO
                                                                     >
                                                                     >
                                                                     >

        INFORMATION CONCERNING PRIOR FELONY AND MISDEMEANOR OFFENSES

LONY ARRESTS 02  CONVICTIONS 01  FELONY ARRESTS WITHOUT CLEAR DISPOSITION 00

ST SERIOUS PRIOR:
     ARREST (   )     CONVICTION (   )   JUVENILE DELINQUENT (    )
       ADJUDICATED YOUTHFUL OFFENDER (   )   JUVENILE OFFENDER (    )
  TYPE OF SENTENCE:
       PROBATION (   )   LOCAL JAIL (   )   STATE/FEDERAL PRISON (    )
       DFY (   )   LOCAL JAIL AND PROBATION (   )   OTHER (    )
    DATE    CRIME                              ATT  MIN TERM    MAX TERM
           NONE    NONE

SDEMEANOR ARRESTS (   ) CONVICTIONS (   )
IER PRIOR DISPOSITIONS:  PROBATION (   ) LOCAL JAIL (   ) STATE PRISON (   )

T:   IRC(1), GUIDANCE & COUNSELING UNIT (1), INST PAROLE (2)

Citation                    Search Result              Rank 7 of 13         Database
NY PENAL S 220.16                                                           NY-STANN95
McKinney's Penal Law § 220.16

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
PENAL LAW
CHAPTER 40 OF THE CONSOLIDATED LAWS
PART THREE--SPECIFIC OFFENSES
TITLE M--OFFENSES AGAINST PUBLIC HEALTH AND MORALS
ARTICLE 220--CONTROLLED SUBSTANCES OFFENSES
Copr. © West 1994, 1995. All rights reserved.

§ 220.16 Criminal possession of a controlled substance in the third degree

A person is guilty of criminal possession of a controlled substance in the
third degree when he knowingly and unlawfully possesses:
1. a narcotic drug with intent to sell it;  or
2. a stimulant, hallucinogen, hallucinogenic substance, or lysergic acid
diethylamide, with intent to sell it and has previously been convicted of an
offense defined in article two hundred twenty or the attempt or conspiracy to
commit any such offense;  or
3. one gram or more of a stimulant with intent to sell it;  or
4. one milligram or more of lysergic acid diethylamide with intent to sell it;
or
5. twenty-five milligrams or more of a hallucinogen with intent to sell it;  or
6. one gram or more of a haullcinogenic substance with intent to sell it;  or
7. one or more preparations, compounds, mixtures or substances of an aggregate
weight of one-eighth ounce or more containing methamphetamine, its salts,
isomers or salts of isomers with intent to sell it;  or
8. five grams or more of a stimulant;  or
9. five milligrams or more of lysergic acid diethylamide;  or
10. one hundred twenty-five milligrams of a hallucinogen;  or
11. five grams or more of a hallucinogenic substance;  or
12. one or more preparations, compounds, mixtures or substances of an aggregate
weight of one-half ounce or more containing a narcotic drug.
13.  one thousand two hundred fifty milligrams or more of phencyclidine.
Criminal possession of a controlled substance in the third degree is a class B
felony.

1989 Main Volume Credit(s)

(Added L.1973, c. 276, § 19;  amended L.1973, c. 1051 § 10;  L.1979, c. 410, §
13;  L.1985, c. 341, § 5.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

1989 Main Volume Historical and Statutory Notes

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

SEP.17.2001   4:29PM    NO.794   P.2

Westchester County District Attorney's Office

| Defendant | | Rel. Case # | Branch | Status | | | Off Type | Ind/SCI # | Ind/SCI Date | Docket # |
|---|---|---|---|---|---|---|---|---|---|---|
| ise # X320304 | 10/19/1993 | | | Open Branch SCGR | | Case Type NARCOTICS | | | | |
| | X1056322 | | SCGR | Closed | Sealed | No | OT | 193-1509-02 | 10/28/1993 | |

'ime Date  05/14/1993                    Arrest Info

'ime Location 0                              0

. NY                                              . NY

              'GREENBURGH                    P.D.                00:00

| iradiction | Proceeding | Action | Adjournment | All file date | Branch | ADA | Judge | Appea | Dismissed Reason |
|---|---|---|---|---|---|---|---|---|---|
| ate | | | | | | | | | |
| 7/30/1995 | SENTENCING | COMPLETED | | | SCGR | MOORE P | MURPHY J | | |
| 1/28/1995 | ALL PURPOSE | COMPLETED | | | SCGR | MOORE P | MURPHY J | | |
| 5/12/1995 | ALL PURPOSE | ADJOURN | OT ADJOURN REASON | | SCGR | LEVITT D | MURPHY J | | |
| 3/12/1995 | ALL PURPOSE | NOT COMPLETE | | | SCGR | WARD T | MURPHY J | | |
| 2/08/1993 | SUP COURT ARRAIGN | COMPLETED | | | SCGR | DADDARIO M | MURPHY | | |
| 11/12/1993 | COURT FILING | INDICTMENT FILED | | | GJGR | GERBER H | CAREY J | | |
| 10/28/1993 | GR JURY PRESENT | GRAND JURY INDICT | | | GJGR | GEORGE J | NOJ | | |

| eunl | Charge | Dispo Dat | Disposition | | Dispo Charge | | Appea | Dismissed Reason |
|---|---|---|---|---|---|---|---|---|
| 1 | CPCS-2ND;2 OZ NARCOTIC; AF3 | 10/26/1995 | GUILTY PLEA 220.16.01 CRIM POSS NARCO DRUG 1 | | | AF3 | | |
| 3 | DRIVE/PASS-W/O PRNT-8 | 10/26/1995 | SATISFY OTHER CHARGE | | | | | |
| 4 | | 10/26/1995 | SATISFY OTHER CHARGE | | | | | |
| 5 | EQUIP VIO;OBSTRUCTED   010 | 10/26/1995 | SATISFY OTHER CHARGE | | | | | |

| eunl | Charge | Length | Description | Fine | Condition | Stenog |
|---|---|---|---|---|---|---|
| Sentenced | Sentence | | | | | |
| 1 | 11/30/1995 | STATE PRIS (IMPRS STATE INDETERMINATE) | 2Y-6Y | | | BRESHIN H |



# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department
### Request For Appellate Division Intervention - Criminal Cases

1509/93

**Instructions:** Use a separate copy of this form for each judgment, sentence or order appealed from. Multiple convictions under different accusatory instruments, even if the judgments were rendered in the same court on the same day, require the completion of separate copies of this form. Please type or print and answer all questions. Attach a copy of the notice of appeal. If the appeal is from an order, attach a copy. If the appeal is from a judgment or sentence, attach a copy of the commitment order or an extract of the clerk's minutes.

| Case Title: | For Appellate Division Use Only |
|---|---|
| The People of the State of New York, vs. Todd Valley | Case No.: <br><br> File Opened: |

**Appellate Division Status:** Place a ✓ in the appropriate box to indicate the Appellate Division status of the parties.

Plaintiff □ Appellant □ Respondent
Defendant □ Appellant □ Respondent

**Type of Crime:** If this is an appeal from a judgment of conviction, a sentence or an order granting or denying post-conviction relief, place a ✓ mark in up to five of the following boxes to indicate the type of crime or crimes of which the defendant was convicted. If the conviction was for more than five crimes, check the five most serious charges. Check the ○ to indicate that the conviction was for the substantive crime and check the □ to indicate that the conviction was for an attempt to commit that crime. In the event that the precise crime of which the defendant was convicted does not appear on the following list, check the box comparable to the article of the Penal Law in which the substantive crime is set forth. If this is an appeal by the People from an interlocutory order, check up to five boxes to indicate the crimes of which the defendant has been charged.

○ = Substantive Crime    □ = Attempt to Commit Crime

| | | | |
|---|---|---|---|
| ○ □ 1 Arson | ○ □ 18 False Written Statements, Offenses Involving | ○ □ 35 Marital Relationship, Offenses Affecting |
| ○ □ 2 Assault & Related Offenses | ○ □ 19 Firearms & Dangerous Weapons, Possession | ○ □ 36 Motor Vehicle, Operating Under Influence |
| ○ □ 3 Bribery, Not Public Servant & Related Offenses | ○ □ 20 Firearms & Dangerous Weapons, Use | ○ □ 37 Motor Vehicle, Other |
| ○ □ 4 Bribery, Public Servants & Related Offenses | ○ □ 21 Firearms & Dangerous Weapons, Other | ○ □ 38 Obscenity & Related Offenses |
| ○ □ 5 Burglary & Related Offenses | ○ □ 22 Forgery & Related Offenses | ○ □ 39 Offenses Relating to Judicial & Other Proceedings |
| ○ □ 6 Children & Incompetents, Offenses Affecting | ○ □ 23 Frauds on Creditors | ○ □ 40 Official Misconduct, Obstruction of Public Servants |
| ○ □ 7 Computer Offenses | ○ □ 24 Frauds, Other | ○ □ 41 Perjury & Related Offenses |
| ○ □ 8 Conspiracy | ○ □ 25 Gambling Offenses | ○ □ 42 Privacy, Offenses Against |
| ○ □ 9 Controlled Substances, Possession | ○ □ 26 Homicide, Abortion | ○ □ 43 Prostitution Offenses |
| ○ □ 10 Controlled Substances, Sale | ○ □ 27 Homicide, Criminally Negligent | ○ □ 44 Public Order, Offenses Against |
| ○ □ 11 Controlled Substances, Other | ○ □ 28 Homicide, Manslaughter | ○ □ 45 Public Sensibilities, Offenses Against |
| ○ □ 12 Criminal Facilitation | ○ □ 29 Homicide, Murder | ○ □ 46 Robbery |
| ○ □ 13 Criminal Mischief & Related Offenses | ○ □ 30 Homicide, Vehicular Manslaughter | ○ □ 47 Sex Offenses, Rape |
| ○ □ 14 Criminal Possession of Stolen Property | ○ □ 31 Insurance Fraud | ○ □ 48 Sex Offenses, Sexual Abuse |
| ○ □ 15 Criminal Solicitation | ○ □ 32 Kidnapping, Coercion & Related Offenses | ○ □ 49 Sex Offenses, Sodomy |
| ○ □ 16 Enterprise Corruption | ○ □ 33 Larceny | ○ □ 50 Theft Offenses, Other |
| ○ □ 17 Escape & Offenses Relating to Custody | ○ □ 34 Marihuana Offenses | ○ □ 51 Other |

**Original Court Information.** (Use another Form D for additional appeals):

**Appeal From** (Check one only): ☑ Judgment □ Order □ Sentence □ Amended Judgment □ Amended Order □ Amended Sentence □ Resettled Order □ Decision □ Other (specify):

| Dated or Rendered: Dec 30, 1993 | Indictment or Superior Court Information No.: 1509/93 |
|---|---|
| Court: County | County: Westchester |
| Stage: □ Interlocutory ☑ Final □ Post-Final | Judge (name in full): Barrett Murphy |
| Conviction: ☑ Plea of Guilty □ Jury Verdict □ Nonjury Trial □ Not Applicable | |

**Codefendants:** Were there any codefendants under this accusatory instrument? ☑ Yes □ No
Names of codefendants convicted under this accusatory instrument:

| Defendant Information (Please supply any available information): | NYSIS No.: 1439138-3 |
|---|---|
| Prisoner Identification No.: | FBI No.: |
| Address: 1339 Chapel St, New Haven CT | |

1

2   COUNTY COURT OF THE STATE OF NEW YORK

3   COUNTY OF WESTCHESTER          PART   JEM

4   -------------------------------------------X
                                             :
5   THE PEOPLE OF THE STATE OF NEW YORK,
                                             :  INDICTMENT
6                                               1509-93
                    -against-                :
7
    TODD NALLEY                              :
8                              Defendant.        PLEA
                                             :
9   -------------------------------------------X

10                        Courthouse
                          White Plains, New York
11                        October 26, 1995

12  BEFORE:
                          HON. J. EMMETT MURPHY
13                        Judge of the County Court

14
    APPEARANCES:
15
                          JEANINE FERRIS PIRRO, ESQ.
16                        District Attorney
                          111 Grove Street
17                        White Plains, New York
18                        BY: PATRICK MOORE, ADA.

19

20                        S. MARHOFFER, ESQ.
                          Attorney for Defendant

21

22                        Steven Sacripanti,
                          Senior Court Reporter

23

24

25

FILED
JUN 2 5 1996
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

1                              Proceedings                    2

2                THE CLERK:  People versus Todd Nalley.

3                MR. MOORE:  The People would move to reduce

4        the first count to criminal sale third degree, a

5        B felony.

6                MS. MARHOFFER:  Mr. Nalley authorizes me to

7        enter a plea of guilty to the reduced charge as

8        set forth by the plea.

9                THE COURT:  I had a conference with the

10       attorneys and I made a promise of two to six

11       which would cover the bail jumping.  Have you

12       had enough time to talk to your attorney about

13       that?

14               MS. MARHOFFER:  Yes, I have.

15               THE COURT:  Mr. Nalley, Ms. Marhoffer says

16       you want to plead guilty to the class B reduced

17       charge of class B felony, criminal possession of

18       a controlled substance third degree, in

19       anticipation of my sentencing you to two to six

20       years in state prison.  Is that what you want to

21       do?

22               THE DEFENDANT:  Yes, your Honor.

23               THE COURT:  Have you had enough time to talk

24       to her and are you satisfied you understand what

25       is going over here today?

1                          Proceedings                    3

2              THE DEFENDANT:  Yes.

3              THE COURT:  You're ready to answer some

4       questions under oath about your plea?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Raise your right hand.

7                   T O D D   N A L L E Y, having been first

8       duly sworn, was examined and testified as

9       follows:

10             THE COURT:  Tell me your true name?

11             THE DEFENDANT:  Todd Nalley.

12             THE COURT:  What is your last name?

13             THE DEFENDANT:  Nalley a/k/a Dabender.

14             THE COURT:  What is your true name,

15      Dabender?

16             THE DEFENDANT:  D-A-B-E-N-D-E-R.

17             THE COURT:  What is your date of birth?

18             THE DEFENDANT:  6-24-69.

19             THE COURT:  How old are you?

20             THE DEFENDANT:  26.

21             THE COURT:  What is your home address?

22             THE DEFENDANT:  178 Hamilton Street, New

23      Haven, Connecticut.

24             THE COURT:  Listen carefully to the

25      questions Mr. Moore asks you.  Answer them

```
 1                        Proceedings              4
 2          truthfully because you're under oath.  Answer
 3          with a word like yes or no, not ah-hah or
 4          nodding.  Understood?
 5                    THE DEFENDANT:  Yes.
 6     VOIR DIRE EXAMINATION
 7     BY MR. MOORE:
 8          Q.    Are you Todd Nalley also known as Todd
 9     Dabender?
10          A.    Yes.
11          Q.    Are you represented by Ms. Marhoffer?
12          A.    Yes.
13          Q.    Did you hear your attorney's application to
14     the Court to plead guilty to the reduced first count of
15     the indictment number 93-1509, which is criminal
16     possession of a controlled substance third degree, in
17     full satisfaction of all the charges in the indictment
18     and potential bail jumping?
19          A.    Yes, sir.
20          Q.    Is that also your application?
21          A.    Yes, sir.
22          Q.    How old are you?
23          A.    26.
24          Q.    Do you have any problem understanding the
25     English language?
```

```
 1                          Proceedings                    5

 2        A.        No, sir.

 3        Q.        Do you understand you have an absolute

 4   right to remain silent in the face of the charges

 5   against you and that by entering a plea of guilty

 6   you're giving up that right and incriminating yourself?

 7        A.        Yes, sir.

 8        Q.        Have you discussed this matter with your

 9   attorney?

10        A.        Yes.

11        Q.        Have you had enough time to talk to your

12   attorney and make a decision?

13        A.        Yes, sir.

14        Q.        Are you satisfied with the representation

15   given to you by your attorney?

16        A.        Yes, sir.

17        Q.        Have you consumed any alcoholic beverages,

18   any medication or any other drugs today?

19        A.        No, sir.

20        Q.        Do you understand you have a right to a

21   trial by a jury or by the court sitting alone with

22   respect to these charges?

23        A.        Yes.

24        Q.        Do you understand at such a trial the

25   People have to prove every element of the crime beyond
```

1                    Proceedings                    6

2    a reasonable doubt to secure a conviction of that

3    crime?

4        A.    Yes, sir.

5        Q.    Do you understand that at such a trial you

6    would have the right to confront the People's witnesses

7    and cross examine them through your attorney?

8        A.    Yes, sir.

9        Q.    Do you understand that at such a trial you

10   would have a right to present witnesses on your own

11   behalf and you can testify, if you wish?

12       A.    Yes.

13       Q.    Do you understand that by your plea of

14   guilty you waive, that is, give up all those rights

15   that I have just mentioned?

16       A.    Yes, sir.

17       Q.    Do you understand that your plea of guilty

18   is a conviction, just as if you had gone to trial and

19   been found guilty of criminal possession of a

20   controlled substance third degree?

21       A.    Yes.

22       Q.    Has anyone threatened coerced or forced you

23   in any way to plead guilty?

24       A.    No.

25       Q.    Are you entering this plea of guilty freely

1                          Proceedings                          7

2    and voluntarily?

3        A.      Yes.

4        Q.      Are you pleading guilty because you are

5    guilty?

6        A.      Yes.

7        Q.      Do you understand that you're pleading

8    guilty to a class B felony for which the maximum

9    sentence is 25 years in state prison?

10       A.      Yes, sir.

11       Q.      Do you understand that if you're again

12   convicted of a felony, your plea today may subject you

13   to greater sentence than if you had not been so

14   convicted?

15       A.      Yes, sir.

16       Q.      Do you understand that based upon your plea

17   here today, the Court at the time of sentence will

18   suspend your driver's license or privilege to drive in

19   the State of New York because of your plea?

20       A.      Yes, sir.

21       Q.      The Court has had a conference with the

22   People and your counsel.  The Court has put its

23   sentence position on the record.  Do you understand

24   that sentence position?

25       A.      Yes.

1                          Proceedings                    8

2          Q.      Do you understand that if the Court feels

3    it cannot comply with the sentence commitment, you will

4    be given a chance to withdraw your plea, if you wish?

5          A.      Yes, sir.

6          Q.      Other than the Court's intention on

7    sentence, has anyone made any promise or representation

8    to you in order to get you to plead guilty?

9          A.      No, sir.

10         Q.      Do you understand that you would have a

11   right a appeal your conviction and sentence to the

12   Appellate Division, Second Department by the filing of

13   a notice of appeal unless you waive your right to do

14   so?

15         A.      Yes, sir.

16         Q.      Do you further understand that if you wish

17   to enter this plea agreement, you will be required to

18   waive this right to appeal your conviction and

19   sentence?

20         A.      Yes, sir.

21         Q.      Have you discussed this particular matter

22   with your attorney?

23         A.      Yes, sir.

24         Q.      In consideration of this negotiated plea,

25   do you now voluntarily waive your right to appeal your

SEP-18-2001 U.S. Department P.18/20
914 390 4055

1                           Proceedings                      9

2    conviction and sentence under this indictment?

3         A.      Yes, sir.

4         Q.      In further consideration of this negotiated

5    plea, do you now withdraw all motions made by you

6    whether pending or decided?

7         A.      Yes.

8              MS. MARHOFFER:  There are none.

9       *Q.      Do you understand your statements here

10   today may be used against you in other judicial

11   proceedings?

12        A.      Yes.

13        Q.      Do you now plead guilty to criminal

14   possession of a controlled substance third degree?

15        A.      Yes, sir.

16        Q.      Do you now admit that in the Town of

17   Greenburgh, County of Westchester, State of New York,

18   on or about May 14, 1993, while aiding, abetting and

19   acting in concert with Warren Lauri (Ph.) you did

20   knowingly and unlawfully possess one or more

21   preparations compounds, mixtures and substances of an

22   aggregate weight of one-half ounce or more containing a

23   narcotic drug, and that narcotic drug was cocaine, and

24   that you knew it was greater than one-half of an ounce?

25        A.      Yes, sir.

Proceedings

10

2    Q.    Do you understand everything that has been
3    said here today?

4    A.    Yes.

5    Q.    Do you have any questions for me?

6    A.    Yes, sir.

7    Q.    What is the question?

8    A.    The time when I waived my extradition,
9    would that time count to be credited towards the time?

10    MR. MOORE:  I'm not aware.  I won't be able
11    to answer that question.

12    THE COURT:  I'm not sure myself.  They'll
13    computed your time.  Whatever it is, they'll do
14    it according to the law.

15    THE DEFENDANT:  When will I know that?

16    THE COURT:  As soon as you get to the
17    facility where you're headed, they'll give you a
18    computation.

19    THE DEFENDANT:  All right.

20    Q.    Anything else?

21    A.    No, sir.

22    MR. MOORE:  In light of the voir dire, the
23    People will recommend the Court accept the plea.

24    THE COURT:  I'll accept it and put it on for
25    November 30th for sentence, and order a

1                              Proceedings                        11

2        presentence report.

3                                  oOo

4                    CERTIFIED TO BE A TRUE AND CORRECT
                     TRANSCRIPT OF MINUTES IN THIS CASE
5

6                    _____
                     Steven Sacripanti,
7                    Senior Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                                                        1

 2    COUNTY COURT OF THE STATE OF NEW YORK

 3    COUNTY OF WESTCHESTER          PART  JEM

 4    -------------------------------------X
                                          :
 5    THE PEOPLE OF THE STATE OF NEW YORK,
                                          :   INDICTMENT
 6                 -against-                   # 1509/93
                                          :   SENTENCE
 7    TODD L. NALLEY,
                                          :
 8                        Defendant.
                                          :
 9    -------------------------------------X

10                        Westchester County Courthouse
                          111 Grove Street
11                        White Plains, New York
                          November 30, 1995
12
      BEFORE:
13
                   HON. J. EMMETT MURPHY,
14                 Judge of the County Court

15    APPEARANCES:

16                 JEANINE PIRRO, ESQ.
                   District Attorney
17                 111 Grove Street
                   White Plains, New York
18                 BY: PATRICK MOORE, ESQ.

19                 SUSAN MARHOFFER, ESQ.
                   Attorney for Defendant
20

21

22    FILED                  HOWARD BRESHIN,
                              SENIOR COURT REPORTER
23        JUN 2 6 1996

24    LEONARD N. SPANO
         COUNTY CLERK
         COUNTY OF WESTCHESTER
25
```

1                    Proceedings                    2

2          THE CLERK:  The People against Todd Nalley.

3     The matter is on for sentence.

4          MS. MARHOFFER:  Susan Marhoffer,

5     M-A-R-H-O-F-F-E-R, 344 Main Street, Mount Kisco.

6          THE COURT:  Good morning, Ms. Marhoffer.

7          MS. MARHOFFER:  Good morning.

8          THE COURT:  The defendant pled guilty on

9     October 26th to a Class B felony, Criminal

10    Possession of a Controlled Substance Third

11    Degree.  The People reduced it to that and it

12    was all done in anticipation of a sentence of

13    two to six years in state prison.

14         We have ordered and received a pre-sentence

15    report.  You and I have reviewed and conferred

16    on it.  Is there any legal reason why sentence

17    ought not now be imposed, Ms. Marhoffer?

18         MS. MARHOFFER:  None that I am aware of.

19         THE COURT:  I am prepared to abide by the

20    indicated conference.  Anything to say before

21    sentence?

22         MS. MARHOFFER:  I have nothing, your Honor.

23         THE COURT:  Mr. Nalley, anything to say

24    before sentence?

25         THE DEFENDANT:  Yes, I do have something to

Proceedings    3

1

2    say.

3    THE COURT:  Go ahead.

4    THE DEFENDANT:  I was told that I was better

5    off taking a two to six, because if I tried to

6    file any motions, that the offer would be taken

7    away and it would go up, so I felt that was the

8    reason for me to take the two to six, because I

9    do have grounds that I feel I can challenge this

10    District Attorney and the People of the County.

11    Like I told you before, I signed a waiver of

12    extradition and I've been to court seven times.

13    I kept telling my lawyer that.  Nobody wants to

14    hear me.  No motions filed, nothing.

15    THE COURT:  Okay.  Well, you did, on the

16    other hand, waive all your rights to do that.

17    You made a decision.  A change of mind isn't

18    grounds for a change of plea.

19    THE DEFENDANT:  I don't wish to change the

20    plea.  I just wished -- I don't want to go to

21    trial.  I will keep the plea, but I do want

22    somebody to hear -- I had no hearing or nothing.

23    THE COURT:  I understand that, but there is

24    a price to be paid for that.  You know, what you

25    are charged with deserves more than what you got

SEP-08-2005   15:21   U.S. PROBATION W.P.                    914 390 4055   P.07/20

1          Proceedings                    4

2     if you are guilty of it, and you go to trial and

3     you are found guilty of it, you wouldn't be

4     entitled to the reduced charge, and they would

5     also hit you with a bail jumping as well.

6          You might have a defense to those things.

7     You might knock the ball right out of the park.

8     On the other hand, if you get tagged, you are

9     looking at very substantial more than what you

10    are looking at now.

11         You can't have it both ways.  What you want

12    to do is keep your plea and see if you can knock

13    it out but make sure you keep the reduced

14    sentence indication and that the bail jumping is

15    covered.

16         You are looking for a better deal than what

17    was offered to you.  You are looking for a

18    better deal than what is available to you, and

19    as I say, a change of mind isn't grounds for a

20    change of plea.

21         Anything else?

22         THE DEFENDANT:  No.

23         THE COURT:  Sentence is to state prison for

24    not less than two years, maximum of six years.

25    A $155.00 surcharge is imposed.  Your privilege

1                    Proceedings              5

2      to drive in New York is suspended for at least

3      six months.  Make sure you don't get behind a

4      wheel of a car during that period, and before

5      you drive, check with the Department of Motor

6      Vehicles and make sure they will list your

7      suspension as terminated, because it becomes a

8      crime and a violation of parole.

9          MS. MARHOFFER:  He is not a New York

10     resident, he is a State of Connecticut resident.

11         THE COURT:  Regardless of that, I understand

12     what you are saying, but regardless of that, the

13     same rules apply.  It is a privilege to drive in

14     New York and that is suspended.

15         MS. MARHOFFER:  Very good.

16         THE COURT:  It is a crime to drive in New

17     York.

18         You have thirty days to appeal, ninety days

19     to perfect your appeal.  If you can't afford a

20     lawyer, we will assign one to represent you for

21     the purpose of appeal.  Ms. Marhoffer remains

22     your attorney for the purpose of this discussing

23     the possibility of appeal.

24         Your privilege to drive in New York is not

25     suspended.  This was a bail jumping that we are

1                    Proceedings                        6

2      talking about, it was because you were absent

3      for some time.  This is before they changed the

4      law and made that one of the penalties.  Your

5      license is not suspended.

6                    CERTIFIED TO BE A TRUE AND CORRECT
7                    TRANSCRIPT OF MINUTES IN THIS CASE.

8

9              HOWARD BRESHIN
               SENIOR COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25