Origi.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

FILED

2006 MAY 17 P 6: 14    2006 MAY 12 P 3: 44

U.S. DISTRICT COURT    U.S. DISTRICT COURT

TODD DAVENDER.,                  ))
      Petitioner                ))

                    ))

                    ))

                    ))

                    ))

Vs.                              ))      Criminal Case No: 3:00-CR-44(JCH)
                    ))      Civil Case No:    3:04-CV-1667(JCH)

                    ))

                    ))

                    ))

UNITED STATES OF AMERICA.,       ))
      Respondants               ))

# AMENDED SUPPORTING MEMORANDUM PURSUANT

# TO TITLE 28 U.S.C. § 2255, IN CIVIL

## ACTION NUMBER 3:04-CV-1667(JCH)

TODD DAVENDER              ****      U.S. ATTORNEYS OFFICE
#13960-014                          DEPT. OF JUSTICE
U.S.P. Florence           ****      157 Church Street
P.O. Box #7000                      P.O. Box #1824
Florence, Colorado        ****      23rd Floor
        81226                  New Haven, Connecticut
              ****                      06508

TODD DAVENDER.,
       Petitioner


Vs.                                        Civil Case No: 3:04-CV-1667(JCH)



UNITED STATES OF AMERICA.,
       Respondant


## CERTIFICATE OF INTERESTED PERSONS

( 1 )- United States District Court Judge Janet C. Hall,
       District Of Connecticut


( 2 )- Office Of The United States Attorney,
       District Of Connecticut


( 3 )- Todd Davender
       #13960-014
       U.S.P. Florence
       P.O. Box #7000
       Florence, Colorado 81226


I, Todd davender, Hereby Certify That The Above List Constitutes
A Complete List Of Interested Persons To This Action For Relief
As This Document Describes In The Federal Rules Of This Circuit
Court Of Appeals For The Second Circuit


( 2 )

# TABLE OF CONTENTS

PAGE NO:

Brief Identification                               Pre-Face

Certificate Of Interested Persons                  ( 2 )

Table Of Contents                                  ( 3 )

Table Of Citations And Authorities                 ( 4 )

Statement Of Jurisdiction                          ( 7 )

Statement Of The Issues                            ( 8 )

Case History                                       ( 8 )

ISSUE ( ONE )                                      ( 12 )

AMEMDED PETITION ___ The Conviction Pursuant To
                     Title 21 U.S.C. 841, Is Itself
                     Unconstitutional As It Is Applied
                     To The Petitioner Todd Davender.


Certificate Of Service                             ( 22 )

## TABLE OF CITATIONS AND AUTHORITIES

RULE 15(a), F.R.CIV.P

TITLE 18 U.S.C. 2119

TITLE 18 U.S.C. 3231

TITLE 18 U.S.C. 3742

TITLE 21 U.S.C. 841

TITLE 21 U.S.C. 841(b)(1)(A)(ii)(II)

TITLE 21 U.S.C. 846

TITLE 28 U.S.C. 2255

==========================================================================

ALASKA AIRLINES V. BROCK, 480 U.S. 678, 684 (1987)

APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)

BOARD OF NATURAL RESOURCES V. BROWN, 992 F.2d 937, 948 (9th Cir. 1993)

COMMODITY FUTURES TRADING COMM'N V. SCHOR, 478 U.S., 833, 841 (1986)

JONES V. UNITED STATES, 526 U.S. 227, 242-52 (1999)

McMILLAN V. PENNSYLVANIA, 477 U.S. 79 (1986)

UNITED STATES V. BATCHELDER, 442 U.S. 114, 124 (1979)

UNITED STATES V. BROUGH, 243 F.3d 1078, 1080, (7th Cir. 2001)

UNITED STATES V. BUCKLAND, 259 F.3d 1157, (9th Cir. 2000)

UNITED STATES V. CAMPUZANO, 905 F.2d 667, 679 (2nd. Cir. 1990)

UNITED STATES V. CANDELARIO, 240 F.3d 1300, 1311 n.16 (11th Cir.2001)
Cert. Denied. 121 S.ct 2535 (2001)

UNITED STATES V. CERNOBYL, 255 F.3d 1215, (10th Cir. 2001)

UNITED STATES V. CROSS, 916 F.2d 622, 623, (11th Cir. 1990)

UNITED STATES V. EVANS, 333 U.S. 438, 486 (1948)

UNITED STATES V. GIBBS, 813 F.2d 596 (3rd Cir. 1987)

UNITED STATES V. HESTER, 199 F.3d 1287, 1291-92, (11th Cir. 2000)

UNITED STATES V. JONES, 194 F.3d 1178 (10th Cir. 1999)

UNITED STATES V. LEVY, 904 F.3d 1026, 1033-34 (6th Cir. 1990)

( 5 )

UNITED STATES V. LINDIA, 82 F.3d 1154, 1160-61 (1st Cir. 1996)

UNITED STATES V. MORGAN, 835 F.2d 79, 81, (5th Cir. 1987)

UNITED STATES V. NORDBY, 225 F.3d 1053, (9th Cir. 2000)

UNITED STATES V. PARKER, 30 F.2d 542-554 (4th Cir. 1994)

UNITED STATES V. PEREZ, 960 F.2d 1569, 1574-76 (11th Cir. 1992)

UNITED STATES V. ROGERS, 228 F.3d 1318 (11th Cir. 2000)

UNITED STATES V. SOTELO-RIVERA, 931 F.2d 1317, 1319 (9th Cir. 1991)

UNITED STATES V. WILLIAMS, 876 F.2d 1521, 1524-25 (11th Cir. 1989)

UNITED STATES V. WOOD, 834 F.2d 1382, (8th Cir. 1987)

## STATEMENT OF JURISDICTION

The Petitioner Todd Davender, Presently Is A Federal Prisoner Who
Is Confined Within The Federal Bureau Of Prisons As A Result Of An
Unconstitutionally Imposed Conviction Out Of The United States Dis-
-trict Court For The District Of Connecticut, On Or About January 25,
2002.

This United States District Court Has Federal Jurisdiction Over This
Cause Pursuant To **Title 18 3231**, As Well, This Is The Petitioners
Sentencing Court --- Pursuant To **Title 28 U.S.C. 2255,** The Petitioner
Seeks **Title 2255,** Relief As A Constitutional Right Pursuant To The
Statute.

Federal Jurisdiction Is Also Invoked Under **Titles 18 U.S.C., Code
Section 3742,** Which Allows A Defendant To Appeal A Sentence Thats
Imposed In Violation Of The Law's And Constitutional Treaties Of
The United States Of America Or As A Result Of An Incorrectly Impo-
-sed Conviction .

## STATEMENT OF THE ISSUES

PETITIONERS AMENDED

PETITION:

THE CONVICTION PURSUANT TO TITLE

21 U.S.C. 841, IS UNCONSTITUTIONAL

AS IT IS APPLIED TO THE PETITIONER

TODD DAVENDER.

## CASE HISTORY

( 1 )- On Or About Sept 7th, 2000, A Federal Grand Jury Sitting
In The District Of Connecticut, Returned A Federal Indict-
-ment Against The Petitioner Todd Davender, And Ten Listed
Co-Defendants, Charging Them With A Twelve Count Superseding
Federal Indictment.

( 2 )- Originally Todd Davender, Was Charged In Counts (1), (2),
(9) And (12), Of The Charged Indictment.

( 3 )- Count (One), Alleges That On Or About June 4th, 1999, Until
August 27th, 2000, That Todd Davender, And Several Others,
Did Knowingly And Intentionally Conspire To Possess With

( 8 )

Intent To Distributr 50-Grams Or MORE Of A Mixture, Contain-
-ing A Detectable Amount Of Cocaine Base, A Schedule II Con-
-trolled Substance, A Violation Of **Title 21 U.S.C., Section
841(a)(1),** All In Violation Of **Title 21 U.S.C. Section 846.**

( 4 )- Count (Two), Alleges That On Or About June 4th, 1999, Until
August 27th, 2000, That The Petitioner And Several Co-Def-
-endants Did Knowingly And Intentionally Conspire To Possess
With Intent To Distribute 5-Kilograms Or More Of A Mixture
Containing A Detectable Amount Of Cocaine, A Schedule II
Controlled Substance, A Violation Of **Title 21, Section 841
(a)(1),** All In Violation Of **Title 21 U.S.C., Section 846.**

( 5 )- Count (Nine), Alleges In The Governments Indictment That On
Or About August 15, 2000, In The District Of Connecticut,
That The Petitioner Todd Davender, And Theodore Smith, Did
Knowingly And Intentionally Attempt To Possess With Intent
To Distribute 500-Grams Or More Of A Mixture And Substance
Containing A Detectable Amount Of Cocaine, A Schedule II
Controlled Substance, In Violation Of **Title 21 U.S.C., Sect-
-ion 841 And 846.**

( 6 )- Count (Twelve), Alleges That On Or About August 27th, 2000,
In The District Of Connecticut, That Todd Davender, Theodore
Smith And Anita Morales, Did Knowingly And Intentionally
Attempt To Possess With Intent To Distribute 500-Grams Or
More Of A Mixture And Substance Containing A Detectable

( 9 )

Amount Of Cocaine, In Violation Of **Title 21 U.S.C., Section 841 And 846, Section 2.**

( 7 )-On Or About October 31, 2001, A Jury Began Sitting For Trial For The Petitioner But Was Continued Until November 1, 2001.

( 8 )-On Or About November 6, 2001, A Federal Jury Returned A Verd--ict Of Guilty Against Todd Davender.

( 9 )-On Or About January 25th, 2002, Sentencing Was Held For Todd Davender, And Federal Court Judgement Was Entered On January 29th, 2002, Whereby The Petitioner Todd Davender, Was Senten--ced On Counts ( 1 ), ( 2 ), ( 9 ) And ( 12 ), To 360-Months On Each Count To Run Concurrently.

( 10 )-On Or About January 30th, 2002, Todd Davender, Filed A Notice Of appeal To The Second Circuit Court Of Appeals.

( 11 )-The Petitioner Never Actually Filed A Direct Appeal So On Or About October 21st, 2003, The Petitioners Conviction Was Off--icially Affirmed.

( 12 )-On Or About October 1st, 2004, The Petitioner Filed A Motion Pursuant To **Title 28 U.S.C. 2255,** To Vacate His Conviction And On October 14th, 2004, The Court Ordered The Government To Respond.

( 13 )- On Or About November 2nd, 2004, The Petitioner Davender, Filed
To Amend And Then Filed A Motion For The appointment Of Coun-
-sel And also A Petition For Rehearing En Banc.


( 14 )- The Petitioner Todd Davender, Recently Filed A Petition To
So Advise The Court Of His Intent To Again Amend His Pet-
-ition To vacate Pursuant To **Title 28 U.S.C. 2255,** Filed
Here On: _____.


( 15 )- Comes, Now Todd Davender, To Now File That Aforementioned
Amended Petition Pursuant To **Rule 15(a) Of The Federal Rules
Of Civil Procedure** On This Date Of: _MAY 7, 2006_____.

AMENDED PETITION

ISSUE ONE

---

## THE CONVICTION PURSUANT TO THAT OF TITLE 21 U.S.C. 841, IS UNCONSTIT--UTIONAL AS IT IS APPLIED TO THE PETITIONER TODD DAVENDER.

---

The Petitioner Todd Davender, Now Files For Relief From A Jury Imposed Conviction And Ask That The Court Dismiss The Indictment Returned Against Him, And So Demands It On The Grounds That **21 U.S.C. 841**, Is Unconstitutional And In Support Thereof So States The Following. Todd Davender, Was Convicted On Four Counts Of The Governments Ind--ictment That Alleges Violations Of **Title 21 U.S.C. 841 And 846.** A Violation That Resulted In Federal Terms Of Imprisonment Of 360--Months On Each Count To Then Run Concurrently To Each Other --- All Counts, (1), (2), (9), And (12), Of The Indictment.

At Issue Is That For Many Years Prior To **APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000),** Various United States Circuit Court Of Appeals Have Held That **21 U.S.C. 841,** Set Out Sentencing Factors And Not Elements Of The Offense. The District Courts Dutifully Followed This Precedent. The Courts must Now Clearly Decide Whether, Given The Supreme Courts Decision In **APPRENDI** , Whether This Statutory Construction Of The Statute Is Still Correct, And, If So, Whether The Statutes Are Itself Constitutional.

As Presently In The case History Section Of This Brief, Todd Davender,

Was Charged, Indicted, Convicted And Sentenced On Four Counts Of The Governments Indictment, With All Counts Alleging Violations Of **Title 21 U.S.C. 841 And 846.**

The Comprehensive Drug Abuse Prevention And Control Act Of 1970, Crea--ted **21 U.S.C. Section 841,** Criminalizing And Punishing Possession And Distribution Of Controlled Substance's. Subsection (a), Of The Statute Set's Forth Unlawful Acts, Which Require That The Prescribed Conduct With Controlled Substances Be Done Knowingly And Intentionally Under The Statute., **21 U.S.C. 841(a).**

Subsection (b), Of The Statute Then Set's Forth Various Maximum Min--imum Penalties Based On The Existence Of A variety Of Factors, Incl--uding The Type And Quantity Of Drugs Involved, See:., **21 U.S.C. 841(b).** Since The Statute's Inception, Subsection (b), Has Been Amended On Numerous Occasions. In 1970, The Maximum Sentence That An Individual Without A Prior Conviction Could Receive Under The Statute Was 15--Years Under **21 U.S.C. 841(b) And 960(b), 1970.**

As Part Of The War On Drugs That Waged In The 1980's, However Amend--ments To The Statute's Began To Increase The Maximum Penalties. In 1986, The United States Supreme Court Held That Factors That Esta--blished A Mandatory Minimum Sentence **( As Opposed To A Statutory Maximum Sentence ),** Do Not Have To Be Proven To A Jury Beyond A Reas--onable Doubt As Elements Of The Offense And Instead Can Be Proven To A Judge At The time Of Sentencing Under A Lesser Burden Of Proof, See., **McMILLAN V. PENNSYLVANIA, 477 U.S. 79 (1986),** Subsequently, **Section 841,** Was Amended  To render Offense's Involving A Large  Quantity Of Cocaine Punishable By A Mandatory Minimum Sentence Of Ten Years  And A Maximum Sentence Of Life Imprisonment, See., **21 U.S.C. 841(b)(1)(A)(ii)(II).**

Although Not Widely Litigated Before, The 1986 Amendments And The
**McMILLAN,** Decision Generated Numerous case's Raising The Issue Of
Whether The Enhanced Sentencing Provisions Of **Section 841,** Consti-
-tutes Elements Of The Offense Or Mere Sentencings Factors.
Defendants Took The Position That They Constituted Elements Of The
Offense's, While The Government Took The Contrary Position That They
Were Only Sentencing Factors. After Some Debate And Disagreement's,
The Federal Courts Of Appeals Began To Hold That The Penalty Provi-
-sions Were Sentencing Factors And Not Elements Of The Offense, See.,
UNITED STATES V. GIBBS, 813 F.2d 596 (3rd Cir. 1987), UNITED STATE V.
WOOD, 834 F.2d 1382 (8th Cir. 1987).

Eventually, Every Federal Court Of Appeals, Including The Second Cir-
-cuit Adopted The Position That **Section 841,** Set Forth Sentencing
Factors, See;., e.g., UNITED STATES V. PEREZ, 960 F.2d 1569, 1574-
-76, (11th Cir. 1992), Reaffirming That Weight Or Quantity Of A Con-
-trolled Substance Does Not Constitute An Element Of The Offense
Under **841,** See;., UNITED STATES V. CROSS, 916 F.2d 622, 623 (11th
Cir. 1990), Holding That Nature And Quantity Of The Controlled Sub-
-stance Is A Sentencing Provision, Not An Element, Applicable Only
After Conviction Under **841,** See:., UNITED STATES V. WILLIAMS, 876
F.2d 1521, 1524-25 (11th Cir. 1989), Concluding That Nature And
Quantity Of The Controlled Substance Are Relevant Only To Sentenc-
-ing And Not Constituting Elements Of A Lesser Included Offense,
Please See:., UNITED STATES V. SOTELO-RIVERA, 931 F.2d 1317, 1319,
(9th Cir.1991), UNITED STATES V. LINDIA, 82 F.3d 1154, 1160-61 (1st
Cir. 1996), UNITED STATES V. CAMPUZANO, 905 F.2d 677, 679 (2nd Cir.
1990), UNITED STATES V. PARKER, 30 F.2d 542, 554, (4th Cir. 1994),

( 14 )

UNITED STATES V. MORGAN, 835 F.2d 79, 81 (5th Cir. 1987), UNITED
STATES V. LEVY, 904 F.2d 1026, 1033-34 (6th Cir. 1990).
Congress Continued To amend Sections 841,Modifying The Statute On
Numerous Occasions In 1988, 1990, 1994, 1996 And 1998, But Never
Attempting To Alter The Unanimous View Of The Courts That Section
841, Was Only Sentencing Factors. Applications Of The Statute Pro-
-ceeded Accordingly Until The United States Supreme Court Decided
JONES V. UNITED STATES, 526 U.S. 227, 242-52 (1999), Construing The
Federal Carjacking Statute, 18U.S.C. 2119, As Establishing Seperate
Offenses With seperate Penalties, Rather Than One Offense With Sen-
-tencing Enhancements Based On A Judicial Finding By A Preponderance
Of The Evidence. In What, In Criminal Law Circles, Bacame Famous
Dicta, The United States Supreme Court Included The Following Lang-
-uage In A Footnote:: Under Those Relevant Due Process Clause's Of
The Fifth Amendment And The Notice And Jury Guarantees Of The Sixth
Amendments, Any Fact Other Than A Prior Conviction, That Increases
The Maximum Penalty For A crime, Must Be Charged In An Indictment,
Submitted To A Jury And Then Proven Beyond A  Reasonable Doubt.,
See, JONES, 526 U.S. at 243 n.6 ----- With This Fairly Clear State-
-ment From The Supreme Court, Defendants again Challenged The Vali-
-dity Of The Unanimous Position That Section 841, Set Forth Sent-
-encing Factors And Further Declined To Reconsider Their Holdings
That The Statute Was Nonetheless Constitutional, See:., UNITED
STATES V. HESTER, 199 F.3d 1287, 1291-92 (11th Cir. 2000).
HESTER, Interpreted JONES, To Mean That When A Court Finds A Statute
And It's Legislative History Unclear, The Court Should Rule In Favor
Of The Filing Or Objecting Defendant And Consider An Element Of The

( 15 )

Offense Any Factor Which Increases The Maximum Penalty For The Off-
-ense., **HESTER at 1291-92**. **HESTER** , Did Not Find Section **841**, And
It's Legislative History Unclear, So It's Retained The Rule In This
Circuit That Drug Quantity Was Not Intended To Be An Element Of The
Offense. Next, The United States Supreme Court Decided **APPRENDI**,
In Which It made The Dicta, In **JONES** , A Holding. In Sum, Our Re-
-examination Of Our case's In This Area, And The History Upon Which
They Rely, Confirms The Opinion That We Expressed In **JONES**,.So States
The Court, That It Is Clearly Unconstitutional For A Legislature To
**Illegally** Remove From The Jury, The Assessment Of Facts That Incre-
-ases The Prescribed Range Of Penalties To Which A Criminal Defen-
-dant Is Exposed. It Is Equally  Clear That Such facts Must Be Esta-
-blished By Proof Beyond A Reasonable Doubt, **526 U.S. at 252-53, 119**
**S.ct 1215, 143 L.ED 2d 311**.

That **APPRENDI,**  Was Intended To Have A Far Reaching Impact Is Unmis-
-takable, As Indicated By Justice O'CONNOR's, Dissenting Opinion,
Which States That The Majorities Decision Will Surely Be Remembered
As A Watershed Change In Constitutional Law..., **Id. at 31 ( O'CONNOR)**
Dissenting.  Three day's Later, The Supreme Court vacated The Tenth
Circuits Dicision In **UNITED STATES V. JONES, 194 F.3d 1178 (10th Cir.**
**1999), Vacated, 530 U.S. 1271 (2000), (JONES II),** A Case In Which
That Court Reaffirmed It's Prior Holding That **Section 841,** Was A Sent-
-encing Factors And That The Statute Was Nonetheless Constitutional,
And Remanded  For Further Consideration In Light Of **APPRENDI** .

In <u>JONES II</u>, **194 F.3d at 1183-86,** Then The Various Circuit Court Of
Appeals Held That Section **841,** And **960(b),** Are Sentencing Factors
And Further  Held That The Statute's Were Nonetheless Constitutional
Yet The United states Supreme Court Ramanded In Light Of **APPRENDI**, So
In Other Words By Remanding For Reconsideration, The Supreme Court
Has Indicated  That The various Circuit Courts Of Appeals Statutory
Construction Was Correct, But That It's Constitutional Determination
Was Immensely Flawed.

In <u>UNITED STATES V. ROGERS, 228 F.3d F.3d 1318 (11th. Cir. 2000)</u>, A
Panel Of The Court Cited Approvingly, <u>UNITED STATES V. NORDBY, 225</u>
<u>F.3d 1053 (9th Cir. 2000)</u>, For The Proposition That We Are Unable
To Give A Construction To Section **841,** That Would Avoid  The Const-
-itutional Issue Raised By <u>APPRENDI</u> And <u>ROGERS at 1327.</u>
Applying What Is Called <u>APPRENDI"S</u>, Constitutional Principle To **21**
U.S.C. 841, The <u>ROGER,</u> Court Held That Where  Drug Quantity Was
Neither Charged  In The Indictment Not Proven  To The Jury The Defen-
-dant Had To Be Sentenced Without Reference To Drug Quantity.
The Defendant Did Not Argue, And The Court Did Not Consider The
Broader Question Of Whether **21 U.S.C. 841,** Was Unconstitutional On
It's Face  As It Set Forth Sentencing Factors To Be Decided By The
Judge, Which Would And Surely Could Expose A Defendant To A Greater
Maximum Sentence Than The Conduct For which He Was Found Guilty By
The Jury. Five Months Later In, <u>UNITED STATES V. CANDELARIO, 240</u>
<u>F.3d 1300, 1311 n.16 (11th) Cir. 2001), Cert. Den. 121 S.ct 2535</u>
<u>(2001),</u> The Courts Rejected, Without Explanation Whatsoever, This
Precise Issue ----- The Defendant's Facial Challenge To The Consti-
-tutionality Of section **841,** And **846,** In August Of 2001, A Panel

( 17 )

Of The Ninth Circuit However, Expanding On It's Holding In **NORDBY**,
( The Case Cited Approvingly By The Eleventh Circuit In **ROGERS**,)
Decided **UNITED STATES V. BUCKLAND, 259 F.3d 1157 (9th Cir. 2000)**.
In **NORDBY**, The Court Had Held That **841, Was** Not Susceptible To An
Interpretation Other Than That Congress Intended Drug Quantity To Be
A Sentencing Factor, And Not An Element Of The Offense Under **841**.
Applying **APPRENDI**, To The Statute As It's Interpretated By **NORDBY**,
The Ninth Circuit In **BUCKLAND,** Could Not Avoid The Conclusion That
**APPRENDI**, Renders Section 841(b)(1)(A) And (B), To Be Totally Uncon-
-stitutional Because They Permit The Judge To Find A Fact, The Qua-
-ntity Of drugs Under The Preponderance Of The Evidence Standard
Which Then Increases The maximum Penalty Facing A Defandant, Parti-
-icularly That Of Todd Davender, The Petitioner Here.
The **BUCKLAND,** Court Examined The Structure, Language And Legislative
History Of **841**, ----- Particularly Telling Was The Legislative His-
-tory Notes That The Foregoing Sentencing  Procedures Give Maximum
Flexibility To Judges, Permitting Them To Tailor The Period Of Impri-
-sonment, As Well As The Fine,To The Circumstances Involved In The
Individual Case, **BUCKLAND, at 1164**.
The Court Refused To Ignore The Legislative Will In Order To Avoid
Constitutional Adjudication, See:., **COMMODITY FUTURES TRADING COMM'N
V. SCHOR, 478 U.S. 833, 841 (1986), ID. at 1164,** And Instead Applied
The Relevant **APPRENDI** , Inquiry, **i.e.,** Does The Required Judicial
Finding Remove From The Jury's Consideration, The Determination Of
A Fact That, If Found, Expose's The Defendant Todd Davender, To A
Penalty Exceeding The Maximum He Would Receive If Punished According
To The Truest Facts Reflected In The Jury's Verdict Alone ?????

The Inescapable Answer Was And Is Yes ----- Subsection **841(b)(1)(A)**
And **(B)**, Permits The Judge To Find A Fact, The Quantity Of Drugs,
That Will Increase The Maximum Sentence Beyond The 20-Year Maximum
That May Be Imposed For An Unspecific Amount Of Drugs. Under **APPRENDI,**
Those Provisions Are Therefore  Unconstitutional As They Are Applied
To This Petitioner Todd Davender. See:., **UNITED STATES V. CERNOBYL,**
**255 F.3d 1215 (10th Cir. 2001) And UNITED STATES V. BROUGH, 243 F.3d**
**1078, 1080 (7th Cir. 2001).**

There Can Be Little Doubt That If As The various Circuit Courts Has
Determined, Section **841,** Only Set's Forth Sentencing Factors And Is
Not An element Of The Offense, They Are Surely Illegal And Surely
Unconstitutional Under **APPRENDI,.** That Is Because Under Those Pro-
-visions, A Jury Does Not Determine Maximum Sentence That The Law
Allows. Given This Rather Clear Conclusion, There Are Only Two Way's
To Save The Constitutionality Of The Statute.

The First Way Is To Apply The Traditional Doctrine Of Severability
To Excise The Unconstitutional Portions Of The Statute And Retain
Those That Can Survive. The Second Is To Do An About Face And Say
That Section **841,** Is Really An Element Of The Offense After All.
Because Section **841,** Is Unconstitutional, The Real Question Becomes
Whether Some Form Of The Statute May Be Upheld Under The Doctrine
Of Severability ?????

Specifically, Whenever An act Of  Congress Contains Unobjectionable
Provisions Seperate From Those Found To Be Unconstitutional, It Is
The Duty Of This Court To Declare, And To Maintain The Act In So
Far As It Is Truely Valid, See:., **ALASKA AIRLINES V. BROCK, 480, U.S.**
**678, 684 (1987)(Citation Omitted).**

( 19 )

A Two Part Inquiry Governs The Determination On Whether The Uncon-
-stitutional Provisions Are Excised Is Fully Operative Or Whether
The Unconstitutional Provisions Are Functionally Independent From
The Remainder Of The act, See:., **BOARD OF NATURAL RESOURCES V. BROWN,**
**922 F.2d 937, 948 (9th Cir. 1993).** Second, If The Act, Absent The
Unconstitutional Provisions Is Fully Operative Of The Act Independ-
-ently Of The Unconstitutional Provisions.

In This case, The Second Prongs Of The Inquiry Is Likely Satisfied
As Congress Clearly Desired  To Proscribe The Conduct Prohibited
By Section **841(a).** That First Prong Of The Severability Inquiry,
However, Cannot Be satisfied Because Section **841(a),** Is Not Fully
Operative Or Functionally Independent From Section **841(b).**
Without Section **841(b), Section 841(a),** Does Not Set Forth Any
Penalties Whatsoever. In Essense, Without Section **841(b),** Section
**841(a),** Creates A Crime Without  A Valid Punishment.

Indeed, Without Section **841(b),** It Would Not Even Be Clear Whether
Section **841(a),** Was A Felony Or A Misdemeanor. Not Only Would Such
A statute Be Inoperative, It Would Also Be Unconstitutional, See;.,
**UNITED STATES V. BATCHELDER, 442 U.S. 114, 124 (1979)** ----- Where It's
A Fundamental Tenet Of due Process That No One May Be Required At The
Peril Of Life, Liberty Or Property To Speculate As To The Meaning Of
A Penal Statute ----- Vague Sentencing Provisions may Pose Constit-
-utional Questions If They Do Not State With Sufficient Clairty The
Consequences Of The Violation Of A Given Criminal Statute. The United
States Supreme Court's Decision In **UNITED STATES V. EVANS, 333 U.S.**
**438, 486 (1948),** A Case Presenting Similar Issues To That Of This
Instant Case Under Review Now Filed By The Petitioner Todd Davender.

In **EVANS**, The Supreme Court Did Consider A Statute That Prohibited
Smuggling And Harboring Of Illegal Aliens And Provided That Violators
Of The Law Shall Be Deemed Guilty Of A Misdemeanor And Upon A Convict-
-ion Thereof Shall Be Punished By Fine's, Not Exceeding That Of $2.000,
And Imprisonment For A Term  Not Exceeding Five Years For Each And
Every Alien So Landed Or Brought In Or Attempted  To Be So Landed Or
Brought In ----- Thus, The Plain Language Of The Statute Assigned
Maximum Penalties For Aliens ----- The Defendant In That Case  Was
Charged With Harboring And Not With Smuggling, And The District Court
Granted His Motion To Dismiss The Indictment Because The Statute Did
Not Provide Maximum Penalties For The Offense. The United States Sup-
-reme Court Unanimously Affirmed.

Title 21 U.S.C. 841, As Enacted By Congress Is Flawed And Surely
Unconstitutional On It's Face Under **APPRENDI**, Because The Statutory
Maximum Penalties Are Based On Factors That A Judge Decided At The
Time Of Sentencing Based On The Preponderance Of The Evidence, Instead
Of Being Decided By A Jury Beyond A Reasonable Doubt ---- Thus Warrant-
-ing Dismissal Of The Governments Indictment Against The Petitioner
Todd Davender, In Criminal Case Number: **3:00-CR-44-(JCH)**, And Civil
Case Number: **3:04-CV-1667(JCH).**

## CERTIFICATE OF SERVICE

I, The Petitioner Todd Davender, Hereby Certify That On This Date Of: MAY 7, 2006 _____, That I've Mailed The Original Copy And Three Copies Of The Original To The Office Of The Clerk At The United States District Court For The District Of Connecticut ---- As Well Please Also Be Advised That A True Copy Has Bee Mailed To The Office Of The United States Attorney.

The Enclosed Is An Amended Supporting  Memorandum Pursuant  To **Title 28 U.S.C. 2255.**

/S/: _____

       Todd Davender
       #13960-014
       U.S.P. Florence
       P.O. Box #7000
CC's:       Florence, Colorado 81226