Original

FILED

2007 JAN 16 P 4:30

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Todd Davender
Register No: 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado 81226
Petitioner - pro se

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Todd Davender, Movant-Petitioner, | Civil No: ____________ |
| v. | Crim. No: 3:00 CR 44 (JCH) |
| UNITED STATES OF AMERICA, Plaintiff-Respondent. | Appeal No: 02-1101 |

**AMENDMENT IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULES OF CIVIL PROCEDURE RULE 15(a)**

COMES NOW the petitioner, Todd Davender, pro se, and petitions this Honorable Court to grant petitioner's amendment to his 2255 motion. In the instant case petitioner is asking the court to take notice of Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curaim)(pro se complaint held to less stringent standards than formal papers drafted by lawyers). In support of his motion, petitioner states the following:

I.

ARGUMENT

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE ENHANCEMENTS WHEN THEY WERE NOT IN THE INDICTMENT NOR PRESENTED TO THE PETIT JURY.

Petitioner was enhanced three points for role in the offense also pursuant to 21 U.S.C. § 851 and several other priors. One being a prior drug conviction in which petitioner was already enhanced for under §851 by doubling his mandatory minimum. Petitioner states that he was given 6 more criminal history points for this very same prior drug conviction. Three of the 6 points was for the prior itself, then another 2 points for being on parole for this same prior, and an additional 1 point for committing a crime after two years upon being released from prison stemming from the same prior. Also petitioner was given 1 point for possession of drug paraphernalia, 1 point for an assault, and three points for failure to appear.

Petitioner contends that his Constitutional rights have been violated due to counsel's failure to object at trial/sentencing, allowing petitioner to be subject to enhancements that were not in the indictment nor presented to the jury. Because of this issue petitioner was given more time imprisonment then he would have normally received. See dessenting opinions in Almenderaz-Torres v. U.S., 523 U.S. 224, 249-271, 140 L.Ed.2d 350, 371-386 (1998), see also, separate opinion by Justice Thomas in Apprendi v. New Jersey, 147 L.Ed.2d 435, 460-475 (2000), and now in Blakely v. Washington, 541 U.S. ______, (decided June 24, 2004).

M

ARGUMENT

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE ENHANCED STATUTORY PROVISION UNDER 21 U.S.C. § 841(b)(1)(A) WHEN IT WAS NOT WITHIN THE INDICTMENT NOR PRESENTED TO THE PETIT JURY.

Petitioner states that trial counsel's failure to object to the statutory provision under 21 U.S.C. § 841(b)(1)(A) at trial/sentencing, violated his 5th. and 6th. amendment rights. Because 841(b) was not in the indictment nor was it presented to the petit jury but was used to enhance petitioner's sentence.

Petitioner was only charged in the indictment under 21 U.S.C. § 841(a)(1), 846 and 18 U.S.C. § 2. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970)(wherein the Supreme Court held every element of the crime/offense must be decided by a jury), Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078 (1983)(holding that the failure to prove all elements of an offense beyond a reasonable doubt based upon "structural error" in the indictment requires automatic reversal), see also the dessenting opinions in Almendarez-Torres, 523 U.S. 224, 249-271, 140 L.Ed.2d 350, 371-386 (1998), Aprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000), and now Blakely v. Washington, 541 U.S. _____, (decided June 24, 2004).

N

ARGUMENT

WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE 100:1 ENHANCED SENTENCING RATIO UNDER "CRACK" WHEN IT WAS NOT IN THE INDICTMENT NOR PRESENTED TO THE PETIT JURY.

Petitioner's 360 month sentence was based almost entirely on relevant conduct and sentencing enhancements, that were not proven to a jury beyond a reasonable doubt. Trial counsel was ineffective for his failure to recognize the petitioner's Sixth amendment rights and apply these rights to the sentencing calculations. The prior application of several provisions in the Federal Sentencing Guidelines to petitioner's case was unconstitutional.

The Apprendi decision is based on law in existance at the time of the petitioner's sentencing. Also noted by the Supreme Court's decision in Blakely.

Petitioner received the 100:1 sentencing ratio enhancement pursuant to § 2D1.1(c)(1)] However, post-Apprendi (2000), all indictments when listing any offense related to drugs must list the specific drug type that is being alleged within the indictment. An indictment can no longer merelly make a reference in general to the mere word cocaine-base without specifically stating the word "crack" as the specific type of cocaine-base as an element of the offense. See U.S. v. Jones, 159 F.3d. 969 (only crack cocaine is to receive the 100:1 sentencing ratio enhancement under 2D1.1's definition of cocaine-base. Jones at [24]-[27]. Without more, it is impossible to tell from the reading of the superseding indictment what was in the minds of the grand jury at the time they handed down the indictment in the instant case.

It is true that the Nov. 1993 Amendment to the U.S.S.G. makes very clear what it means by its use of the word "crack" as it is termed. See U.S.S.G. Amend. 487 (Nov. 1, 1993). However, it is not the definition of the word "crack" that is being challenged in this issue. Nor is petitioner alleging that there is ambiguity of any kind within the relevant U.S.S. Guideline. Next, the District Court used a perponderance of the evidence standard to later sentence petitioner to "crack cocaine" to a sentence that carried 100 more times a penalty than the cocaine-base that's listed in the superseding indictment." And 100 times more of a sentence than any other type of cocaine-base. Such as freebase, liquid cocaine base, coca paste and crack which are all cocaine-base. The government could have but obviously sought not to include the words cocaine-base "commonly called crack" in the superseding indictment against peitioner Davender. See post-Apprendi indictments.

In this instant case in-any-event, if the government wish to sentence defendant "it must do so by sentencing defendant unto the lowest type or form of "cocaine base," since the superseding indictment omitted any thing whatsoever about any crack cocaine offense."

## CONCLUSION

Petitioner notes that his Constitutional rights have been violated and that he is not the most adroit person in law. Yet, petitioner's positive that the Scale of Justice will be weighed, giving the petitioner the chance at life, liberty, and the pursuit of happiness in less than the time that was originally given.

WHEREFORE, for the above stated reasons, petitioner prays that this Honorable Court will grant his MOTION in this case.

Todd Davender
Register No: 13960-014
U.S. Penitentiary
Post Office Box 7000
Florence, Colorado 81226
Petitioner - pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing Amendment has been mailed postage prepaid on this 27th day of October, 2004, by depositing same in the legal mail box at U.S.P. Florence, Colorado 81226, addressed to the following:

Mr. Gordon H. Hall
U.S. Attorney's Office
157 Church St., P.O. Box 1824
23rd Floor
New Haven, Ct 06510

Office Of The Clerk
U.S. Courthouse
915 Lafayette Blvd.
Bridgeport, Connecticut
06604

Dated this 27th day of October, 2004.
Resubmitted date: January 10th, 2007.

Todd Davender
Register No: 13960-014

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 OCT 19 P 2:45

U.S. DISTRICT COURT

Todd Davender

vs.

USA

:Civil No. 3:00cr44 (JCH)

## ORDER RETURNING SUBMISSION

The Clerk has received your Motion to amend 2255 however, it is deficient in the area(s) checked below:

(NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. ✔ L.R.5(b)
   - _ No certificate of service attached to pleading
   - ✔ **Certificate of service fails to list names and addresses of all parties served**
   - _ Certificate of service is not signed
2. _ L.R.5(d) — Failure to submit document under seal
3. ✔ L.R.10
   - ✔ **Failure to sign pleading** (original signature)
   - _ Failure to double space
   - _ Margin is not free of printed matter
   - _ Left hand margin is not one inch
   - _ Judge's initials do not appear after the case number
   - _ Docket number is missing
   - _ Failure to supply federal bar number
   - _ Holes not punched in document
4. _ L.R.68 — Failure to file offer of judgment in a sealed envelope
5. _ L.R.83.1(d) — Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court
6. _ Other —

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 10-18-04

Janet C. Hall
United States District Judge

(JOB)

rev. 1/1/03