Original

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2007 FEB 20 P 4:25

TODD DAVENDER.,  ))
    Petitioner  ))
))
))
))
))
))
Vs.  ))     Case No: #3:04-CV-1667(JCH)
))
))
))
))
))
UNITED STATES OF AMERICA.,  ))
    Respondants  ))

FEB 20 2007


MOTION TO AMEND PURSUANT TO RULE 15(a) OF

THE CIVIL PROCEDURE IN CIVIL CASE NUMBER

#3:04-CV-1667(JCH)


| TODD DAVENDER | *** | U.S. DISTRICT COURTHOUSE |
| #13960-014 | *** | DISTRICT OF CONNECTICUT |
| U.S.P. FLORENCE-HIGH | *** | U.S. COURTHOUSE |
| P.O. BOX #7000 | *** | 912 LAFAYETTE BLVD. |
| FLORENCE, CO. | *** | BRIDGEPORT, CONNECTICUT |
| 81226-7000 | *** | 06604 |

## CAUSE CASE JURISDICTION

Federal jurisdiction is imposed pursuant to the provisions of Title 18 u.s.c. 3231, Title 28 u.s.c. 2255, Title 18 u.s.c. 3742, Title 28 u.s.c. 1291.

## CASE HISTORY

Sometime on or about September 7, 2000, the petitioner Todd Davender, was federally indicted with ten other defendants, pursuant to a super--seding indictment.

The petitioner Davender's trial began on October 31, 2001, and on Nov--ember 6, 2001, a verdict of guilty was returned against Todd Davender, pursuant to the juries verdict.

On January 25, 2002, the court sentenced Todd Davender, to Imprisonment and judgement was entered whereby the petitioner Davender, was sentenced to counts (1), (2), (9) And (12), to 360-Months with each count to run concurrently to each other.

Todd Davender, appealed to the second circuit court of appeals Pursuant to notice on January 30, 2002, and then did not file the direct appeal. The conviction was affirmed on October 21, 2003.

Todd Davender, Proceeded to file a motion pursuant to title 28 u.s.c. 2255, a petition to vacate and on October 14, 2004, the court ordered the government to respond to the petitioners 2255 motion / petition. The petitioner Todd Davender, first amended The Petition on November 2, 2004, and for the appointment of counsel and a petition for en banc

rehearing. A second motion / petition and or amended petition was sub-
-mitted on May 7, 2006, and now pursuant to the provisions of Rule 15(a)
of the federal rules of civil procedures, the petitioner seeks to amend
for the third and final time here now on this date of: 2-12-07 ,
all pursuant to pending action in civil case number 3:04-CV-1667(JCH).


### CAUSE AMENDED /// ISSUE ( ONE )

In September of 2004, Todd Davender, filed and submitted his supporting
memorandum of points and authorities in support of motion to vacate,
set aside or correct a sentence by a person in federal custody pursuant
to Title 28 u.s.c. 2255.

An **Argument (G)** - Todd davender, Argued whether trial court errored
when it used the uncorroborated testimony of Morales and Smith, to
determine drug amounts involved in the conspiracy to put petitioners
base offense level at 38. As to criminal history category, petitioner
was enhanced for a prior drug conviction under 21 u.s.c. 851 from a
minimum of 10 to 20 years on counts 1 and 2, 5 to 10 years on counts
9 and 12.

In her testimony, Morales, stated that she made seven trips and on one
trip she purchased eight ounces of cocaine. On another trip she purch-
-ased ten ounces of cocaine and then half a kilogram of cocaine and as
much as a full kilogram of cocaine --- her testimony's are listed on
pages (109), (90) and (117).

( 3 )

Smith's, testimony is on page (275). At sentencing the court stated that

> **The testimony** of Smith And Morales, as well as the money quantities seized on at least one of the occas-
> -ions on a trip to New York, would lead the court to the conclusions of a kilogram per trip was typical of not every occasion, it would take three trips to New York and i believe that there is testimony in the record of three such trips at least. In fact, my impression of the record is that the trips occured as frequently as every other week and if there were six weeks in between March and august, we would be talking about at least 15- trips.

In argument Pursuant to Argument (G)- Todd Davender, preserved a sixth amendment position in citing **Apprendi V. New Jersey, 530 U.S. 466, 147 L.ED 2d 435, 120, S.ct 2348 (2000) And Blakely V. Washington, 541, U.S. No. 02-1632 Decided On June 24, 2004.**

As well the argument was preserved by objection to the P.S.I. Report pursuant to the petitioners offense level.

## CAUSE AMENDED /// ISSUE (TWO)

At the petitioners sentencing that occured on January 25, 2002, in doc- -ket number 3:00-CR-44-JCH, before united states district court judge Janet C. Hall, this petitioner ask this most honorable court to please

review page #26, of the sentencing transcript from paragraph (5 thru 22 ), where it states the following:

> Clearly, the evidence at trial, contrary to the defendants argument to the court, the court is compelled to the concl--usion that there were five or more participants in this conspiracy. Certainly, i can name Smith, Morales, Harris, Conley and Mccleese, just among the witnesses who testif--ied, who would number and satisfy the five participants requirement ----- I'm sorry, one of those did not testify, but the court is going to conclude that this defendant should receive a three level enhancement as a manager of this enterprise involving five or more participants, based upon the evidence as i heard it at trial, my view of the evidence concerning Mr. Baldwin, and the relationship between Mr. Baldwin, and the defendant ----- although a good argument could be made that there is a second leader and thus a four level enhancement might be appropriate, the court concludes, having considered all of the evidence that a three level enhancement is more appropriate and is the appropriate enhancement to give.

To qualify as a leader and or a supervisor or manager, the government must present evidence that ( 1 )- If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive ----- in Distinguishing a leadership and organiz--ational role from one of mere management or supervisor, titles such as kingpin or boss are not controlling ----- factors the court should con--sider include the exercise of decision making authority, the nature of

participation in this commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, see, **Richardson V. United States,** <u>526 U.S. 813, 143, L.ED 2d 985, 119, S.ct 1707 (1999).</u>

In Cause Amended // Issue ( One ), The sentencing court relied on the testimony of Morales and Smith, to determine Davenders, base offense level at 38 ----- Absent that determination, Davender, contends that the base offense level should and would have been 32, with a three point enhancement that places the base offense level at 35, and a criminal history category of (V) ----- the issue is a prejudicial increase of 33-months in violation of **Glover V. United States,** <u>531 U.S. 198, 148, L.ED 2d 121, S.ct 696 (2001).</u>

In Cause Amended // Issue ( Two ), The court relies on the federal Sentencing guidelines pursuant to the enhanced provisions of 3B1.1, to enhance Todd Davender, for a leadership role in the conspiracy for which he now challenges and in both case's the increase's are illegally imposed and the increase violates substantial rights and the increase violates the sixth amendments right of a defendant to have a jury to determine any increase higher than the statutory maximum, and then only if it had previously been listed in the indictment and proven beyond a reasonable doubt to the jury.

Clearly the court based it's determination on facts other than a prior conviction, thereby causing the enhanced penalties in cause one and in cause two to be unconstitutionally imposed upon Todd Davender.

In both case's the united states district court imposed enhanced penalties against Todd Davender, on issues not listed in the original courts

( 6 )

indictment, issues of enhancements not proven to the jury beyond a reas--onable doubt and increases not made by the jury ----- issue's one, rel--ies on the testimony of Morales And Smith, and issue two, relies on the enhancements pursuant to a leadership role not found by a jury pursuant to the federal sentencing guidelines 3B1.1 ----- In both case's the enh--ancements violates the sixth amendment and here Todd Davender, amends pursuant to **Rule 15(a),** of the federal rules of civil procedure.
In suppoet of the amendments here, the petitioner relies on a recent united states supreme court decision in **Cunningham V. California, 549 U.S.____, ( 2007 ).**

The question presented is whether by placing sentencing factfindings within the judges discretion violates a defendants right to a trial by jury that's protected by the sixth amendment and the united states supreme court held that it does violate sixth amendment concerns ----- as the united states supreme court instructed, the federal constitution allows a judge to imp--ose a sentence above the statutory maximum based on a fact other than a prior conviction only when it's listed in the indictment and proven to a jury beyond a reasonable doubt and or has been admitted to by the defendant, please see., **Apprendi V. New Jersey, 530 U.S. 466 (2000) , Ring V. Arizona, 536 U.S. 584 (2002),** Blakely V. Washington, **542 U.S. 296 (2004),** United States V. Booker, **543 U.S. 220 (2005).**
The relevant statutory maximum sentence a judge may impose after find--ing additional facts, but the maximum he may impose without any addit--ional findings are those aforementioned, **Blakely, 542 U.S. At 303-04.**
In the instant case amended, the court relies on statements from Morales and Smith, to predicate Davender, and the court relies on the sentencing guidelines **3B1.1,** to predicate Davender, into an enhanced sentence that's

( 7 )

in violation of the sixth amendment because the factors were not listed in the indictment and found by a jury beyond a reasonable doubt.
The united states supreme court has repeatedly held that under the sixth amendment, any factors that exposes a defendant to a greater potential sentence must be found by a jury and not a judge, and it must be establi--shed beyond a resanoable doubt, and not merely by the preponderance of the evidence. This rule is longstanding in common law and it's explicit statement is the united states supreme courts decision in **Jones V. United States, 526 U.S. 227 (1999)**, where the court examined the sixth amendments historical and doctrinal foundations and recognized that judicial fact--findings operating to increase a defendants otherwise maximum punishment posed a grave constitutional question. Other than a prior conviction, the united states supreme court held in **Almendarez-Torres V. United States, 523 U.S. 224, 239-247 (1998)** That in **Apprendi**, any fact that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, see, **Harris V. United States, 536 U.S. 545, 557-566 (2002)**, an opinion where **Apprendi**, held thah any fact extending the defendants sentence beyond the maximum authorized by the jurys verdict would have been considered an element of an aggravated crime and thus the domain of the jury by those who framed the constitutional bill of rights.
The united states supreme court has on many occasions reaffirmed the rule of **Apprendi**, applying it to facts subjecting a defendant to the death penalty in **Ring V. Arizona, 536 U.S. 584, 602, 609 (2002)**, facts permit--ting a sentence in excess of the standard range under washingtons sent--encing reform act **Blakely V. Washington, 542 U.S. 296, 304-305, (2004)**, and facts triggering a sentence range elevation under the mandatory federal

sentencing guidelines, **United States V. Booker,** 543 U.S. 220, 243-244 (2005). **Blakely And Booker,** both bear most closely on the question presented in this case. In both these amended issue's the court has imposed upward enhanced sentence's without a jury's finding as the sixth amendment requires. The united states supreme courts precedents makes It clear that the statutory maximum for **Apprendi,** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted to by the defendant and this clearly is not the case in Todd Davender's, conviction and sentence now for which this petitioner challenges ----- in other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but is the maximum he may impose without any Additional findings by the jury's verdict.

When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment and because of this, the judge exceeds his power and judicial authority, hence a violation of the sixth amendment. Pursuant to this motion / petition to amend the original filings, Todd Davender, now amends to enclude the recent united states supreme courts decision in **Cunningham V. California,** 549 U.S.,_____, (2007).

## CAUSE AMENDED // ISSUE (THREE)

THE FEDERAL GOVERNMENT AND THE U.S. DISTRICT COURT LACKED THE REQUIRED JURISDICTION TO IMPOSE ENHANCED SENTENCING PENALTIES AGAINST TODD DAVENDER, CAUSING THE ENHANCED SENTENCING PENALTIES TO BE UNCONSTITUTIONALLY IMPOSED.

Pursuant to the government's indictment against Todd Davender, in federal case number: 3:00-CR-44 (JCH) and appeal case number: 02-1101. The government alleges violations of Title 21 U.S.C. 841, Title 21 U.S.C. 846 --- as a result of this, the government enhanced Todd Davender pursuant to Title 21 U.S.C. 851 --- the Enhanced penalties resulted in a federal sentence of 360-months.
The petitioner now here contends that the U.S. District Court for the District of Connecticut, was without the jurisdictional authority to impose the sentencing enhancement's penalties against this petitioner Todd Davender. In this filed federal cause, the petitioner does not contend that the government did not file it's required notice of intent --- the petitioner does contend that the filed notice was faulty, misinformed, incomplete and not in accordance with 851's filing provisions under the law set forth by member's of the Congress of the U.S.
The petitioner would ask the Court to please see the copy of the filed P.S.I. Report in this case and please see paragraphs 66 and 67. Paragraph 66, is a possession of drug paraphanelia, in Hamden, Ct., on 9/11/90, where the petitioner received an unconditional discharge in Superior Court number's CR-90-133011 --- paragraph 67, is a criminal possession of a controlled substance in the 3rd Degree, on 12/19/95, State of New York number: 1509-93.
To satisfy the 851 requirement the government must first prove that the past predicate's used in the 851, are predicate's that fit

the provisions ''' when there is error in an 851 notice, the error is never harmless. To qualify as 851 predicates, the government first had to prove that paragraph 66 & 67, qualified and to do this under the law, proper interpretation of Title 21 U.S.C. 851(a)(2), is that the past drug crimes used had to have been indicted crimes to qualify and paragraph's 66 and 67 used by the government were not, see, **U.S. v. Harden**, 37 F.3d 595, 797 (11th Cir. 1994); **U.S. v. Collado**, 106 F.3d 1097 (2nd Cir. 1997); **U.S. v. Sciarrotta**, U.S. App. LEXIS, 34845 (8th Cir. 1997); **U.S. v. Ortiz**, 143 F.3d 728 (2nd Cir. 1998); **U.S. v. Gaitan-Acevedo**, 148 F.3d 577 (1998).

The government has the burden of proving beyond a reasonable doubt the exact existence of prior convictions and their qualifications for enhanced provisions. The sentencing enhancement provisions states that the government must choose specific prior convictions for the purpose of enhancements and they must qualify under the statute. In **Harris v. U.S.**, 149 F.3d 1304 (11th Cir. 1998), where the court reversed and remanded the case for resentencing, finding that the U.S. District Court did not have jurisdiction to impose an enhancement sentence on the defendant and that the showing of cause and prejudice was not required because jurisdictional claims could not be waived by procedural default. Pursuant to **Harris v. U.S.**, 149 F.3d 1304 (11th Cir. 1998); **U.S. v. Rutherford**, 175 F.3d 899 (11th Cir. 1999), the U.S. District Court lacked the jurisdiction to impose enhanced penalties upon Todd Davender under the 851 provision, thereby making the sentence imposed unconstitutional and illegal under the law. The government never presented evidence beyond a reasonable doubt that paragraph's 66 and 67, of the

(11)

petitioner's P.S.I. Report, used to justify the government's 851, were both prior indicted drug crimes, thereby voiding jurisdiction to impose enhanced penalties.

Title 21 U.S.C. 851, provides that, no person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial or before entry of a plea of guilty, the U.S. Attorney must file an information with the court and serve a copy of such information on the defendant or counsel for the defendant, so stating in writing the specific provision convicted to be relied upon --- this was not done in specific by the government because the prior convictions used in the P.S.I. Report's paragraph 66 and 67, does not qualify, thereby causing reversible error that is substantial and is not harmless as the government will contend in it's response, please see, **U.S. v. Inamorati**, 996 F.2d 456 (1st Cir. 1993); and **Chapman v. California**, 386 U.S. 18, 23-24, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967), where harmless beyond a reasonable doubt standard presumes prejudice and place's the burden on the beneficiary of the error the proof beyond a reasonable doubt that the error's did not contribute to the illegal verdict or sentence **(The beneficiary here is the Government)** --- Harmless plain error does not exist as all errors are harmful, various U.S. Court's of Appeal's have unambiguously and repeatedly held that a District Court lacks the jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirement's of the 851(a) --- Here in the instant cause, the government never proved that P.S.I. paragraph's 66 and 67 qualified because they

(12)

both were not prior indicted crimes. As the Court observed in **U.S. v. Olson**, 716 F.2d 850, 853 (11th Cir. 1983), an enhanced sentence is a special remedy prescribed by the Congress, prosecutional discretion is vested in the executive branch of the government and the District Court has no authority to exercise it or to permit it. As the Court pointed out, Congress advisedly vested the discretion in the prosecutor. Unless and until prosecutorial discretion is invoked and the government files and serves an information as required by the statute in Section 851, the District Court has no jurisdiction nor power to act with respect to an enhanced sentence. Harmless error cannot give the District Court the authority that it does not have or possess, 716 F.2d 850, 853, (11th Cir. 1983) ____, In **Olson**, the Court explicitly reaffirmed the holding's of the Fifth Circuit in **U.S. v. Cevallos**, 538 F.2d 1122, 1125, n.4 (5th Cir. 1976), describing prior holding's in **Noland**, as a finding that the failure to file the information of previous conviction's and proof of their qualification prior to trial deprived the District Court of the jurisdiction to impose an enhanced sentence and **U.S. v. Noland**, 495 F.2d 529, 533 (5th Cir. 1974), holding that the mandatory language of 851, restricts the Court's authority to impose enhanced sentences to cases where the information filed is faulty or improperly filed. The federal court's have limited jurisdiction, deriving their power solely from **Article III**, of the U.S. Constitution and from the legislative Act's of the Congress, See, **Insurance Corp. of IR., LTD. v. Compagnie, Des Bauxities De Guinea**, 456 U.S. 694, 72 L.Ed.2d 492, 102 S.Ct. 2099 (1982).

Under the U.S. Supreme Court's reasoning in **Shepard v. U.S.**, 544 U.S. ___, 161 L.Ed.2d 205, 125 S.Ct. ____ (2005), paragraph's 66 and 67, of Todd Davender's P.S.I. Report makes it invalid and does not qualify for enhanced purposes under the 851 provisions. It is well known in judicial legal systems pursuant to the provisions of American law that the Court's may not rely on the information alone by the government to determine the elements of a conviction, see, **U.S. v. Parker**, 5 F.3d 1322, 1327 (9th Cir. 1993), where a trial or sentencing court may not rely upon the charging document's alone in determining if a prior jury conviction was a required jury enhanced predicate, see, **U.S. v. Bonat**, 106 F.3d 1472, 1477 (9th Cir. 1997). Pursuant to this filed cause for resentencing modification, this petitioner, Todd Davender, does not qualify pursuant to the provisions under 851. Under the **Shepard**, decision it's unlawful to enhance a Defendant's sentence where the statutory element's are generic and not documented in specific. On Certiorari, the U.S. Supreme Court reversed and remanded because, (1) - A sentencing court was not permitted to look to police reports or complaint applications to determine whether earlier convictions necessarily admitted and supported a conviction for generic crimes, (2) - the sentencing court's inquiry to determine whether a specific crime defined by a nongeneric, that is more expansive, statute necessarily admitted elements of the generic offense was generally limited to charging document's, **(a)** - the statutory definition of the offense in question; **(b)** - the charging document; **(c)** - a written plea agreement; **(d)** - the transcript of a colloquy between the trial judge and the accused

in which the factual basis for the plea was confirmed by the accused, (e) - any explicit factual finding by the trial judge to which the accused assented.

Pursuant to **Shepard**, the government can't use paragraph's 66 and 67 of the petitioner's P.S.I. Report to qualify him pursuant to the provision of the 851.

Also Todd Davender, asks the Court to consider the U.S. Supreme Court's recent ruling in **Jose Antonio Lopez v. Alberto R. Gonzalez**, No. 05-547, Decided on Dec. 5, 2006. Where the Supreme Court granted Certiorari to resolve a conflict in the Circuit's about the proper understanding of conduct treated as a felony by the State that convicted a Defendant committing it, but as a misdemeanor the Controlled Substance Act, 547 U.S. ___, 2006, where several states punish possession as a felony and some does not. Please note that both paragraphs 66 and 67 are possession related crimes in the petitioner's P.S.I. Report. The government even concedes that some states graduate offenses of drug possession from misdemeanor to felony depending on quantity, whereas Congress generally treats possession alone as a misdemeanor whatever the amount but leaves it open to charge the felony of possession with intent to distribute when the amount is large.

The petitioner here contend's just as the U.S. Supreme Court does that, a State offense constitute's a felony punishable under the controlled substance act only if it proscribes conduct punishable as a felony under Federal law and here it does not because possession without the distribution language does not quality.

The Court, takes the inquiry further by reasoning that only federal

felonies qualify as drug trafficking crimes, according to the court, the definition of drug trafficking crime contain as implied limitations --- any felony punishable as a felony under the C.S.A. The text does not support this interpretation, without a doubt Congress could have written the definition with the limitation but it did not.

The majority of the Supreme Court contends: that the interpretation also render's this language superfluous but the plain language of the meaning drug trafficking crime, includes two categories of felonies, State and Federal and to determine a felony, one must be excluded. As a State felony, Lopez's possession offense does not fall within the category of drug trafficking crimes and neither does the possession' of Todd Davender, in paragraph's 66 and 67 in his P.S.I. Report from which the government basis its 851 filings.

As argues, the government has misapplied paragraph's 66 and 67, as they do not qualify as required predicate's under the statute and must be vacated for lack of jurisdiction.

/S/: _____
Todd Davender
#13960-014
U.S.P. FLORENCE - HIGH
P.O. BOX #7000
Florence, Co. 81226-7000

(16)

## CERTIFICATE OF SERVICE

Comes Now The Petitioner Todd Davender, To Hereby Certify That On This Date Of: 2-12-07 , That The Original Copy And Three Copies Of The Original Enclosed And Attached Petition / Motion Pursuant To Rule 15(a) Of The Federal Rules Of Civil Procedure, A Motion To Amend, Has Been Mailed To The Office Of The Federal Clerk At United States Courthouse, 912 Lafay- -ette Blvd, Bridgeport, Connecticut 06604 ----- As Well Please So Be Adv- -ised That A True Copy Has Also Been Mailed To The Office Of The United States Attorney, 157 Church St., P.O. Box #1824, New Haven, Ct. 06510, All On The Aforementioned Date.

/S/: _____

Todd Davender
#13960-014
U.S.P. Florence
P.O. Box #7000
Florence, Co. 81226-7000