Todd Davender
Reg. No. 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado  81226

Petitioner - <u>Pro Se</u>

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TODD DAVENDER,
     Movant - Petitioner,     )

                             )

     Vs.                          )

                             )

UNITED STATES OF AMERICA,
     Plaintiff - Respondent.     )

Civil No: 3:041667(JCH)
Crim. No: 3:00-CR-44(JCH)

---

## SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULES OF CIVIL PROCEDURE RULE 15(d).

---

### <u>INTRODUCTION</u>

COME NOW, the Movant, Todd Davender, <u>pro se</u>, and petitions this Honorable Court to grant Movant's Supplemental pleading to his 28 U.S.C. § 2255 motion. In the instant case Movant is asking the Court to take notice of **Haines v. Kerner**, 404 U.S. 519, 520 (1972)(per curiam)(pro se complaint held to less stringent standard than formal papers drafted by lawyers). In support of his motion, Movant states the following:

## STATEMENT OF ISSUE(S)

This Supplement Motion is being filed pursuant to the following argument:

WHETHER STATE CONVICTION FOR SIMPLE POSSESSION
"QUALIFIES" FOR SECOND OFFENDER UNDER
THE C.S.A. TITLE 21 U.S.C. § 841(a) and 841(b)
WHEN THE CONDUCT IS ABSENT THE QUALIFICATIONS
PRESCRIBED FOR BOTH STATUTES.

## SUMMARY OF CASE

Movant-Petioner, Todd Davender, was charged in counts One, Two, Nine and Twelve of a superseding indictment with conspiring to possess and distribute 50 grams or more of cocaine base, conspiring to possess and distribute 5 kilograms or more of cocaine and attempting to possess 500 grams or more of cocaine on two specific dates. Petitioner was convicted after trial by jury and sentenced to concurrent sentences of 360 months incarceration on each count.

The record in the case shows that the U.S. Attorney filed a motion to enhance Movant's mandatory minimum from ten (10) to twenty (20) years on Counts 1 and 2 and five (5) years to ten (10) years on Counts 9 and 12 pursuant to Title 21 U.S.C. § 851, based upon a prior state drug conviction.

I

ARGUMENT

WHETHER STATE CONVICTION FOR SIMPLE POSSESSION
"QUALIFIES" FOR SECOND OFFENDER UNDER
THE CSA TITLE 21 U.S.C. § 841(a) AND 841(b)
WHEN THE CONDUCT IS ABSENT THE QUALIFICATIONS
PRESCRIBED FOR BOTH STATUTES.

The petitioner would ask the Court to please see the copy of the P.S.I. Report in this case and take notice to paragraph 67 (see exhibits). Paragraph 67 is a criminal possession of a controlled substance in the 3rd. degree in which the petitioner plead guilty and was sentence for on 12/19/95 in the state of New York - indictment # 1509-93.

Petitioner states that he may have been wrongfully categorized as a second offender upon the government's notice under Title 21 U.S.C. § 851(a). To satisfy the second offender motion the government must first prove that the prior conviction qualifies under Title 21 U.S.C. § 841(a)(1).

In particular 851(a)(1) provides that the prior conviction must be within the sine qua non of Title [21 U.S.C. § 841 et seq] that which dictates its ramifications. (A realm in which there are borders only that which are within, is binding law.) See definition under 841(a)(1) which states: "to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

Here petitioner states that Title 21 U.S.C. § 841(b)(1)(A) refers to a prior felony conviction which carries 1 year or more leaving an ambiguous interpertation between the two statutes. See, U.S. v. Thompson Center Arms Co., 504 U.S. 505, 517-518, 119 L.Ed.2d 308, 112 S.Ct. 2102 (1992).

Title 21 U.S.C. § 841(b) would not and can not exist absent 841(a), the two must co-exist. Statute 841(a) is the charge it self which simple possession is not prescribed. See U.S. v. Hardin, 108 Fed. Appx. 74; 2004 U.S. App. Lexis 17249.

The petitioner asks the court to consider the United States Supreme Court's recent ruling in Salina v. U.S., 547 U.S. _____, 126 S.Ct. _____, 164 L.Ed.2d 364 [No. 05-8400] decided April 24, 2006. In a per curiam opinion expressing the unanimous view of the court, it was held that, as acknowledged by the United States Soicitor General, the Court of Appeal had erred in treating the accused's conviction for simple possession as a "controlled substance offense." See also U.S. v. Villa-Lara, 451 F.3d 963 (9th. Cir. 2006). Where the Court of Appeals held that prior drug possession offense in violation of Nevada law did not qualify as a "drug trafficking offense" within the "meaning" of the sentencing guideline providing for 16 level increase. See also the recent Supreme Court ruling in Lopez v. Gonzales, No. 05-547, decided on Dec. 5, 2006. Where the Supreme Court granted certiorari to resolve a conflict in the Circuit's about the proper understanding of conduct treated as a felony by the State that convicted a defendant committing it, but as a misdemeanor under the Controlled Substance Act, 547 U.S. _____, 2006, where several states punish possession as a felony and some does not. The government even concedes that some states graduate offenses of drug possession from misdemeanor to felony depending on quantity, whereas Congress generally treats possession alone as a misdemeanor whatever amount but leaves it open to charge the felony of possession with intent to distriburte when the amount is large.

4

The petitioner here contend's just as the U.S. Supreme Court does that, a state offense constitute's a felony punishable under the Controlled Substance Act only if it prescribes conduct punishable as a felony under Federal law here it does not because without the distribution language it does not qualify.

The Court, takes the inquiry further by reasoning that only federal felonies qualify as drug trafficking crimes, according to the court, the definition of drug trafficking crime contain as implied limitations --- any felony punishable as a felony under the C.S.A. The text does not support this interpretation, without a doubt Congress could have written the definition with the limitation but it did not.

The majority of the Supreme Court contends: that the interpretation also render's this language superfluous but the plain language of the meaning drug trafficking crime, includes two categories of felonies, State and Federal and to determine a felony, one must be excluded. As a State felony, Lopez's possession offense does not fall within the category of drug trafficking crimes and neither does the possession of petitioner.

The decision in Lopez creates a very interesting innuendo suggesting that all state prior convictions does not "qualify" as a felony under federal law even those that carry 1 year or more in a state. See Lopez v. Gonzales, No. 05-547 decided December 5, 2006, ("We hold that a state offense constitutes a felony punishable under the Controlled Substance Act only if it prescribes conduct punishable as a felony under that federal law.") Mere possession is not, however, a qualifying felony under the federal C.S.A. Title 21 U.S.C. § 841 statute.

Wherefore, because peitioner's prior conviction may not qualify the Court may have erred by allowing the second offenders motion to be granted which lead to the unconstitutional enhancement of petitioner's mandatory minumums in counts 1, 2, 9, and 12. Counts 1 and 2 from 10 to 20 years, on counts 9 and 12 from 5 to 10 years. Petitioner asks this Honorable Court to reconsider and reverse its ruling.

/S/ _____

Todd Davender - 13960-014
U.S.P. Florence - High
Post Office Box 7000
Florence, Colorado  81226

## CERTIFICATE OF SERVICE

Comes Now The Petitioner Todd Davender, To Hereby Certify That On This Date of: _2-28-07_ , That The Original Copy And Three Copies Of The Original Enclosed And Attached Petition / Motion Pursuant To Rule 15(d) Of The Federal Rules Of Civil Procedure, A Motion To Supplement, Has Been Mailed To The Office Of The Federal Clerk At United States Courthouse, 912 Lafayette Blvd, Bridgeport, Connecticut 06604 ----- As Well PLease So Be Advised That A True Copy Has Also Been Mailed To The Office Of The United States Attorney, 157 Church St., P.O. Box #1824, New Haven, Ct. 06510, All On The Aforementioned Date.

/S/: _____

Todd Davender - #13960-014
U.S.P. Florence
P.O. Box # 7000
Florence, Co. 81226-7000

1

2    COUNTY COURT OF THE STATE OF NEW YORK

3    COUNTY OF WESTCHESTER          PART  JEM

4    -------------------------------------X
                                          :
5    THE PEOPLE OF THE STATE OF NEW YORK,
                                          : INDICTMENT
6                                           1509-93
                  -against-               :
7
     TODD NALLEY                          :
8                        Defendant.           PLEA
                                          :
9    -------------------------------------X

10                        Courthouse
                          White Plains, New York
11                        October 26, 1995

12   BEFORE:

                          HON. J. EMMETT MURPHY
13                        Judge of the County Court

14
     APPEARANCES:
15
                          JEANINE FERRIS PIRRO, ESQ.
16                        District Attorney
                          111 Grove Street
17                        White Plains, New York
18                        BY: PATRICK MOORE, ADA.

19

                          S. MARHOFFER, ESQ.
20                        Attorney for Defendant

21

22                        Steven Sacripanti,
                          Senior Court Reporter
23

24

25

FILED
JUN 25 1996
LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

1                          Proceedings                    2

2          THE CLERK:  People versus Todd Nalley.

3          MR. MOORE:  The People would move to reduce

4    the first count to criminal sale third degree, a

5    B felony.

6          MS. MARHOFFER:  Mr. Nalley authorizes me to

7    enter a plea of guilty to the reduced charge as

8    set forth by the plea.

9          THE COURT:  I had a conference with the

10   attorneys and I made a promise of two to six

11   which would cover the bail jumping.  Have you

12   had enough time to talk to your attorney about

13   that?

14         MS. MARHOFFER:  Yes, I have.

15         THE COURT:  Mr. Nalley, Ms. Marhoffer says

16   you want to plead guilty to the class B reduced

17   charge of class B felony, criminal possession of

18   a controlled substance third degree, in

19   anticipation of my sentencing you to two to six

20   years in state prison.  Is that what you want to

21   do?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Have you had enough time to talk

24   to her and are you satisfied you understand what

25   is going over here today?

1                      Proceedings                    3

2              THE DEFENDANT:  Yes.

3              THE COURT:  You're ready to answer some

4      questions under oath about your plea?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Raise your right hand.

7              T O D D   N A L L E Y, having been first

8      duly sworn, was examined and testified as

9      follows:

10             THE COURT:  Tell me your true name?

11             THE DEFENDANT:  Todd Nalley.

12             THE COURT:  What is your last name?

13             THE DEFENDANT:  Nalley a/k/a Dabender.

14             THE COURT:  What is your true name,

15     Dabender?

16             THE DEFENDANT:  D-A-B-E-N-D-E-R.

17             THE COURT:  What is your date of birth?

18             THE DEFENDANT:  6-24-69.

19             THE COURT:  How old are you?

20             THE DEFENDANT:  26.

21             THE COURT:  What is your home address?

22             THE DEFENDANT:  178 Hamilton Street, New

23     Haven, Connecticut.

24             THE COURT:  Listen carefully to the

25     questions Mr. Moore asks you.  Answer them

1                          Proceedings                    4

2            truthfully because you're under oath.  Answer

3            with a word like yes or no, not ah-hah or

4            nodding.  Understood?

5                 THE DEFENDANT:  Yes.

6    VOIR DIRE EXAMINATION

7    BY MR. MOORE:

8        Q.    Are you Todd Nalley also known as Todd

9    Dabender?

10       A.    Yes.

11       Q.    Are you represented by Ms. Marhoffer?

12       A.    Yes.

13       Q.    Did you hear your attorney's application to

14   the Court to plead guilty to the reduced first count of

15   the indictment number 93-1509, which is criminal

16   possession of a controlled substance third degree, in

17   full satisfaction of all the charges in the indictment

18   and potential bail jumping?

19       A.    Yes, sir.

20       Q.    Is that also your application?

21       A.    Yes, sir.

22       Q.    How old are you?

23       A.    26.

24       Q.    Do you have any problem understanding the

25   English language?

1                          Proceedings                    5

2          A.      No, sir.

3          Q.      Do you understand you have an absolute

4     right to remain silent in the face of the charges

5     against you and that by entering a plea of guilty

6     you're giving up that right and incriminating yourself?

7          A.      Yes, sir.

8          Q.      Have you discussed this matter with your

9     attorney?

10         A.      Yes.

11         Q.      Have you had enough time to talk to your

12    attorney and make a decision?

13         A.      Yes, sir.

14         Q.      Are you satisfied with the representation

15    given to you by your attorney?

16         A.      Yes, sir.

17         Q.      Have you consumed any alcoholic beverages,

18    any medication or any other drugs today?

19         A.      No, sir.

20         Q.      Do you understand you have a right to a

21    trial by a jury or by the court sitting alone with

22    respect to these charges?

23         A.      Yes.

24         Q.      Do you understand at such a trial the

25    People have to prove every element of the crime beyond

1                                    Proceedings                          6

2        a reasonable doubt to secure a conviction of that

3        crime?

4              A.      Yes, sir.

5              Q.      Do you understand that at such a trial you

6        would have the right to confront the People's witnesses

7        and cross examine them through your attorney?

8              A.      Yes, sir.

9              Q.      Do you understand that at such a trial you

10       would have a right to present witnesses on your own

11       behalf and you can testify, if you wish?

12             A.      Yes.

13             Q.      Do you understand that by your plea of

14       guilty you waive, that is, give up all those rights

15       that I have just mentioned?

16             A.      Yes, sir.

17             Q.      Do you understand that your plea of guilty

18       is a conviction, just as if you had gone to trial and

19       been found guilty of criminal possession of a

20       controlled substance third degree?

21             A.      Yes.

22             Q.      Has anyone threatened coerced or forced you

23       in any way to plead guilty?

24             A.      No.

25             Q.      Are you entering this plea of guilty freely

|  | Proceedings | 7 |

1          Proceedings                              7

2    and voluntarily?

3          A.     Yes.

4          Q.     Are you pleading guilty because you are

5    guilty?

6          A.     Yes.

7          Q.     Do you understand that you're pleading

8    guilty to a class B felony for which the maximum

9    sentence is 25 years in state prison?

10         A.     Yes, sir.

11         Q.     Do you understand that if you're again

12   convicted of a felony, your plea today may subject you

13   to greater sentence than if you had not been so

14   convicted?

15         A.     Yes, sir.

16         Q.     Do you understand that based upon your plea

17   here today, the Court at the time of sentence will

18   suspend your driver's license or privilege to drive in

19   the State of New York because of your plea?

20         A.     Yes, sir.

21         Q.     The Court has had a conference with the

22   People and your counsel.   The Court has put its

23   sentence position on the record.   Do you understand

24   that sentence position?

25         A.     Yes.

SEP-18-2001  15:24          U.S. PROBATION W.P.                        914 390 4055   P.17/20

1                          Proceedings                        8

2          Q.     Do you understand that if the Court feels

3     it cannot comply with the sentence commitment, you will

4     be given a chance to withdraw your plea, if you wish?

5          A.     Yes, sir.

6          Q.     Other than the Court's intention on

7     sentence, has anyone made any promise or representation

8     to you in order to get you to plead guilty?

9          A.     No, sir.

10         Q.     Do you understand that you would have a

11    right a appeal your conviction and sentence to the

12    Appellate Division, Second Department by the filing of

13    a notice of appeal unless you waive your right to do

14    so?

15         A.     Yes, sir.

16         Q.     Do you further understand that if you wish

17    to enter this plea agreement, you will be required to

18    waive this right to appeal your conviction and

19    sentence?

20         A.     Yes, sir.

21         Q.     Have you discussed this particular matter

22    with your attorney?

23         A.     Yes, sir.

24         Q.     In consideration of this negotiated plea,

25    do you now voluntarily waive your right to appeal your

Proceedings                          9

2    conviction and sentence under this indictment?

3          A.      Yes, sir.

4          Q.      In further consideration of this negotiated

5    plea, do you now withdraw all motions made by you

6    whether pending or decided?

7          A.      Yes.

8                  MS. MARHOFFER:  There are none.

9        * Q.      Do you understand your statements here

10   today may be used against you in other judicial

11   proceedings?

12         A.      Yes.

13         Q.      Do you now plead guilty to criminal

14   possession of a controlled substance third degree?

15         A.      Yes, sir.

16         Q.      Do you now admit that in the Town of

17   Greenburgh, County of Westchester, State of New York,

18   on or about May 14, 1993, while aiding, abetting and

19   acting in concert with Warren Lauri (Ph.) you did

20   knowingly and unlawfully possess one or more

21   preparations compounds, mixtures and substances of an

22   aggregate weight of one-half ounce or more containing a

23   narcotic drug, and that narcotic drug was cocaine, and

24   that you knew it was greater than one-half of an ounce?

25         A.      Yes, sir.

Proceedings                    10

2    Q.    Do you understand everything that has been

3    said here today?

4    A.    Yes.

5    Q.    Do you have any questions for me?

6    A.    Yes, sir.

7    Q.    What is the question?

8    A.    The time when I waived my extradition,

9    would that time count to be credited towards the time?

10        MR. MOORE:  I'm not aware.  I won't be able

11        to answer that question.

12        THE COURT:  I'm not sure myself.  They'll

13        computed your time.  Whatever it is, they'll do

14        it according to the law.

15        THE DEFENDANT:  When will I know that?

16        THE COURT:  As soon as you get to the

17        facility where you're headed, they'll give you a

18        computation.

19        THE DEFENDANT:  All right.

20    Q.    Anything else?

21    A.    No, sir.

22        MR. MOORE:  In light of the voir dire, the

23        People will recommend the Court accept the plea.

24        THE COURT:  I'll accept it and put it on for

25        November 30th for sentence, and order a

SEP-18-2001  15:25        U.S. PROBATION W.P.                    914 390 4055    P.20/20

```
 1                        Proceedings                    11

 2          presentence report.

 3                            o0o

 4              CERTIFIED TO BE A TRUE AND CORRECT
                TRANSCRIPT OF MINUTES IN THIS CASE
 5

 6          _____

 7          Steven Sacripanti,
            Senior Court Reporter
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                                                  1

2    COUNTY COURT OF THE STATE OF NEW YORK

3    COUNTY OF WESTCHESTER          PART  JEM

4    - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                               :
5    THE PEOPLE OF THE STATE OF NEW YORK,
                                               :   INDICTMENT
6              -against-                            # 1509/93
                                               :   SENTENCE
7    TODD L. NALLEY,
                                               :
8                         Defendant.
                                               :
9    - - - - - - - - - - - - - - - - - - - - - - - - - -X

10                        Westchester County Courthouse
                          111 Grove Street
11                        White Plains, New York
                          November 30, 1995
12
     BEFORE:
13             HON. J. EMMETT MURPHY,
               Judge of the County Court
14

15   APPEARANCES:

16             JEANINE PIRRO, ESQ.
               District Attorney
17             111 Grove Street
               White Plains, New York
18             BY: PATRICK MOORE, ESQ.

19             SUSAN MARHOFFER, ESQ.
               Attorney for Defendant
20

21

22                        HOWARD BRESHIN,
                          SENIOR COURT REPORTER
23

24

25

FILED

JUN 2 6 1996

LEONARD N. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

```
1                    Proceedings           2

2           THE CLERK:  The People against Todd Nalley.

3      The matter is on for sentence.

4           MS. MARHOFFER:  Susan Marhoffer,

5      M-A-R-H-O-F-F-E-R, 344 Main Street, Mount Kisco.

6           THE COURT:  Good morning, Ms. Marhoffer.

7           MS. MARHOFFER:  Good morning.

8           THE COURT:  The defendant pled guilty on

9      October 26th to a Class B felony, Criminal

10     Possession of a Controlled Substance Third

11     Degree.  The People reduced it to that and it

12     was all done in anticipation of a sentence of

13     two to six years in state prison.

14          We have ordered and received a pre-sentence

15     report.  You and I have reviewed and conferred

16     on it.  Is there any legal reason why sentence

17     ought not now be imposed, Ms. Marhoffer?

18          MS. MARHOFFER:  None that I am aware of.

19          THE COURT:  I am prepared to abide by the

20     indicated conference.  Anything to say before

21     sentence?

22          MS. MARHOFFER:  I have nothing, your Honor.

23          THE COURT:  Mr. Nalley, anything to say

24     before sentence?

25          THE DEFENDANT:  Yes, I do have something to
```

<pre>
1                    Proceedings                        3
2        say.
3              THE COURT:  Go ahead.
4              THE DEFENDANT:  I was told that I was better
5        off taking a two to six, because if I tried to
6        file any motions, that the offer would be taken
7        away and it would go up, so I felt that was the
8        reason for me to take the two to six, because I
9        do have grounds that I feel I can challenge this
10       District Attorney and the People of the County.
11             Like I told you before, I signed a waiver of
12       extradition and I've been to court seven times.
13       I kept telling my lawyer that.  Nobody wants to
14       hear me.  No motions filed, nothing.
15             THE COURT:  Okay.  Well, you did, on the
16       other hand, waive all your rights to do that.
17       You made a decision.  A change of mind isn't
18       grounds for a change of plea.
19             THE DEFENDANT:  I don't wish to change the
20       plea.  I just wished -- I don't want to go to
21       trial.  I will keep the plea, but I do want
22       somebody to hear -- I had no hearing or nothing.
23             THE COURT:  I understand that, but there is
24       a price to be paid for that.  You know, what you
25       are charged with deserves more than what you got
</pre>

1                    Proceedings                    4

2          if you are guilty of it, and you go to trial and

3          you are found guilty of it, you wouldn't be

4          entitled to the reduced charge, and they would

5          also hit you with a bail jumping as well.

6              You might have a defense to those things.

7          You might knock the ball right out of the park.

8          On the other hand, if you get tagged, you are

9          looking at very substantial more than what you

10         are looking at now.

11             You can't have it both ways.  What you want

12         to do is keep your plea and see if you can knock

13         it out but make sure you keep the reduced

14         sentence indication and that the bail jumping is

15         covered.

16             You are looking for a better deal than what

17         was offered to you.  You are looking for a

18         better deal than what is available to you, and

19         as I say, a change of mind isn't grounds for a

20         change of plea.

21             Anything else?

22             THE DEFENDANT:  No.

23             THE COURT:  Sentence is to state prison for

24         not less than two years, maximum of six years.

25         A $155.00 surcharge is imposed.  Your privilege

|     |                                                          |
|-----|----------------------------------------------------------|
|     | Proceedings                    5                          |
| 1   |                                                          |
| 2   | to drive in New York is suspended for at least           |
| 3   | six months.  Make sure you don't get behind a            |
| 4   | wheel of a car during that period, and before            |
| 5   | you drive, check with the Department of Motor            |
| 6   | Vehicles and make sure they will list your               |
| 7   | suspension as terminated, because it becomes a           |
| 8   | crime and a violation of parole.                          |
| 9   | MS. MARHOFFER:  He is not a New York                    |
| 10  | resident, he is a State of Connecticut resident.         |
| 11  | THE COURT:  Regardless of that, I understand            |
| 12  | what you are saying, but regardless of that, the        |
| 13  | same rules apply.  It is a privilege to drive in         |
| 14  | New York and that is suspended.                          |
| 15  | MS. MARHOFFER:  Very good.                              |
| 16  | THE COURT:  It is a crime to drive in New              |
| 17  | York.                                                    |
| 18  | You have thirty days to appeal, ninety days             |
| 19  | to perfect your appeal.  If you can't afford a          |
| 20  | lawyer, we will assign one to represent you for         |
| 21  | the purpose of appeal.  Ms. Marhoffer remains           |
| 22  | your attorney for the purpose of this discussing        |
| 23  | the possibility of appeal.                               |
| 24  | Your privilege to drive in New York is not              |
| 25  | suspended.  This was a bail jumping that we are          |

```
1                    Proceedings              6

2        talking about, it was because you were absent

3        for some time.  This is before they changed the

4        law and made that one of the penalties.  Your

5        license is not suspended.

6                    CERTIFIED TO BE A TRUE AND CORRECT
                     TRANSCRIPT OF MINUTES IN THIS CASE.
7

8                    _____
                     HOWARD BRESHIN
9                    SENIOR COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

VS.

| | |
|---|---|
| Docket No. | 3:00CR00044(JCH) |
| Defendant No. | 002 |

TODO DAVENDER

## PRESENTENCE REPORT

| | | | |
|---|---|---|---|
| Prepared for: | The Honorable Janet C. Hall<br>United States District Judge | Sentencing Date: | January 25, 2002<br>at 3:30 p.m. |
| Prepared by: | Ray Lopez<br>Senior United States Probation Officer | Office Location: | Bridgeport |

**Offense:** Cts. 1& 2- Conspiracy to Possess With Intent to Distribute in Excess of 50 Grams of Cocaine Base and 5 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.
Cts. 9&12- Conspiracy to Attempt to Possess With Intent to Distribute in Excess of 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846.

**Penalty:** Cts. 1 & 2- 20 years to life imprisonment, $8,000,000 fine, 10 years to life supervised release, $100 special assessment.
Cts. 9 & 12- 10 years to life imprisonment, $4,000,000 fine, 8 years to life supervised release, $100 special assessment.

**Date of Arrest:** 08/27/00     **Date Offense Concluded:** 08/27/00     **Date of Verdict:** 11/06/01

**Custodial Status:**     In pretrial detention since August 27, 2000

### Identifying Data

**Date of Birth:** 06/24/69     **Age:** 32     **Sex:** Male     **Race:** Black/non-Hispanic

**Citizenship:** U.S.A.     **Dependents:** None     **Education:** 11th Grade

**FBI No.:** 107027NA5     **SSN:** 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     **Other ID No.:** CT00592105, NY7428138N

**U.S. Marshal No.:** 13960-014

**Legal Address:** 174 Hamilton Street, Apt. 708
New Haven, Connecticut
**Detainers:** None

**Codefendants:** Ryan Baldwin, Theodore Smith, Anita Morales, Tyrone Conley, Corey Harris, Georgina McCleese, Tyrese Barker, Patrick Stenson, George Cunningham, Louis Phelmetto

**Assistant U.S. Attorney**
H. Gordon Hall
157 Chapel Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700

**Defense Counsel**
Lewis Chimes (appointed)
405 Orange Street
New Haven, Connecticut 06511
(203) 777-4425

**Date of First Disclosure:** December 19, 2001

**Mandatory Minimum [X]**

**Date of Second Disclosure:**     Copy 6

12

In addition to the above offense, the defendant was initially arrested for possession of narcotics. He also failed to appear on the original charges on November 5, 1991. There is no further information available regarding this offense.

| | | | | |
|---|---|---|---|---|
| 67. | 05/14/93 (Age 22) | Criminal Possession of a Controlled Substance in the 3rd Degree New York State Police | 12/19/95: 2 to 6 years prison, Westchester County Court, White Plains, New York Dkt. No. 1509-93 | 4A1.1(a)  <u>3</u> |

Court records document that the defendant was represented by counsel. It is noted that the defendant was arrested and convicted in this case under the alias Todd Nalley.

Records from the New York State Department of Corrections document that on the above date, after being stopped for a traffic violation, the defendant was found in possession of a quantity of marijuana and cocaine.

The defendant was received at the Downstate Correctional Facility on December 19, 1995. He was paroled on May 2, 1997, and his case was moved to the Manhattan III office. During the presentence interview for the instant offense, the defendant admitted that he was living in Connecticut while being supervised by the New York State Parole Office. As a result of his arrest in the instant offense, a warrant was issued for his arrest alleging a violation of parole. However, that warrant was eventually withdrawn and the defendant was unsuccessfully discharged from parole on May 5, 2001.

| | | | | |
|---|---|---|---|---|
| 68. | 12/30/93 (Age 24) | Assault in the 1st Degree New Haven, CT PD | 10/11/95: 5 years susp. 5 years conditional discharge, Superior Court, New Haven, CT Dkt. No. CR93-389133 | 4A1.1(c)  <u>1</u> |

The arrest report states that on November 26, 1993, officers began investigating a shooting in which the victim received life threatening injuries to his right thigh and stomach area. After recovering from surgery, the victim identified the defendant as one of his assailants. In addition to the above offense, the defendant was also initially arrested for illegal use of a firearm, possession of a firearm without a permit, and reckless endangerment in the 1st degree.

| | | | | |
|---|---|---|---|---|
| 69. | 09/18/95 (Age 26) | Failure to Appear New Haven, CT PD | 10/11/95: 5 years susp. 5 years conditional discharge, Superior Court, New Haven, CT Dkt. No. CR93-389133 | 4A1.1(c)  <u>1</u> |

Westchester County District Attorney's Office

Open Branch SCGR    Case Type  NARCOTICS

| Rel. Case # | | Branch | Status | | | Off Type | Ind/SCI # | Ind/SCI.Date | Docket # |
|---|---|---|---|---|---|---|---|---|---|
| Defendant | X1058322 | SCGR | Closed | Sealed | No | OT | 193-1509-02 | 10/28/1993 | |

**age # X320304    10/19/1993**

| time Date | 05/14/1993 | Arrest Info | | | |
|---|---|---|---|---|---|
| time Location 0 | | | P.D. | 0 | 00:00 |
| | .NY | | | .NY | |

**irisdiction    'GREENBURGH'**

All file date

| ate | Proceeding | Action | Adjournment | Branch | ADA | Judge |
|---|---|---|---|---|---|---|
| 5/30/1995 | SENTENCING | COMPLETED | | SCGR | MOORE P | MURPHY J |
| 5/26/1995 | ALL PURPOSE | COMPLETED | | SCGR | MOORE P | MURPHY J |
| 5/12/1995 | ALL PURPOSE | ADJOURN | OT ADJOURN REASON | SCGR | LEVITT D | MURPHY J |
| 2/09/1993 | ALL PURPOSE | NOT COMPLETE | | SCGR | WARD T | MURPHY J |
| 1/12/1993 | SUP COURT ARRAIGN | COMPLETED | | SCGR | DADDARIO   M | MURPHY |
| 0/28/1993 | COURT FILING | INDICTMENT FILED | | GJGR | GERBER H | CAREY J |
| 0/21/1993 | GR JURY PRESENT | GRAND JURY INDICT | | GJGR | GEORGE J | NOJ |

| unt | Charge | Dispo Dat | Disposition | Dispo Charge | Appx | Dismissal Reason |
|---|---|---|---|---|---|---|
| 1 | CPCS-3ND:2 OZ NARCOTIC  AF3 | 10/26/1995 | GUILTY PLEA  220.16.01 | CPOM:POSS NARCO DRUG f     AF3 | | |
| 3 | DRIVER/PASS-W/G-FRNT-S- 010 | 10/26/1995 | SATISFY OTHER CHARGE | | | |
| 4 | | 10/26/1995 | SATISFY OTHER CHARGE | | | |
| 5 | EQUIP VIO:OBSTRUCTED  010 | 10/26/1995 | SATISFY OTHER CHARGE | | | |

| ount | Sentenced | Sentence | Length | Description | Fine | Condition | Steno |
|---|---|---|---|---|---|---|---|
| 1 | 11/30/1995 | STATE PRIS (IMPRIS STATE INDETERMINATE) | 2Y-6Y | | | | BRESHIN H |

09/13/01  THU 11:37 FAX                                                      ⬚002

9/13/01        SRCLOO8        CRIME AND SENTENCE INFO   *RCLASS*  PAGE   1 OF  1
AME NALLEY, TODD L                                       DATE RECEIVED 12/19/1995
OB  06/24/1969        DIN 95A8717        NYSID 7428138N            FBI 107027NAS
EGISTERED N  RISK.LVL    REG.EXP.DT       WARRANTS N  UNF N  CMC N ....
EX.OFFENDER:.IO    NO QUAL. CRIME PRIOR    NO QUAL. CRIME OTHER    NO QUAL. CRIME
NA        DOCS ACTION
RIT DATE PH DATE/TYPE  PH RLSE DTE  PE DATE  TAC DTE/TYPE  CR DATE      ME DATE
/  /    09/1997 APOD 05/02/1997 05/02/1997 01/1999 INIT 05/02/1999 05/02/2001
                              CRIME NUMBER 0001
TT N CRIME 2010 CRIM POSS CONTR SUBSTANCE 3RD  CLS 8   TYPE N FIRST   CCCS
  MIN TERM 02 00 00   MAX TERM 06 00 00   PRS TERM            CTS 001  JAIL 0226
OUNTY 59 WESTCHESTER   COURT COUNTY   JUDGE J EMMETT MURPHY INDICT NO 1509/93
OMMIT 05 14 93     ARREST 05 14 93      CONV P PLEA                 SENT 11 30 95
ATE   CRIME LOC GREENBURGH,NY   COURT NO 16385407P   ARREST AGY NYSP

TT   CRIME
  MIN TERM          MAX TERM          PRS TERM    CLS    TYPE       CCCS
OUNTY              COURT             JUDGE               CTS        JAIL
OMMIT             ARREST             CONV               INDICT NO
ATE   CRIME LOC              COURT NO              ARREST AGY        SENT

AIL TIME USED IN DATE COMP  0226


_IAS(ES) (LAST, FIRST, MIDDLE)  NALLEY          TODD        LEVON

ARRANT NO. <            >
KPL. OF DET/PEND. CHRGS/ –
ARRANTS (INCL JURISDIC.) –

  REMARKS SECTION (DESCRIPTION OF CRIMINAL ACT, ACT ATTRIBUTED TO, ETC.)
DEF WHILE BEING STOPPED FOR A TRAFFIC OFFENSE WAS FOUND TO BE IN POSSESSION>  *
OF A QUANTITY OF MARIJUANA AND COCAINE                                     >
MS $150                                                                    >
CVF $5                                                                     >
ALSO COVERS POTENTIAL BAIL JUMP                                            >
                                                                           >
                                                                           >
                                                                           >

                    ACCOMPLICES/CO-DEFENDANTS                        ACC/CO
                                                                          >
                                                                          >
                                                                          >

       INFORMATION CONCERNING PRIOR FELONY AND MISDEMEANOR OFFENSES

LONY ARRESTS 02  CONVICTIONS 01  FELONY ARRESTS WITHOUT CLEAR DISPOSITION 00

ST SERIOUS PRIOR:
     ARREST (  )   CONVICTION (  )   JUVENILE DELINQUENT (   )
     ADJUDICATED YOUTHFUL OFFENDER (   )   JUVENILE OFFENDER (   )
  TYPE OF SENTENCE:
        PROBATION (  )   LOCAL JAIL (  )   STATE/FEDERAL PRISON (   )
        OFY (  )   LOCAL JAIL AND PROBATION (  )   OTHER (  )
     DATE    CRIME                            ATT  MIN TERM   MAX TERM
             NONE   NONE

SDEMEANOR ARRESTS (  ) CONVICTIONS (  )
ER PRIOR DISPOSITIONS:  PROBATION (  ) LOCAL JAIL (  ) STATE PRISON (  )

T:   IRC(1), GUIDANCE & COUNSELING UNIT (1), INST PAROLE (2)

# COUNTY COURT OF THE STATE OF NEW YORK

COUNTY WESTCHESTER

## SENTENCE AND COMMITMENT

THE PEOPLE OF THE STATE OF NEW YORK
vs

TODD L. NALLEY

aka TODD DAVENDER

INDICTMENT NO. **1509-93**

SUPERIOR COURT INFO. NO.

DATE **November 30, 1995**

PRESENT HONORABLE **J. EMMETT MURPHY**

THE ABOVE-NAMED DEFENDANT HAVING BEEN

[X] CONVICTED OF THE CRIME OF ___Red. Count 1 - CRIMINAL POSSESSION CONTROLLED SUBSTANCE 3°___
PL 220.16

[ ] FOUND TO BE YOUTHFUL OFFENDER FOR THE CRIMINAL ACT OF ___

UNDER THE ABOVE-DESIGNATED INDICTMENT, IT IS ORDERED, THAT THE SAID DEFENDANT BE AND HEREBY IS SENTENCED TO

[X] AN INDETERMINATE TERM OF IMPRISONMENT WHICH SHALL HAVE A MAXIMUM TERM OF **Six** YEARS.
AND A MINIMUM TERM OF **Two** YEARS.

[ ] AS A SECOND FELONY OFFENDER
[ ] AS A PERSISTENT FELONY OFFENDER
[ ] OTHER (SEE BELOW)   [ ] PROBATION ___ YEARS   [ ] LICENSE REVOKED
[ ] A DEFINITE TERM OF IMPRISONMENT WHICH SHALL HAVE A TERM OF ___
[ ] A FINE OF ___ DOLLARS
[X] MANDATORY SURCHARGE $ **150.00**   [X] VICTIMS ASSISTANCE FEE $ **5.00**

AND THAT THE SENTENCE HEREIN SHALL RUN
[ ] CONCURRENTLY   WITH THE   [ ] SENTENCE
[ ] CONSECUTIVELY   [ ] UNDISCHARGED PORTION OF THE TERM OF IMPRISONMENT
IMPOSED ON THE DEFENDANT UNDER THE CONVICTION UPON THE INDICTMENT NUMBERED

[X] ALSO COVERS **POTENTIAL BAIL JUMP**
[ ] WHEREIN THE DEFENDANT IS IN CUSTODY
[ ] WHEREIN THE DEFENDANT IS NOT IN CUSTODY

AND THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE

[X] DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK UNTIL RELEASED IN ACCORDANCE WITH THE LAW, AND
 [X] BEING A MALE PERSON TWENTY-ONE YEARS OLD OR OLDER THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY IS DIRECTED TO DELIVER HIM TO THE DOWNSTATE CORRECTIONAL FACILITY LOCATED AT FISHKILL, NEW YORK.
 [ ] BEING A MALE MORE THAN SIXTEEN AND LESS THAN TWENTY-ONE YEARS OLD, THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY IS DIRECTED TO DELIVER HIM TO THE DOWNSTATE CORRECTIONAL FACILITY LOCATED AT FISHKILL, NEW YORK.
 [ ] BEING A FEMALE PERSON, THE WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY IS DIRECTED TO DELIVER HER TO THE BEDFORD HILLS CORRECTIONAL FACILITY LOCATED AT BEDFORD HILLS, NEW YORK.
[ ] DEPARTMENT OF CORRECTION OF THE COUNTY OF WESTCHESTER UNTIL RELEASED IN ACCORDANCE WITH THE LAW.
[X] TO THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES: PURSUANT TO SECTION 60.35 OF THE PENAL LAW OF THE STATE OF NEW YORK, A MANDATORY SURCHARGE AND VICTIMS ASSISTANCE FEE IN THE AMOUNT OF $ **155.00** HAS BEEN IMPOSED. YOU ARE HEREBY NOTIFIED THAT THE DEFENDANT HAS FAILED TO PAY THIS AMOUNT AS OF THE DATE OF THIS SENTENCE.

REMARKS

DEFENDANT'S ADDRESS: **West 78 Hamilton Street, New Haven, CT #708**

DOB: **6/24/69**

A TRUE EXTRACT FROM THE MINUTES

LEONARD N. SPANO
COUNTY CLERK

COUNTY CLERK

CERTIFIED JAIL TIME CREDIT

MAY 17 2001

SIGNATURE

TITLE

SEP-18-2001  15:18    U.S. PROBATION W.P.    914 390 4055    P.03/20

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department
### Request For Appellate Division Intervention - Criminal Cases

*509/93*

**Instructions:** Use a separate copy of this form for each judgment, sentence or order appealed from. Multiple convictions under different accusatory instruments, even if the judgments were rendered in the same court on the same day, require the completion of separate copies of this form. Please type or print and answer all questions. Attach a copy of the notice of appeal. If the appeal is from an order, attach a copy. If the appeal is from a judgment or sentence, attach a copy of the commitment order or an extract of the clerk's minutes.

| Case Title: | For Appellate Division Use Only |
|---|---|
| The People of the State of New York | Case No.: |
| vs. | |
| Todd Bailey | File Opened: |

**Appellate Division Status:** Place a ✓ in the appropriate box to indicate the Appellate Division status of the parties.

Plaintiff ☐ Appellant ☐ Respondent
Defendant ☐ Appellant ☐ Respondent

**Type of Crime:** If this is an appeal from a judgment of conviction, a sentence or an order granting or denying post-conviction relief, place a ✓ mark in up to five of the following boxes to indicate the type of crime or crimes of which the defendant was convicted. If the conviction was for more than five crimes, check the five most serious charges. Check the ○ to indicate that the conviction was for the substantive crime and check the ☐ to indicate that the conviction was for an attempt to commit that crime. In the event that the precise crime of which the defendant was convicted does not appear on the following list, check the box comparable to the article of the Penal Law in which the substantive crime is set forth. If this is an appeal by the People from an interlocutory order, check up to five boxes to indicate the crimes of which the defendant has been charged.

○ = Substantive Crime    ☐ = Attempt to Commit Crime

| | | | | |
|---|---|---|---|---|
| ○ ☐ 1. | Arson | ○ ☐ 18. | False Written Statements, Offenses Involving | ○ ☐ 35. | Marital Relationship, Offenses Affecting |
| ○ ☐ 2. | Assault & Related Offenses | ○ ☐ 19. | Firearms & Dangerous Weapons, Possession | ○ ☐ 36. | Motor Vehicle, Operating Under Influence |
| ○ ☐ 3. | Bribery, Not Public Servant & Related Offenses | ○ ☐ 20. | Firearms & Dangerous Weapons, Use | ○ ☐ 37. | Motor Vehicle, Other |
| ○ ☐ 4. | Bribery, Public Servants & Related Offenses | ○ ☐ 21. | Firearms & Dangerous Weapons, Other | ○ ☐ 38. | Obscenity & Related Offenses |
| ○ ☐ 5. | Burglary & Related Offenses | ○ ☐ 22. | Forgery & Related Offenses | ○ ☐ 39. | Offenses Relating to Judicial & Other Proceedings |
| ○ ☐ 6. | Children & Incompetents, Offenses Affecting | ○ ☐ 23. | Frauds on Creditors | ○ ☐ 40. | Official Misconduct, Obstruction of Public Servants |
| ○ ☐ 7. | Computer Offenses | ○ ☐ 24. | Frauds, Other | ○ ☐ 41. | Perjury & Related Offenses |
| ○ ☐ 8. | Conspiracy | ○ ☐ 25. | Gambling Offenses | ○ ☐ 42. | Privacy, Offenses Against |
| ○ ☐ 9. | Controlled Substances, Possession | ○ ☐ 26. | Homicide, Abortion | ○ ☐ 43. | Prostitution Offenses |
| ○ ☐ 10. | Controlled Substances, Sale | ○ ☐ 27. | Homicide, Criminally Negligent | ○ ☐ 44. | Public Order, Offenses Against |
| ○ ☐ 11. | Controlled Substances, Other | ○ ☐ 28. | Homicide, Manslaughter | ○ ☐ 45. | Public Sensibilities, Offenses Against |
| ○ ☐ 12. | Criminal Facilitation | ○ ☐ 29. | Homicide, Murder | ○ ☐ 46. | Robbery |
| ○ ☐ 13. | Criminal Mischief & Related Offenses | ○ ☐ 30. | Homicide, Vehicular Manslaughter | ○ ☐ 47. | Sex Offenses, Rape |
| ○ ☐ 14. | Criminal Possession of Stolen Property | ○ ☐ 31. | Insurance Fraud | ○ ☐ 48. | Sex Offenses, Sexual Abuse |
| ○ ☐ 15. | Criminal Solicitation | ○ ☐ 32. | Kidnapping, Coercion & Related Offenses | ○ ☐ 49. | Sex Offenses, Sodomy |
| ○ ☐ 16. | Enterprise Corruption | ○ ☐ 33. | Larceny | ○ ☐ 50. | Theft Offenses, Other |
| ○ ☐ 17. | Escape & Offenses Relating to Custody | ○ ☐ 34. | Marihuana Offenses | ○ ☐ 51. | Other |

**Original Court Information** (Use another Form D for additional appeals):

**Appeal From** (Check one only): ☑ Judgment  ☐ Order  ☐ Sentence  ☐ Amended Judgment  ☐ Amended Order  ☐ Amended Sentence
☐ Resettled Order  ☐ Decision  ☐ Other (specify):

| Dated or Rendered: Nov 30, 1995 | Indictment or Superior Court Information No.: 1509/93 |
|---|---|
| Court: County | County: Westchester |
| Stage: ☐ Interlocutory  ☑ Final  ☐ Post-Final | Judge (name in full): Barnett Murphy |
| Conviction: ☐ Plea of Guilty  ☑ Jury Verdict  ☐ Nonjury Trial  ☐ Not Applicable | |

**Codefendants:** Were there any codefendants under this accusatory instrument? ☑ Yes  ☐ No
Names of codefendants convicted under this accusatory instrument:

| Defendant Information (Please supply any available information): | NYSIS No.: 1429138-3 |
|---|---|
| Prisoner Identification No.: | FBI No.: |
| Address: 1329 Chapel St, New Haven CT | |

App. Div. : 2nd Dept.

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
PENAL LAW
CHAPTER 40 OF THE CONSOLIDATED LAWS
PART THREE--SPECIFIC OFFENSES
TITLE M--OFFENSES AGAINST PUBLIC HEALTH AND MORALS
ARTICLE 220--CONTROLLED SUBSTANCES OFFENSES
Copr. © West 1994, 1995. All rights reserved.

§ 220.16 Criminal possession of a controlled substance in the third degree

A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses:

1. a narcotic drug with intent to sell it;  or
2. a stimulant, hallucinogen, hallucinogenic substance, or lysergic acid diethylamide, with intent to sell it and has previously been convicted of an offense defined in article two hundred twenty or the attempt or conspiracy to commit any such offense;  or
3. one gram or more of a stimulant with intent to sell it;  or
4. one milligram or more of lysergic acid diethylamide with intent to sell it; or
5. twenty-five milligrams or more of a hallucinogen with intent to sell it;  or
6. one gram or more of a haullcinogenic substance with intent to sell it;  or
7. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-eighth ounce or more containing methamphetamine, its salts, isomers or salts of isomers with intent to sell it;  or
8. five grams or more of a stimulant;  or
9. five milligrams or more of lysergic acid diethylamide;  or
10. one hundred twenty-five milligrams of a hallucinogen;  or
11. five grams or more of a hallucinogenic substance;  or
12. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic drug.
13.  one thousand two hundred fifty milligrams or more of phencyclidine.
Criminal possession of a controlled substance in the third degree is a class B felony.

1989 Main Volume Credit(s)

(Added L.1973, c. 276, § 19;  amended L.1973, c. 1051 § 10;  L.1979, c. 410, § 13;  L.1985, c. 341, § 5.)

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

1989 Main Volume Historical and Statutory Notes

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works