Todd Davender
Reg. No: 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, Colorado  81226

Petitioner - <u>Pro Se</u>



## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TODD DAVENDER,** | | |
| Movant-Petitioner, | \| | |
| | \| | Civil No:  3:04-1667(JCH) |
| | \| | Crim. No:  3:00-CR-44(JCH) |
| **Vs.** | \| | |
| | \| | |
| **UNITED STATES OF AMERICA,** | \| | |
| Plaintiff-Respondent. | \| | |

---

### SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULES OF CIVIL PROCEDURE RULE 15(d).

---

### <u>INTRODUCTION</u>

COMES NOW, the Movant, Todd Davender, <u>pro se</u>, and petitions this Honorable Court to grant Movant's Supplemental pleading to his 28 U.S.C. § 2255 motion. In the instant case Movant is asking the Court to take notice of **<u>Haines v. Kerner</u>**, 404 U.S. 519, 520 (1972)(per curiam)(pro se complaint held to less stringent standard than formal papers drafted by lawyers). In support of his motion, Movant states the following:

## STATEMENT OF ISSUE

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT
WHEN A VARIENCE OCCURRED BETWEEN THE CHARGE AND
THE PROOF AT TRIAL, VIOLATING PETITIONER'S 5th. & 6th.
AMENDMENT RIGHTS.

## SUMMARY OF THE CASE

Movant-Petitioner, Todd Davender, was charged in counts One, Two, Nine and Twelve of a superseding indictment with conspiring to possess and distribute 50 grams or more of cocaine base, conspiring to possess and distribute 5 kilograms or more of cocaine and attempting to possess 500 grams or more of cocaine on two specific dates. Petitioner was convicted after trial by jury and sentenced to concurrent sentences of 360 months incarceration on each count.

Prior to the verdict in this case attorney Lewis Chimes for the defendant asked for an acquittal pursuant to Rule 29 indicating that the prosecution failed to prove beyond a reasonable doubt their case in chief at trial. Instead counsel should have informed the court that there was a varience between the charge alleged and the proof at trial.

I

## ARGUMENT

To establish ineffective assistance of counsel one must meet the two prongs set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must show (1) that "his counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "that the deficient performance prejudiced his defense."

## A. **VARIANCE**

After reviewing volumes of trial transcripts petitioner would ask the court to dismiss count One of the indictment on account of the proof at trial established a basis for conviction that was broader than the basis stated in the indictment. The indictment states cocaine base in which there are more than one type. However at trial the prosecutor turned the proof at trial into the crack form of cocaine base which carries a 100 : 1 ratio. See notes to drug quantity table: U.S.S.G. § 2D1.1(D), which states for the purpose of this guideline cocaine base means "crack". Which is materially different from the charge alleged in the indictment. See <u>Stirone v. U.S.</u>, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Where an essential element of the charges has been altered without resubmission to the grand jury, "deprivation of such a basic right is more than a variance and then dismissed as harmless error." Id. at 217, 80 S.Ct. at 273.

## B. **PREJUDICE**

To prevail on a variance of proof claim, a defendant must demonstrate prejudice. <u>U.S. v. Weiss</u>, 752 F.2d at 787.

In the instant offense petitioner was charged in count One (1) of a superseded indictment for 50 grams or more of cocaine base. The evidence at trial, however, established as an alternative basis for conviction that the cocaine base is the crack form. The word crack became an element of the offense when the penalty enhanced petitioner 100 times more than the charge itself. Petitioner would have had base offense level of 32 instead of 38 and a statutory range far less than 360 months imprisonment for count Two (2) of the indictment.

The presecutor may rely on the witnesses testimony at the grand jury however their testimony will never pass muster on account of those who testified are not forensic chemist. Wherefore, petitioner offers (exhibit A) confirming to the facts (1) the lab reports which never mention crack (2) the indictment which never mentions crack (3) see jury instructions on file which never mention crack and (4) the verdict form which never mentions crack.

## C. DUE PROCESS VIOLATION

Here petitioner received the 100:1 sentencing ratio enhancement pursuant to §2D1.1(c)(1). However, post-Apprendi all indictments when listing any offense related to drugs must list the specific drug type that is being alleged within the indictment. An indictment can no longer merely make a reference in gereral to the mere word cocaine base without specifically stating the word "crack". Without more, it is impossible to tell from the reading of the superseding indictment what was in the minds of the grand jury at the time they handed down the indictment in the instant case. See Gaither v. U.S., 413 F.2d at 1066. "The sweeping powers of the grand jury over the terms of the indictment entail very strict limitations upon the power of the prosecutor or court to charge the indictment found by the jurors, or to prove at trial facts different from those charged in that indictment. Since the grand jury has unreviewable power to refuse indictment, and to alter a preposed indictment, proof at trial of facts different from the charged cannot generally be justified on the grounds that the same facts were before the grand jury and that the jurors might or even should have charged them." See also Russel v. U.S., 369 U.S. 749, 763-764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)

where the indictment as charging instrument has been recognized to have two chief purposes - first to apprise the accused of the charges against him. So that he may adequately prepare his defense, and second to describe the crime with which he is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense. See Stirone supra at 218, and see Wood v. Georgia, 370 U.S. 375, 390.

### D. **AMBIGUITY**

Also petitioner would ask the court whether there's ambiguity between the defenition in statute 21 U.S.C. § 841(a) & (b), which are the charge and penalty, when they never make mention to the guidelines. However, statute 18 U.S.C. § 3553(a)(4)(A)(i) does make mention to the guidelines. See U.S.S.G. § 2D1.1 n. D where it states: for the purpose of the guideline cocaine base means "crack" that which coincides with 18 U.S.C. § 3553(a)(4)(A)(i). Because "crack" is an element of the offense, the word "crack" should have been in the indictment. One can never know what sentencing statute he'll be sujected to until the sentencing phase, well after trial. See Criminal Code and Rules Ch. 227 - Sentences. The rule of lenity should be taken into account when there's ambiguity amongst statutes. See U.S. v. Thompson/Center Arms Co., 504 U.S. 505, 517-518, 119 L.Ed.2d 308, 112 S.Ct. 2102 (1992). See also, Haitian Centers Council, Inc. v. McNary, 969 F.2d 1350, 65 (2nd. Cir. 1992).

Wherefore, because of counsel's ineffectiveness petitioner contends that because of the varience not only was he deprived of notice or protection against double jeopardy it infringed his right to have the grand jury make the charge on its own judgment.

## CONCLUSION

Petitioner prays this Honorable Court will grant his motion.

Todd Davender
Reg. No. 13960-014
P.O. Box 7000
Florence, Colorado  81226

Petitioner - pro se

## CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed postage prepaid on this 9th day of March, 2007 by deposting same in the legal mail box at U.S.P. Florence, Colorado, 81226. To the following:

Peter D. Markle
Assistant United States Attorney
Federal Bar No. ct 05098
157 Church Street
New Haven, Ct. 06510


Office of the Clerk
U.S. Courthouse
915 Lafayette Blvd.
Bridgport, Ct. 06604

Todd Davender
Reg. No. 13960-014
P.O. Box 7000
Florence, Colorado  81226

Petitioner - pro se

U.S. Department of Justice
**Drug Enforcement Administration**

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

Read instructions on Reverse before completing.

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Lab. Seizure  ☒ Purchase  ☐ Seizure  ☐ Free Sample | | | | | | |
| ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal) | | | | | | |
| ☐ Internal Body Carry  ☐ Other (Specify) | | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| NEW HAVEN, CT | | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|---|
| | ☐ Case No. OR  ☐ Seizure No.  No. | | | |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 8 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?   ☐ NO (included above)   ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 22. SEAL  ☐ Broken  ☐ Unbroken | 23. RECEIVED BY (Signature & Date) | 24. Print or Type NAME and TITLE |

**LABORATORY REPORT**

25. ANALYSIS SUMMARY AND REMARKS

AMENDED REPORT
RE-ANALYSIS FOR COURT

EXHIBIT #8 CONTAINS COCAINE BASE
NEW GROSS WT: 36.4G
NEW NET WT: 9.8G

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 8 | 135950 | COCAINE BASE | | | | | 9.6G |

| 34. ANALYST (Signature)  ROGER W. GODINO | 35. TITLE  S/Forensic Chemist | 36. DATE COMPLETED  04-25-2001 |
|---|---|---|
| 37. APPROVED BY (Signature & Date)  HOWARD L. DOBR... | 38. TITLE  Laboratory Director | 39. LAB. LOCATION  New York |

DEA Form - 7
(Sept. 1995)

Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecution

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

**HOW OBTAINED (Check)**

☐ Lab. Seizure  [X] Purchase  ☐ Seizure  ☐ Free Sample
☐ Internal Body Carry  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal)
☐ Other (Specify)

| 2a. FILE NO | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|

**). WHERE OBTAINED (City, State/Country)**
IEW HAVEN, CT

| 4b. DATE OBTAINED |
|---|

**5. FILE TITLE**

**). REFERRING AGENCY (Name)**

**6b. REFERRAL**
☐ Case No. OR  ☐ Seizure No.
No.

**7. DATE PREPARED**

**8. GROUP NO.**

| Exhibit No. 9 | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?** ☐ NO (included above) ☐ YES (If Yes, enter exhibit no. and describe original container fully)

**EMARKS:**

**SUBMITTED BY SPECIAL AGENT (Signature)**

**18. APPROVED BY (Signature & Title)**

## LABORATORY EVIDENCE RECEIPT REPORT

| NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| SEAL ☐ Broken ☐ Unbroken | 23. RECEIVED BY (Signature & Date) | 24. Print or Type NAME and TITLE |

**ANALYSIS SUMMARY AND REMARKS**

## LABORATORY REPORT

AMENDED REPORT
RE-ANALYSIS FOR COURT
EXHIBIT #9 CONTAINS COCAINE BASE
NEW GROSS WT: 32.2G
NEW NET WT: 5.4G

| xhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | 136198 | COCAINE BASE | | | | | 5.2G |

**NALYST (Signature)**
ER W. GODINO

**PPROVED BY (Signature & Date)**
ARD L. DOBRES        4/5/07

**35. TITLE**
S/Forensic Chemist

**38. TITLE**
Laboratory Director

**36. DATE COMPLETED**
04-25-2001

**39. LAB. LOCATION**
New York

Form 1995) - 7

Previous edition dated 4/90 may be used until stock is exhausted.

**1 - Prosecution**

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

HOW OBTAINED (Check)

☐ Lab. Seizure    ☐ Money Flashed    ☒ Purchase    ☐ Seizure    ☐ Free Sample
☐ Internal Body Carry    ☐ Other (Specify)    ☐ Compliance Sample (Non-Criminal)

| 2a. FILE NO | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|

- WHERE OBTAINED (City, State/Country)
EW HAVEN, CT

| 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|

- REFERRING AGENCY (Name)

6b. REFERRAL    ☐ Case No. OR    ☐ Seizure No.
No.

| 7. DATE PREPARED | 8. GROUP NO. |
|---|---|

| Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 10 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?    ☐ NO (Included above)    ☐ YES (if Yes, enter exhibit no. and describe original container fully)
MARKS:

SUBMITTED BY SPECIAL AGENT (Signature)

| 18. APPROVED BY (Signature & Title) |
|---|

## LABORATORY EVIDENCE RECEIPT REPORT

| NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| SEAL    ☐ Broken    ☐ Unbroken | 23. RECEIVED BY (Signature & Date) | 24. Print or Type NAME and TITLE |

## LABORATORY REPORT

ANALYSIS SUMMARY AND REMARKS

AMENDED REPORT
RE-ANALYSIS FOR COURT

EXHIBIT #10 CONTAINS COCAINE BASE
NEW GROSS WT: 38.3G
NEW NET WT: 11.3G

| Exhibit No. | 27. Lab. No | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | 136414 | COCAINE BASE | | | | | 11.2G |
| | | | | | | | |

ANALYST (Signature)
R W. GODINO

APPROVED BY (Signature & Date)
RD L. DOBRES

| 35. TITLE    S/Forensic Chemist | 36. DATE COMPLETED    04-25-2001 |
|---|---|
| 38. TITLE    Laboratory Director | 39. LAB. LOCATION    New York |

Form (1995) - 7

Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecution

CLERK
UNITED STATES DISTRICT COURT DISTRICT COURT
BRIDGEPORT, CONN.

DISTRICT OF CONNECTICUT SEP 7  3 43 PM '00

GRAND JURY NO. B-99-1-121

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. B:00CR44 (JCH) |
| | : | FILED |
| v. | : | VIOLATIONS: |
| | : | 21 U.S.C. § 846 |
| RYAN BALDWIN, | : | (Conspiracy to Possess with |
| a/k/a "Bean"; | : | Intent to Distribute 50 Grams |
| | : | or More of Cocaine Base); |
| TODD DAVENDER, | : | 21 U.S.C. § 846 |
| a/k/a "T.O."; | : | (Conspiracy to Possess with |
| | : | Intent to Distribute 5 |
| THEODORE SMITH, | : | Kilograms or More of Cocaine); |
| a/k/a "Teddy-Ted"; | : | 21 U.S.C. § 841 |
| | : | (Possession with Intent to |
| ANITA RENEE MORALES, | : | Distribute and Distribution of |
| a/k/a "Nita"; | : | 5 Grams or More of Cocaine |
| | : | Base)(2 Counts); |
| TYRONE CONLEY, | : | 21 U.S.C. § 846 |
| a/k/a "Ty Ty"; | : | (Attempt to Possess with |
| | : | Intent to Distribute 500 Grams |
| COREY HARRIS; | : | or More of Cocaine)(2 Counts); |
| | : | 21 U.S.C. § 843 |
| GEORGINA McCLEESE, | : | (Use of a Telephone to |
| a/k/a "Gina"; | : | Facilitate the Commission of a |
| | : | Felony Drug Violation)(X 4 |
| TYRESE BARKER, | : | Counts); |
| a/k/a "Tila"; | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting)(2 |
| PATRICK STENSON, | : | Counts). |
| a/k/a "P.O."; | : | |
| | : | |
| GEORGE CUNNINGHAM, and | : | |
| a/k/a "G-Rock"; | : | |
| | : | |
| LOUIS D. PHELMETTO, JR., | : | |
| a/k/a "Rick," | : | |

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

COUNT ONE

From on or about June 4, 1999 until on or about August 27,

2000, the exact dates being unknown to the grand jury, in the

District of Connecticut, and elsewhere, RYAN BALDWIN, a/k/a "Bean"; TODD DAVENDER, a/k/a "T.O."; THEODORE SMITH, a/k/a "Teddy-Ted"; ANITA RENEE MORALES, a/k/a "Nita"; TYRONE CONLEY, a/k/a "Ty Ty"; COREY HARRIS; and GEORGINA McCLEESE, a/k/a "Gina", the defendants herein, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree together and with one another, to possess with intent to distribute and to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO

From on or about June 4, 1999 until on or about August 27, 2000, the exact dates being unknown to the grand jury, in the District of Connecticut, and elsewhere, RYAN BALDWIN, a/k/a "Bean"; TODD DAVENDER, a/k/a "T.O."; THEODORE SMITH, a/k/a "Teddy-Ted"; ANITA RENEE MORALES, a/k/a "Nita"; TYRONE CONLEY, a/k/a "Ty Ty"; COREY HARRIS; and GEORGINA McCLEESE, a/k/a "Gina", the defendants herein, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree together and with one another, to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of

2

cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

### COUNT THREE

On or about February 12, 2000, in the District of Connecticut, **RYAN BALDWIN, a/k/a "Bean,"** the defendant herein, knowingly and intentionally did possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FOUR

On or about June 2, 2000, in the District of Connecticut, **ANITA RENEE MORALES, a/k/a "Nita,"** the defendant herein, knowingly and intentionally did possess with intent to distribute and did distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT FIVE

On or about June 13, 2000, in the District of Connecticut, **THEODORE SMITH, a/k/a "Teddy Ted,"** the defendant herein,

3

knowingly and intentionally did possess with intent to distribute and did distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about June 30, 2000, in the District of Connecticut, **TYRONE CONLEY, a/k/a "Ty Ty,"** the defendant herein, knowingly and intentionally did possess with intent to distribute and did distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

On or about August 9, 2000, in the District of Connecticut, **Louis D. Phelmetto, Jr., a/k/a "Rick,"** the defendant herein, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful distribution, possession with intent to distribute, and conspiracy to distribute cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Sections 841(a)(1) and 846.

4

All in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

On or about August 13, 2000, in the District of Connecticut, **GEORGE CUNNINGHAM, a/k/a "G-Rock,"** the defendant herein, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful distribution, possession with intent to distribute, and conspiracy to distribute cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Sections 841(a)(1) and 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT NINE

On or about August 15, 2000, in the District of Connecticut and elsewhere, **TODD DAVENDER, a/k/a "T.O."** and **THEODORE SMITH, a/k/a "Teddy Ted,"** the defendants herein, knowingly and intentionally did attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2.

5

COUNT TEN

On or about August 16, 2000, in the District of Connecticut, **PATRICK STENSON, a/k/a "P.O.,"** the defendant herein, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful distribution, possession with intent to distribute, and conspiracy to distribute cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Sections 841(a)(1) and 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT ELEVEN

On or about August 25, 2000, in the District of Connecticut, **TYRESE BARKER, a/k/a "Tila,"** the defendant herein, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful distribution, possession with intent to distribute, and conspiracy to distribute cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Sections 841(a)(1) and 846.

All in violation of Title 21, United States Code, Section 843(b).

6

## COUNT TWELVE

On or about August 27, 2000, in the District of Connecticut and elsewhere, **TODD DAVENDER, a/k/a "T.O.," THEODORE SMITH, a/k/a "Teddy Ted,"** and **ANITA RENEE MORALES, a/k/a "Nita,"** the defendants herein, knowingly and intentionally did attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
JOHN A. DANAHER III
DEPUTY UNITED STATES ATTORNEY

_____
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY
CHIEF, DRUG TASK FORCE

_____
H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

I hereby certify that the foregoing is copy of the original document
Date: 9/7/00

KEVIN F. ROWE
Clerk

_____
Deputy Clerk

7

Drug Enforcement Administration

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

**HOW OBTAINED (Check)**

- [x] Purchase
- [ ] Seizure
- [ ] Free Sample
- [ ] Lab. Seizure
- [ ] Money Flashed
- [ ] Compliance Sample (Non–Criminal)
- [ ] Internal Body Carry
- [ ] Other (Specify)

| 2a. FILE NO. | 2b. PROGRAM CODE | 3. G–DEP ID |
|---|---|---|

**WHERE OBTAINED (City, State/Country)**
New Haven, CT

**REFERRING AGENCY (Name)**

| 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|
| 06/02/00 | |

**6b. REFERRAL**
[ ] Case No.  OR  [ ] Seizure No.
No.

| 7. DATE PREPARED | 8. GROUP NO. |
|---|---|
| 06/02/00 | |

| Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 8 | N/A | "crack" cocaine | four (4) peices of tan brittle substance in clear plastic bags | 37.91 ggw | 37.91 ggw | $500.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?**   [x] NO (included above)   [ ] YES (If Yes, enter exhibit no. and describe original container fully)

**REMARKS:**

Exhibit 8:  approximately 37.91 ggw of suspected "crack" cocaine was purchased by CS from NETTA LNU, a black female, on 06/02/00 for $500.00 in recorded OAF.  The CS transferred custody of the exhibit to TFO Muro and TFO Cotto following the purchase.  The TFO's transported the exhibit to the NHRO processed it into evidence and secured it in the NHRO drug evidence vault pending submission to NERL.

| SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| I. Shafir, S/A | Guldaris T. Egan, GAC |

## LABORATORY EVIDENCE RECEIPT REPORT

| NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| SEAL | B 721699 9/64 | |
| [ ] Broken [x] Unbroken | 23. RECEIVED BY (Signature & Date) Dawn Michael 6/8/00 | 24. Print or Type NAME and TITLE Dawn Michael, S.J. DS9/23 |

## LABORATORY REPORT

**ANALYSIS SUMMARY AND REMARKS**

Exhibit #8 contains l-cocaine base
Gross wt: 38.5g
Net wt: 12.9g

| Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | 135950 | l-cocaine base | 56 | % | | 7.2g | 12.3g |
| | | | | | | | |
| | | | | | | | |

| ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| Elizabeth Dohuch   06/17-00 | Forensic Chemist | 6/22/00 |

| APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |
|---|---|---|
| Howard L. Dobroc | Laboratory Director | New York |

Form (1895) - 7     Previous edition dated 4/90 may be used until stock is exhausted.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 3:00-cr-44 (JCH) |
| v. | : | |
| | : | |
| TODD DAVENDER | : | NOVEMBER 6, 2001 |
| | : | |

## VERDICT FORM

**COUNT ONE (CONSPIRACY):**

1. As to the charge set forth in Count One of the Superseding Indictment, we the Jury unanimously find the defendant Todd Davender:

   Guilty _____     Not Guilty _____

   If you answered Guilty to Question 1, proceed to Question 2. If you answered Not Guilty to Question 1, then proceed to Question 3.


2. We the Jury unanimously find that it was reasonably foreseeable to Todd Davender that the conspiracy charged in Count One involved the following quantity of cocaine base [select one]:

   (a)   50 grams or more                                    _____

   (b)   5 grams or more, but less than 50 grams             _____

   (c)   less than 5 grams                                   _____

   Please proceed to Question 3.

-1-

## COUNT TWO (CONSPIRACY):

3. As to the charge set forth in Count Two of the Superseding Indictment, we the Jury unanimously find the defendant Todd Davender:

Guilty _____          Not Guilty _____

If you answered Guilty to Question 3, proceed to Question 4.  If you answered Not Guilty to Question 3, proceed to Question 5.

4. We the Jury unanimously find that it was reasonably foreseeable to Todd Davender that the conspiracy charged in Count Two involved the following quantity of cocaine [select one]:

(a)    5 kilograms or more                          _____

(b)    500 grams or more, but less than 5 kilograms    _____

(c)    less than 500 grams                          _____

Please proceed to Question 5.

## COUNT NINE (ATTEMPT TO POSSESS):

5. As to the charge set forth in Count Nine of the Superseding Indictment, we the Jury unanimously find the defendant Todd Davender:

Guilty _____          Not Guilty _____

If you answered Guilty to Question 5, proceed to Question 6.  If you answered not guilty to Question 5, proceed to Question 7.

-2-

6. We the Jury unanimously find that Todd Davender attempted to possess with intent to distribute the following quantity of cocaine [select one]:

    (a)    500 grams or more               _____

    (b)    less than 500 grams            _____

    Please proceed to Question 7.


## COUNT TWELVE (ATTEMPT TO POSSESS):

7. As to the charge set forth in Count Twelve of the Superseding Indictment, we the Jury unanimously find defendant Todd Davender:

    Guilty _____        Not Guilty _____

    If you answered Guilty to Question 7, proceed to Question 8.
    If you answered Not Guilty to Question 7, proceed to the end of the Verdict Form and have your Foreperson sign and date the form.


8. We the Jury, unanimously find that Todd Davender attempted to possess with intent to distribute the following quantity of cocaine [select one]:

    (a)    500 grams or more               _____

    (b)    less than 500 grams            _____