UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD DAVENDER | : | |
| | : | |
| v. | : | Criminal No: 3:00CR44 (JCH) |
| | : | Civil No:     3:04CV1667 (JCH) |
| UNITED STATES OF AMERICA | : | May 15, 2007 |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

By <u>pro se</u> motion ("Davender Motion") and memorandum ("Davender Memorandum") filed October 1, 2004, amended October 7, 2004 and February 21, 2007, and supplemented March 20, 2007, petitioner Todd Davender moves to vacate, set aside or correct his conviction and sentence. In particular, Davender alleges that his trial counsel Lewis H. Chimes and his appellate counsel Martin Goldberg provided ineffective assistance, the prosecutor engaged in misconduct, and the trial court improperly calculated his sentence. On October 14, 2004, this Court entered an Order to Show Cause; a second order to show cause was entered on April 23, 2007. The government opposes the petition and respectfully submits that it should be summarily denied without a hearing.

I.      <u>FACTS AND PROCEDURAL HISTORY</u>

In late 1999, the New Haven Drug Task Force initiated an investigation into the suspected distribution of cocaine base ("crack") and cocaine in and around New Haven's Farnum Court housing complex . The investigation led to several arrests, including Todd Davender's on August 27, 2000. A Superseding Indictment returned by a federal grand jury sitting at Bridgeport, Connecticut charged Davender and ten other individuals with narcotics and narcotics-related

1

offenses. Counts One, Two, Nine, and Twelve of the superseding indictment charged Davender with conspiring to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Section 846 (Count One); conspiring to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846 (Count Two); and twice attempting to possess more than 500 grams of cocaine with intent to distribute, in violation of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Section 2 (Counts Nine and Twelve).

On September 20, 2000, Davender pleaded not guilty to all counts and Magistrate Judge William Garfinkel entered an Order of Detention. Davender subsequently changed his plea to guilty on April 30, 2001, and this Court scheduled sentencing for July 26, 2001. On May 23, 2001, Davender filed a motion to dismiss counsel, CJA Jonathan Einhorn. This Court granted that motion on June 21, and appointed Attorney Lewis Chimes on June 27. On August 23, 2001 Davender filed a motion to withdraw his guilty plea, and it was granted on September 20, 2001. Jury selection followed on October 29, 2001, and the trial began October 31.

For seven days, the Government presented evidence that established the existence of the conspiracies charged in Counts One and Two of the Superseding Indictment, and the attempts to possess charged in Counts Nine and Twelve. The evidence included intercepted communications between Davender and his co-conspirators, the testimony of several cooperating witnesses, and evidence seized during the course of the investigation, including crack, money, packaging materials, and other tools of the drug dealer's trade. This evidence and testimony established that Davender and a man named Ryan Baldwin organized and controlled an extensive conspiracy to distribute cocaine and cocaine base. The conspirators maintained a virtual monopoly on the powder and crack cocaine trade in and around Farnam Court.

On November 6, 2001, after deliberating for less than two hours, the jury unanimously found Davender guilty on all four counts. Davender appeared for sentencing before this Court on January 25, 2002.

At that hearing, defense counsel, Attorney Chimes, raised four disputed issues: drug quantity, role in the offense, use of a minor, and criminal history points. Counsel stated that a there was a risk that the quantities in Counts One and Two would be double counted. He did concede, however, that there was evidence presented at trial as to both powder cocaine and cocaine base, and urged the court to err on the side of caution in calculating the drug quantities. The Government pointed out that the witnesses testified with specificity and that a quantity of crack in excess of 1.5 kilograms had been established beyond a reasonable doubt. The Court noted that a jury had convicted Davender of conspiracy to possess with intent to distribute at least 50 grams of cocaine base and 5 kilograms of cocaine. The Court then stated that the question of whether more than 1.5 kilograms of cocaine base was attributable to Davender was a question of fact for the Court at sentencing. The Court reviewed its recollection of the evidence as to drug quantity and held as follows:

> Based upon that review of the evidence and the rest of the evidence as the Court recalls it in this case, the Court concludes that it could, it must conclude, the evidence is compelling, that at least 1.5 kilograms of cocaine base was involved in this case, and that is the finding of the Court.

Defense counsel also argued that a four-level enhancement was not warranted under U.S.S.G. § 3B1.1(a) because Davender was not an organizer or leader. The Court stated that it distinguished between an organizer or leader under subsection (a) and a manager or supervisor under subsection (b) based on decision-making authority, recruitment, planning, and organization. The Court concluded that Ryan Baldwin was the leader of the criminal activity, and then found that Davender

should receive the three-level enhancement of § 3B1.1(b), rejecting Chimes' contention that there were less than five participants. The Court also declined to apply the enhancement § 3B1.4 for use of a minor, notwithstanding evidence which suggested the provision may have been applicable, and determined that the probation officer had appropriately determined the criminal history points in the presentence report.

On the basis of these findings, the Court concluded that the base offense level was 38 under § 2D1.1(c)(1), and added 3 points under § 3B1.1(b). The Court then found eleven criminal history points and placed the defendant in Criminal History Category V. Offense level 41 in Criminal History Category V resulted in a Guidelines sentencing range of 360 months to life.

Defense counsel made several arguments in support of a downward departure. He contended that the quantity overstated Davender's culpability, that Davender's upbringing justified a departure, that Criminal History Category V overstated the severity of his criminal past and the likelihood of recidivism, and that Davender's presentence incarceration in a state facility warranted a downward departure.

The Court recognized its discretion to depart, but declined to exercise that discretion based on one or all of the factors cited by the defense.

The Court then sentenced Davender to concurrent 360 month terms on each count, 10 years of supervised release for Counts One and Two and 8 years for Counts Nine and Twelve, and imposed a special assessment of $400.

Davender appealed his conviction the United States Court of Appeals for the Second Circuit, and Attorney Martin Goldberg was appointed as appellate counsel. On April 21, 2003, appellate counsel filed a motion to be relieved of the assignment and submitted a brief pursuant to <u>Anders v.</u>

4

California, 386 U.S. 738 (1967). In the brief, appellate counsel swore that he had carefully reviewed the transcripts of the jury selection, trial, and sentencing, and stated that he had scrutinized the record for potential appellate issues. Specifically, he had considered ineffectiveness of counsel, potential Sentencing Guidelines errors, the audibility of tapes played before the jury, jury selection, and the admissibility of conversations relating to the seizure of money from the defendant. Appellate counsel stated that, after considering these potential issues, he had determined that all would be frivolous.

Appellate counsel stated that nothing in the transcripts supported a claim that trial counsel had provided ineffective assistance. Further, counsel stated that Davender could not, in any event, satisfy the "prejudice" prong of Strickland v. Washington, 466 U.S. 668 (1983), as the evidence against him was overwhelming. Counsel also identified other potential appellate issues, including the sentence calculated and imposed by the District Court, and stated that in his view none had merit.

On October 22, 2003, the Court of Appeals entered an order granting the Government's motion for summary affirmance and granting appellate counsel's motion to be relieved as attorney. Davender has filed a pro se petition for a rehearing en banc. As of this writing, the office of the Clerk of the Court of Appeals advises that the motion is still pending.

II.     GOVERNING LEGAL STANDARDS

The principles governing a claim under 28 U.S.C. § 2255 are well-established: "[W]e must bear in mind that not 'every asserted error of law can be raised on a § 2255 motion.'" Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). "The grounds provided in section 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited, and it has 'long been settled law that an error that may justify

reversal on direct appeal will not necessarily support a collateral attack on a final judgment.'"

Napoli, 32 F.3d at 35 (quoting United States v. Addonizio, 442 U.S. 178, 184 (1979)).  "As a general

rule, 'relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the

sentencing court, or an error of law that constitutes a fundamental defect which inherently results in

a complete miscarriage of justice.'"  Napoli, 32 F.3d at 35 (quoting Hardy v. United States, 878 F.2d

94, 97 (2d Cir. 1989)) (internal quotations and citations omitted).  Constitutional errors will not be

corrected through a writ of habeas corpus unless they have had a "substantial and injurious effect,"

that is, unless they have resulted in "actual prejudice."  Brecht v. Abrahamson, 507 U.S. 619, 623,

637-38 (1993); see also Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying

Brecht to section 2255 petition).

Due to the importance of finality in judgments, "a § 2255 petition cannot be used to relitigate

questions which were raised and considered on direct appeal."  United States v. Sanin, 252 F.3d 79,

83 (2d Cir. 2001). "Reconsideration is permitted only where there has been an intervening change

in the law and the new law would have exonerated a defendant had it been in force before the

conviction was affirmed on direct appeal." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir.

1980). Courts have held that this rule extends to claims raised by appointed counsel in a brief filed

pursuant to Anders v. California, 386 U.S. 738 (1967), and thereafter rejected as frivolous. See

White v. United States, 371 F.3d 900, 902 (7th Cir. 2004).  As the Seventh Circuit held in White:

> It makes no difference that [petitioner's] claim had been presented in his direct appeal in
> an Anders brief on the basis of which we dismissed the appeal as frivolous. Presented is
> presented, whether in an Anders brief or in any other format; and if an appeal is dismissed
> as frivolous, that is binding adjudication that the claims presented in it had no merit at all,
> rather than an invitation to refile.

Id.

In addition, generally speaking, a claim of error must be preserved at trial and on direct

6

appeal in order to be raised on collateral review. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998).

An exception to the rule of procedural default exists for ineffective assistance of counsel claims. Petitioners need not show cause and prejudice before pressing previously unraised ineffective assistance claims. Massaro v. United States, 538 U.S. 500, 509 (2003). This rule results from a belief that the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." Id. at 505. Petitioners claiming ineffective assistance of counsel do bear a heavy burden, however. In Strickland v. Washington, 466 U.S. 668, 688 (1984), the Supreme Court held that a defendant must establish (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that counsel's unprofessional errors actually prejudiced the defense. As the Second Circuit elaborated in Brown v. Artuz, 124 F.3d 73, 79-80 (2d Cir. 1997):

> To satisfy the first, or "performance," prong, the defendant must show that counsel's performance was "outside the wide range of professionally competent assistance," [Strickland, 466 U.S.] at 690, and to satisfy the second, or "prejudice," prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

Under the performance prong, counsel's failure to raise a meritless claim is never ineffective assistance, and "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" United States v. Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995) (quoting Strickland, 466 U.S. at 690).

A defendant must meet both requirements of the <u>Strickland</u> test to demonstrate ineffective assistance of counsel.  If the defendant fails to satisfy one prong, the Court need not consider the other.  <u>Strickland</u>, 466 U.S. at 697.

III. DISCUSSION

The defendant raises many claims in this § 2255 petition. Under heading E of the Davender Memorandum, petitioner alleges prosecutorial misconduct. Under headings G and H, he alleges errors by the trial court in the calculation of his sentence.  The rest of his claims, (headings A, B, C, D, F, I, J, K, L, M, and N), raise a hodgepodge of claims of attorney ineffectiveness.  The claims raised by the petitioner under headings E, G, and H have either been raised and considered on direct appeal or procedurally defaulted. Even so, they are frivolous. The defendant's claims of ineffective assistance, not subject to procedural default under the rule of <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003), plainly lack merit.  Therefore, the Government respectfully submits that this Court should deny the petitioner's motion under § 2255 to vacate, set aside, or correct sentence.

**A. Petitioner's Allegation of Prosecutorial Misconduct**

Under Heading E, the defendant claims that the prosecutor violated <u>Brady v. Maryland</u>, 373 U.S. 83, (1963), when he failed to hand over to the defense page 74 of Corey Harris's testimony in a prior proceeding.

As an initial matter, Davender did not raise this issue on appeal, and has failed to show cause or prejudice. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Therefore, he cannot raise the claim in this petition.

Even so, no <u>Brady</u> violation occurred here. On May 1, 2001, Corey Harris testified in the related case, <u>United States v. Tyrese Barker</u>. This proceeding was held in public at the United States District Courthouse in Bridgeport, Connecticut, and the defendant was aware that it took place. A <u>Brady</u> violation has three elements: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999).

The defendant's claim satisfies none of these elements. First, as the transcript itself indicates, nothing on page 74 is impeaching or exculpatory.

In addition, the Government did not suppress the evidence. "Brady cannot be violated if the defendant[] had actual knowledge of the relevant information or if the documents are part of public records and 'defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation.'" <u>United States v. Zagari</u>, 111 F.3d 307, 320 (2d Cir. 1997). The transcript was a public record, and both Davender and his counsel had actual knowledge of Corey Harris's testimony in the trial of Tyrese Barker.

Lastly, no prejudice occurred. <u>Brady</u> evidence is material when "when there is a reasonable likelihood that disclosure of the evidence would have affected the outcome of the case." <u>Rivas</u>, 377 F.3d at 200. As appellate counsel stated in his <u>Anders</u> brief, the Government presented overwhelming evidence of Davender's guilt. This evidence included numerous recorded telephone conversations intercepted under a court order, testimony from cooperating witnesses, and substantial amounts of seized crack. The failure to turn over Corey Harris's prior consistent statements could not possibly have affected the outcome of the case.

9

**B. Petitioner's Challenges to the Court's Sentence**

    1. <u>Trial Court's Decisions to Apply a Base Offense Level of 38, to Adjust Upward Three Levels for Petitioner's Role in the Offense, and to Place Davender in Criminal History Category V</u>

    The defendant contends, under Heading G in his Memorandum, that the Court erred when it found that the conspiracy involved in excess of 1.5 kilograms of crack. As a result of that finding, defendant became subject to a base offense level of 38, as provided in U.S.S.G § 2D1.1(c)(1). He also claims that it was error for the Court to apply a 3-level enhancement for role in the offense, citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and contends that placing him in Criminal History Category V violated the Double Jeopardy Clause.

    The brief filed by appellate counsel, which identified potential appellate issues, contained a section entitled "Sentencing Guidelines/Excessiveness of the Sentence." <u>Anders</u> Brief at 10-11. In it, he noted that the District Court applied a base offense level of 38, added 3 points because it found the defendant to be a manager, and found "8 criminal history points[] plus two added for being on parole when this crime was committed plus another point because the offense was committed less than two years following appellant's release from jail," which resulted in Criminal History Category V. <u>Id.</u> at 11. In short, the <u>Anders</u> Brief called the Court of Appeals' attention to precisely the same issues the defendant attempts to raise in this § 2255 petition. Upon receipt of the brief, the Second Circuit granted appellate counsel's motion to be relieved of the assignment, and summarily affirmed the conviction.

    "[A] § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001). The

10

Anders brief raised potential issues surrounding petitioner's base offense level, role in the offense enhancement, and Criminal History Category.  The Second Circuit considered these issues and dismissed the appeal as frivolous. Therefore, the defendant cannot raise them in this petition unless "there has been an intervening change in the law and the new law would have exonerated [the] defendant had it been in force before the conviction was affirmed on direct appeal." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980); see also White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Because the defendant's appeal before the Second Circuit is still pending, this narrow exception does not apply. His claims under Heading G were raised, considered, and dismissed as frivolous on direct appeal; he cannot relitigate them in this petition. See Sanin, 252 F.3d at 83.

### 2. Failure to Submit the Issue of Drug Quantity to the Jury on Count One of the Superseding Indictment

Under Heading H in his Memorandum, the defendant claims that the District Court committed constitutional error when it "attributed a drug quantity in excess of 50 grams to the petitioner and rais[ed] the statutory maximum sentence[] without allowing the determination to be made by the jury under the 'reasonable doubt' standard." Davender Memorandum at 13.

The defendant failed to raise this issue on direct appeal, but has shown neither cause nor prejudice. As such, his procedural default bars this claim. Bousley v. United States, 523 U.S. 614, 622 (1998).

Had he not procedurally defaulted, the defendant's argument nonetheless lacks merit.  In Count One of the Superseding Indictment, the defendant was charged with a conspiracy involving 50 grams or more of cocaine base.   The verdict form submitted to the jury read as

follows: "We the jury unanimously find that it was reasonably foreseeable to Todd Davender that the conspiracy charged in Count One involved the following quantity of cocaine base[.]" The jury responded to this interrogatory by finding beyond a reasonable doubt that "50 grams or more" was reasonably foreseeable to the defendant.  There was no <u>Apprendi</u> violation.

## C. Petitioner's Ineffective Assistance of Counsel Claims

<u>1. Ineffective Assistance of Counsel: Failure to File for a Dismissal of Count Two of the Superseding Indictment for "insufficient evidence" under Fed. R. Crim. P. 6(f).</u>

Under heading A of the Davender Memorandum, the defendant claims there was never any mention of a drug amount at the grand jury proceedings, and, therefore, sufficient evidence to indict him on Count Two of the Superseding Indictment was lacking.  On that basis, he claims that his attorney failed to provide effective assistance when he did not move to dismiss Count Two.

Count Two charged the defendant with conspiracy to possess with intent to distribute at least 5 kilograms of cocaine in violation 21 U.S.C. § 846.  The record of the grand jury proceedings is replete with references to drug amounts and contains sufficient evidence to conclude that Davender conspired to possess and distribute well in excess of 5 kilograms of cocaine.  Even if it did not, Davender's claim could not succeed.

Insufficiency of the evidence does not provide grounds for the dismissal of a facially valid indictment, <u>United States v. Casamento</u>, 887 F.2d 1141, 1182 (2d Cir. 1989) ("An indictment, if valid on its face, cannot be challenged on the ground that it is based on inadequate evidence."), and the failure to raise baseless claims is not ineffective assistance.  <u>United States v.</u>

Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995).  A facially valid indictment (a) contains the elements of the charged offense, so as to "apprise[] the defendant of what he must be prepared to meet;" and (b) shows the defendant "to what extent he may plead a former acquittal or former conviction." Russell v. United States, 369 U.S. 749, 763-64 (1962) (internal quotations omitted); see also Fed. R. Crim. P. 7(c) (requiring "a plain, concise, and definite written statement of the essential facts constituting the offense charged"). Courts in the Second Circuit "consistently uph[o]ld indictments that 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999) (quoting United States v. Stravroulakis, 952 F.2d 686, 693 (2d Cir. 1992).

        The defendant does not, and cannot, claim that Count Two of the Superseding Indictment was invalid on its face.  Count Two does more than just track the statutory language of 18 U.S.C. §§ 841 and 846.  It also alleges the specific controlled substance and the amount that the defendants conspired to possess.  It provides an approximate time period for the conspiracy, and it states the location of the alleged conspiracy.  These details provided the defendant with notice of the charge, allowed him to prepare his defense, and informed him as "to what extent he [could] plead a former acquittal or former conviction." See Russell, 369 U.S. at 764; Walsh, 194 F.3d at 44.  That being the case, any attempt by his attorney to attack the sufficiency of the evidence would have failed, and his claim of ineffective assistance has no merit. See Casamento, 887 F.2d at 1182; Kirsch, 54 F.3d at 1071

        2. Ineffective Assistance: Failure to challenge Counts One, Two, Nine, and Twelve of the
            Superseding Indictment as "multiplicious" under the Double Jeopardy Clause.

13

Under Heading B in his Memorandum, the defendant claims ineffective assistance based on the failure to challenge a violation of the Double Jeopardy Clause. Under the Double Jeopardy Clause, "[a]n indictment is multiplicitous if it charges a single offense in more than one count." United States v. Zvi, 168 F.3d 49, 57 (2d Cir, 1999) (internal quotation omitted).

Count One charged the defendant with Conspiracy to Possess with Intent to Distribute 50 grams or More of Cocaine Base. Count Two charged him with Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine. These counts charged conspiracies to distribute different substances, and the evidence at trial established the defendant's participation in the distribution of both crack and powder cocaine.[1]

---

[1] The record contains many references to the distribution of both crack and powder cocaine. Some examples follow:

> Attorney Markle: We've heard about bundles but if you could briefly tell us, what does a bundle consist of?
> Theodore Smith: A bundle consists of 40 bags of crack cocaine that go for $10.
> ....
> Markle: Would you also sell powder cocaine?
> Smith: Yes.
> ...
> Markle: And how much – how would that come prepared or packaged?
> Smith: It'll come – it won't be crack cocaine, just powder cocaine and packaged the same way but just two different drugs.

Trial Transcript 11/2/01 at 257-58.

> Attorney Markle: And would you see [Davender] prepare crack, powder cocaine or both?
> Theodore Smith: Both.

Trial Transcript 11/5/01 at 8.

> Markle: Do you know how much was used for crack and how much would remain powder?
> Smith: About half.
> Markle: About half each kilo?
> Smith: Yes.

Id. at 25.

> Markle: So if I were buying from you on a regular basis, would I have to tell you I wanted crack or powder or would you know what my needs were?
> Smith: I will know what you want.

Id. at 35.

14

Count Nine charged the defendant with Attempt to Possess with Intent to Distribute 500 Grams or More of Cocaine on August 15, 2000, and Count Twelve charged him with Attempt to Possess with Intent to Distribute 500 Grams or More of Cocaine on August 27, 2000. These counts charged different conduct that occurred at different times. Moreover, the defendant's contention that the attempted possession offenses are parts of "just one conspiracy" is irrelevant because "[a] conspiracy is not the same crime as the underlying violation that it contemplates." United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004).

Because the defendant's contention that the indictment was multiplicitous under the Double Jeopardy Clause lacks merit, his attorney's failure to raise the claim at trial was not ineffective assistance. Kirsch, 54 F.3d at 1071.

    3. Ineffective Assistance of Counsel: Failure to file a motion to suppress the contents of a black bag seized from petitioner and used as the basis for Count Nine of the superseding indictment.

The evidence at trial established that on August 15, 2000, law enforcement agents conducted surveillance of the defendant as he traveled on Metro North's New Haven Line toward Grand Central Terminal.  Mobile telephone calls intercepted during this train ride showed that the defendant intended to purchase a large quantity of cocaine in New York.  The defendant exited the train at Harlem/125th Street, and agents observed him carrying a black backpack.

---

      Markle: And if someone... called you and said I need four, what would that mean to you?
      Smith: Four powders from him.
      Markle: Again, you know what Chief, or Fred, wants?
      Smith: Yes.
      Markle: And it's not crack, it's powder?
      Smith: Yes.
Id. at 51.

Agents from New York stopped the defendant, found $24,000 inside his backpack, and seized the evidence.

Under Heading C in his Memorandum, the defendant appears to contend that counsel provided ineffective assistance when he failed to file a pre-trial motion seeking the suppression of this evidence.  Even assuming *arguendo* that the search and seizure were illegal, however, the Government never introduced this evidence at trial.

At trial, when the Government offered testimony showing that the defendant had discussed the $24,000 confiscation with his associates, defense counsel repeatedly objected. See, e.g., Trial Transcript 11/5/01 at 72, 77-78.   Appellate counsel then raised the issue in his Anders brief, and the Second Circuit summarily affirmed. Anders Brief at 8-10.  To the extent the defendant is attempting to raise the admissibility of that testimony, the issue was raised, considered, and deemed frivolous on direct appeal. The defendant cannot relitigate the question in a § 2255 petition. Sanin, 252 F.3d at 83.

The defendant also claims that "[C]ount 9 [of the Superseding Indictment] was based on the contents searched and seized without a warrant from the black bag in New York that should have been excluded from the indictment[] under the exclusionary rule." Davender Memorandum at 7.  The gist of this argument is that because  the grand jury heard evidence of the warrantless seizure, the indictment was based on incompetent evidence. Thus, the defendant claims, counsel provided ineffective assistance when he failed to move for the indictment's dismissal on that basis.

16

Because the exclusionary rule does not apply to grand jury proceedings, this argument has no merit, and it was not ineffective assistance to refrain from raising the issue. United States v. Calandra, 414 U.S. 338, 345, 346-49 (1974) (holding that the exclusionary rule does not apply to grand jury proceedings); Kirsch, 54 F.3d at 1071.

    4. Ineffective Assistance of Counsel: Failure to file for a change of venue when there were no overt acts committed within Fairfield County.

The defendant also claims, under Heading D, that trial counsel provided ineffective assistance when he did not seek to have the trial moved from Fairfield County to New Haven County.  The Sixth Amendment gives a criminal defendant the right to a trial "in the district wherein the crime shall have been committed." U.S. Const. amend. VI; Fed. R. Crim. P. 18; 18 U.S.C. § 3237;  see also United States v. Svoboda, 347 F.3d 471, 482 (2d Cir. 2003). A jury convicted the defendant in the District of Connecticut for crimes that took place in the District of Connecticut and elsewhere.  His argument confuses the right to be tried in "the *district* wherein the crime shall have been committed" with a nonexistent right to be tried in the *county* "wherein the crime shall have been committed."  Counsel did not provide ineffective assistance in failing to raise this meritless claim. See Kirsch, 54 F.3d at 1071.

    5. Ineffective Assistance of Counsel: Failure to obtain transcript of prior testimony, object to date redaction in drug analysis report, and obtain tape of informant purchase of cocaine from the defendant

Under Headings E and F of the Davender Memorandum, the defendant asserts that his trial attorney was deficient in the particulars detailed in the heading to this Section.  However, there is no indication in the papers, especially in light of the overwhelming evidence adduced at

trial, which is summarily reviewed above, that any of these matters would have made any difference at all in the outcome of the case. The testimony of Corey Harris was not subject to serious challenge, and there were numerous other cooperating witnesses who provided devastating testimony of the defendant's guilt. The information concerning the informant purchase of cocaine base was not offered at trial, but was contained in an affidavit submitted to the District Court in support of the Government's application for authorization to conduct electronic surveillance in this case. The defendant's bald assertion that his attorney was ineffective for failing to secure these materials and that he was entitled to a <u>Franks</u> hearing is simply inadequate to trigger a finding that his counsel's efforts did not rise to the <u>Strickland</u> standard.

     6. <u>Ineffective Assistance of Counsel: Failure to Object to the Indictment's Lack of a Specific Reference to the Word "Crack"</u>

     Under Heading N, the defendant claims that counsel provided ineffective assistance when he did not object to the application of U.S.S.G. § 2D1.1(c)(1) because the Superseding Indictment did not use the word "crack," and that counsel's failure compromised his rights under the Sixth Amendment. There is no applicable rule of law which requires the use of the word "crack" in an indictment. The defendant has raised related issues in a March 2007 supplement to his papers.

     The Superseding Indictment, the statute under which the defendant was charged, and the applicable Guideline provision all use the term "cocaine base." In <u>United States v. Snow</u>, 462 F.3d 55, 65 (2d Cir. 2006), the Court of Appeals observed that application of § 2D1.1(c)(1) in a case where the finding of guilt involved cocaine base is not a violation of the Sixth Amendment,

nor is application of 21 U.S.C. § 841 (b)(1)(A), the penalty provision which includes a maximum term of life imprisonment.  Further, the Court of Appeals has determined that imposition of a sentence within the Guidelines which apply the 100:1 sentencing ratio of which the defendant complains is not unreasonable in the wake of United States v. Booker, 543 U.S. 220 (2005), see United States v. Park, 461 F.3d 245, 250; and that a court which declines to apply the 100:1 ratio on the basis of its disagreement with the policy decisions of Congress on which the ratio is based has committed error.  United States v. Castillo, 460 F.3d 337 (2006).

Against this legal backdrop, any failure of counsel to raise the issues cited by the defendant cannot be considered ineffective assistance.

### 7. Ineffective Assistance of Counsel: Appellate Counsel's Filing of an Anders Brief

Under Heading J, the defendant claims that Attorney Goldberg's "'failure to raise a dead-bang winner'" on appeal constituted ineffective assistance. Davender Memorandum at 17 (quoting United States v. Cook, 45 F.3d 388 (10th Cir. 1995)).  The Anders brief filed by Attorney Goldberg, as well as the responsive brief of the Government in support of its motion for summary affirmance, was reviewed by the Court of Appeals.  Following review, the Court dismissed the appeal, apparently agreeing that no non-frivolous issues existed with respect to the defendant's conviction or sentence.  Thus, defense counsel's determination that there were no "dead-bang winners" to raise for the defendant, with which the Government and the Court of Appeals agree, cannot be the basis for meritorious claim of ineffective assistance.

### 8. Ineffective Assistance of Counsel: Failure to Object to Evidence Pertaining to 68 Grams of Cocaine Base

Defendant claims, under Heading K, that trial counsel provided ineffective assistance of counsel when he failed to object to the introduction of 68 grams of cocaine base into evidence on the first day of trial. Defendant states that only 11 grams of cocaine base were seized in February of 2000, and so "57 of the 68 had no basis for appearing in front of the jury." Davender Memorandum at 18. This argument is based on a misreading of the transcript. The cocaine base entered into evidence on the first day of trial was Government's *Exhibit No. 68*, not cocaine base with a weight of 68 grams. Neither Government counsel nor the witness through whom the drugs were offered mentioned 68 grams of cocaine base, nor did either imply that the identifier "68" related in any way to the substance's weight. Trial Transcript 10/31/04 at 153 et seq.

9. Ineffective Assistance of Counsel: *Apprendi/Booker*

The defendant makes a series of allegations of ineffective assistance relating to his attorney's claimed failure to raise issues involving, directly or indirectly, the application of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the claimed, or apparently claimed, application of United States v. Booker, 543 U.S. 220 (2005). The Court of Appeals has held that Booker does not apply retroactively on collateral attacks. See Guzman v. United States, 404 F.3d 139, 142 (2d Cir. 2005). Accordingly, the defendant's remaining claims relating, directly or indirectly, to the application of Apprendi are treated below.

Failure to Object that the Indictment Did Not Recite 21 U.S.C. § 841(b)(1)(A).

The defendant bases this ineffective assistance claim, set forth under Heading M, on the fact that no specific reference to 21 U.S.C. § 841(b)(1)(A) was contained in the indictment. None of the case cited by the defendant in support of his claim contains a requirement that the

indictment include this reference, and the Government can discern no basis for such a claim.  The defendant cites for support  In re Winship, 397 U.S. 358 (1970), and Sullivan v. Louisiana, 508 U.S. 275 (1993).  However, these cases require only that all elements of an offense be found by a jury beyond a reasonable doubt.  In Counts One and Two of the Superseding Indictment, the grand jury charged the defendant with conspiracies involving more than 50 grams of cocaine base and more than 5 kilograms of cocaine, respectively.  According to the verdict form used at trial, the jury found the defendant guilty on Counts One and Two, among others, and also found beyond a reasonable doubt that it was reasonably foreseeable to the defendant that the two charged conspiracies involved 50 grams or more of cocaine base and 5 kilograms or more of cocaine, respectively.  Accordingly, the jury found all of the elements as to each count beyond a reasonable doubt, and there was no ineffective assistance rendered by any of the defendnat's attorneys in this regard.

### Failure to Raise an *Apprendi* Objection

With this claim, found under Heading I, the defendant simply reframes his argument under Heading G as an ineffective-assistance-of-counsel claim.  Because the violation of Apprendi alleged by the defendant never happened, this claim lacks merit. See supra Part III.B.2.

### Failure to Raise Objections to Sentencing Enhancements Not Submitted to a Jury and Proven Beyond A Reasonable Doubt.

Under Heading L, the defendant contends that his attorney provided ineffective assistance when he failed to object to the application of sentencing enhancements not submitted to the jury and found to be applicable beyond a reasonable doubt.   As is indicated above, Booker is not

21

applicable on collateral review, and the defendant has exhausted his appellate rights.[2]

Accordingly, this claim is without merit in the context of the instant litigation.

**D.  Other Claims**

### 1.  Career Offender Classifcation

In a supplement of March 2007 to his papers, the defendant alleges that he was

improperly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, as his prior narcotics

felony conviction, which he believes was relied upon in this regard by the Court together with his

prior violent felony conviction, was not a qualifying offense, as it was simply possessory.  The

short answers to the defendant's claim are that (1) he failed to make the claim on direct appeal

and has not established cause for the failure and prejudice flowing from it; and (2) he was neither

determined to be nor sentenced as a career offender.

### 2.  Second Offender Enhancement

In another supplement of March 2007, the defendant claims that he was improperly

sentenced as a second offender under 21 U.S.C. §§ 841(b)(1)(A) and 851, because the predicate

offense relied on by the Court and the Government was a New York felony drug conviction

which was simply possessory.  Again, the defendant did not raise this argument on direct appeal,

and has failed to establish cause and prejudice, so his claim here is barred.  However, it is also

deficient on the merits.

---

[2] Almost exhausted: as is noted above, he apparently has a request for rehearing *en banc* pending before the Court of Appeals in his criminal appeal.

The defendant argues that only a prior drug felony which includes as one of its elements the intent to distribute, or the like, can be sufficient. For this proposition, he cites Salinas v. United States, 126 S.Ct. 1675 (2006) and Lopez v. Gonzales, 127 S.Ct. 625 (2006). The defendant's reliance on these two cases is misplaced, as each deals with a distinctly different situation from his own. Salinas involves a challenge to the use of a possessory drug felony as a predicate for career offender classification under U.S.S.G. § 4B1.1. In granting certiorari, vacating and remanding, the Court observed that a predicate "controlled substance offense" for career offender purposes is defined in U.S.S.G. § 4B1.2 to require the element of intent to do something affirmative with the drugs. Salinas at 1675. But this has nothing to do with the second offender classification of which the defendant complains.

In Lopez, the Court construed 8 U.S.C. § 1101(a)(43)(B), which is an immigration statute which defines as an aggravated felony "illicit trafficking in a controlled substance . . . including," but not limited to, "a drug trafficking crime (as defined in section 924(c) of Title 18)." The Title 18 statute then references felonies punishable under the Controlled Substances Act for a further definition. First-time simple possession is not a felony under the Act, so simple possession was determined by the Court not to trigger treatment as an aggravated felony under the immigration statute. See Lopez at 633. In contrast, however, the enhancement language contained in 21 U.S.C. § 841(b)(1)(A) is not as restrictive as the immigration statute: it provides for enhanced penalties upon a showing of a prior "conviction for a felony drug offense." In this case, the defendant undisputedly convicted in New York of Criminal Possession of a Controlled Substance in the Third Degree, a felony. Under Section 841(b)(1)(A), his treatment as a second offender was authorized and warranted.

23

**CONCLUSION**

For the foregoing reasons, this Court should deny the defendant's motion.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR No. ct05153
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700

CERTIFICATE OF SERVICE

A copy of the foregoing was forwarded to: Todd Davender, Reg. No. 13960-014, U.S.P.

Florence, PO Box 7000, Florence, CO 81226 on May 15, 2007.

_____

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY