original

IN THE
United States District Court
For The District Of Connecticut

FILED
2007 JUN 15 P 2:27
US DISTRICT COURT

Todd Davender,           )
    Petitioner,      )
                        )   Crim. No. 3:00-CR-44(JCH)
                        )   Civ. No. 3:04-CV-1667(JCH)
Vs.                      )
                        )
United States of America,)
    Respondent,      )

---

## Davender's Traverse To The Government's Response

Davender, with the Court's busy schedule in mind, returns without counsel with traverse to the government's response, where Assistant U.S. Attorney H. Gordon Hall presses the demise of Todd Davender's Section 2255 action. It is therefore necessary to elucidate any ambiguity's in the issues presented:

### Facts And Background

In the interest of judicial resources, Davender will reply on the facts and background previously chronicled.

### Introduction

Davender, before turning to Assistant U.S. Attorney H. Gordon Hall's "Hall" reply, and admittedly not a whisperer in the science of law, however, not a naive dupe. Hall's querulousing draft caused

Davender to look for a standard to which the Courts hold United States Attorneys, Justice Sutherland explained this quality some seventy years ago.

The United States Attorney is the representative not of an ordinary party to the controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all: And whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor - indeed, he should do so. But, while he may strike hard blows, is he at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. See Berger v. U.S, 295 U.S. 78, 88 79 L.Ed. 1314, 55 S.Ct. 629 (1935).

Davender was forced to run this gauntlet, sacrificed, unarmed to the gladiator. And without "The guiding hand of counsel," Powell v Alabama, 287 U.S. 45, 69, 77 L.Ed. 158, 53 S.Ct. 55 (1932), prepared the Section 2255 petition. Inmates engaged in pro se litigation unlike members of the Bar - need only identify the general nature of their claims and the alledged facts supporting them. See Hains v. Kerner, 404 U.S. 519, 520 (1972)(citation omitted), all Federal Circuits evaluate pro se pleadings under "less stringent standards" n. 13, see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

2

It goes without question that Davender's petition may be unartful and at times painful to read. But it is these points of weakness Hall pursues to pursuade this Court of his position, and the fact that Davender is legally challenged.

Assistant United States Attorney H. Gordon Hall begins his assault by leaning on the understanding - that appellat counsel Martin Goldberg ("Goldberg") "swore" he had "scrutinezed the record for potential appeallate issues." And that Goldberg stated the book was closed to ineffective assistance. Hall stumbles arond when presenting his matter "Governing legal standards." His position that a <u>Brady</u> violation is exclusive to the Appeals' Court is divergent and an attempt to mis-guide the court. Davender will assume Hall's reference to "hodgepodge" is the memory of a bad meal. The consistant mention of the <u>Anders</u> brief filed by Goldberg estabishes the transparancy of his gasping reply. While Davender taps a gray area in heading "H", if finds insulation in heading "J" as it is intrinsic to "H". Hall's direction on heading "D" is deeply flawed, Davender's thought process wiht attributed to Hall's position, the tariff of this argument will be corrected infra. Hall's attempt to negotiate through the supplemental issues are the path of least resistance and displays a notion - shocking to the universal sense of justice.

Mr. Hall presented 24-pages suggesting Davender is laying waste on the Court, Davender concedes defeat. In that he is not a seasoned professional. Despite this deficiency and disadvantage he rebutts and replys.

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

a. Hall's reliance - Goldberg's flaws

3

Davender argued that due to Goldberg's over-sights he recieved ineffective assistance of counsel on direct appeal. Hall, however, relies solely on Goldberg's analysis that the case merits no relief. (See pg. 5 of Government's response).

At trial and sentencing Davender was represented by defense counsel Chimes - who preserved no less than four-issues subject to direct review. Failing, however, to perserve:

- Fed.R.Crim.Proc. Rule 32(h) violation.
- Prior offense for simple possession not requisite for enhanced sentence.
- Illegal search
- Brady violation.
- Variance.
- Fed.R.Crim.Proc. Rule 6(f) Violation.

ARGUMENT

Hall's reliance on Goldberg's <u>Anders</u> brief has created an opening to expand Davender's position. He asserts the Court "apparently agreed" with Goldberg as they dismissed the appeal, or as suggested by Davender, Goldberg failed to advocate the issues consistent with the Sixth Amendment. Plainly, Goldberg advanced, conceding the trial did not err. In reviewing the District Court's decisions and the legal landscape as it existed when Davender was sentenced.

Beginning with the three (3) level enhancement for leader, or manager: the trial court failed to identify "at least one other criminally responsible participant." See <u>United States v. Luca</u>, 183

4

F.3d 1018, 1023-24 (9th. Cir. 1999). Leaving Davender charged with the management of assets and activities in the conspiracy. See <u>U.S. v. Greenfield</u>, 44 F.3d 1141, 1146 (2nd. Cir. 1995). See also, <u>U.S. v. Jobe</u>, 101 F.3d 1046, 1065 (5th. Cir. 1996); <u>U.S. v. Gort-DiDonato</u>, 109 F.3d 318 (6th. Cir. 1997); <u>U.S. v. Mcfarlane</u>, 64 F.3d 1235, 1237-39 (8th. Cir. 1995); <u>U.S. v. Tanis</u>, 200 F.3d 627, 633-34 (9th. Cir. 2000); <u>U.S. v. Harness</u>, 180 F.3d 1232, 1235-36 (11th. Cir. 1999).

Second, Chimes contested the drugs attributable to Davender beyond the indictment. The Court conceded that the jury found "at least 50 grams of cocaine base and 5 kilograms of cocaine." Of significance here, is the fact that existed an <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), argument. Prior to <u>Appendi</u> the Court of Appeals for the Second Circuit like every other Circuit, had concluded that drug quantity was "a sentencing factor to be determined [by a preponderance of the evidence] by the District Judge, not an element of the offense to be proved by the prosecutor beyond a reasonable doubt and found by the jury." <u>U.S. v. Thomas</u>, 274 F.3d 655 (2nd. Cir. 2001)(en banc)(Citing <u>U.S. v. Thomas</u>, 204 F.3d 381, 384 (2nd. Cir. 2000)(collecting cases from other Circuits)); See also, <u>U.S. v. Boonphardee</u>, 40 F.3d 538, 542-43 (2nd. Cir. 1994); <u>U.S. v. Monk</u>, 15 F.3d 25, 27 (2nd. Cir. 1994); <u>U.S. v. Campuzano</u>, 905 F.2d 677, 679 (2nd. Cir. 1990). In so holding, the Court drew no distinction between drug quantities that defined statutory sentencing ranges and quantities that influence the determination of sentencing Guideline Ranges. See; <u>U.S. v. Moreno</u>, 181 F.3d 206, 213-16 & n. 4 (2nd. Cir. 1999).

The Supreme Court's 2000 decison in <u>Apprendi</u>, supra requires the

5

Court to reconsider their treatment of statutory drug quantities as sentencing factors. In <u>Apprendi</u>, the Court ruled that;

> [O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception... "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

530 U.S. at 490 (quoting <u>Jones v. U.S.</u>, 526 U.S. 277, 252-53 (1999)(Stevens, J., Concurring)). The Court instructed that the relevant inquiry in determining whether a fact specified in the penalty provision of a criminal statute is an element of the crime that needs to be proved to a jury or a sentencing factor to be determined by the court is "one not of form, but of effect." <u>Id</u>. at 494. If the facts "supports a special sentence <u>within the range</u> authorized" by the jury verdict, then it can constitutionally be treated as a sentencing factor. <u>Id</u>. at 494 n. 19 (emphasis in original). On the other hand, if the fact would "expose the defendant to a greater punishment than authorized by the jury's guilty verdict," then it must be deemed an element and submitted to the jury. <u>Id</u>. at 494.

Reconstructing the penalty provision of § 841(b) in light of <u>Apprendi</u>, the Second Circuit, sitting <u>en banc</u> in <u>U.S. v. Thomas</u>, 274 F.3d 655, unanimously concluded that the drug quantity specified in § 841(b)(1)(A) and - (b)(1)(B) were not mere sentencing factors but

elements of aggravated offenses defined by reference to those statutes. In so holding, <u>Thomas</u> observed that "the principle of <u>Apprendi</u> requires quantity to be <u>charged in the indictment</u> and found by a jury <u>only</u> in cases where the quantity results in a punishment above a statutory maximum." <u>Id</u>. at 660 n. 3 (emphasis added).

Davender laid charged under 21 U.S.C. § 841(a)(1) and 846, §841(b)(1)(A) was not charged in the indictment. As charged regardless of the government's oversight - without the statutory provision [§841(b)(1)(A)] Davender was subject to zero to twenty years.

The Second Circuit has recognized in addition a of a drug quantity element to a § 841(a) offense to result in a different criminal charge from the same offense pleaded without regard to quantity, see, <u>U.S. v. Gaskin</u>, 364 F.3d 438, 452-56 (2nd. Cir. 2004)(holding with reference to aggravated drug charges that "pleadings that add elements to the government's burden of proof beyond those required for a lessor included charge... Do more than grid the original charges. They replace them with different charges...")(citations omitted) <u>cert denied</u> 125 S.Ct. 1878 (2005); See also, <u>U.S. v. Thomas</u>, 274 F.3d at 669-71 (noting that "lack of congruence" between unqualified drug offenses and qualified drug offenses on which the defendant was sentenced might be properly analogized to a <u>Constitutional Amendment Error</u>).(emapahasis added).

As previously stated heading "H" is argued in a gray area, despite this had counsel performed effectively and presented this argument as textually stated. It would have revealed a two-fold error. First, an element not charged, and second, as Hall concedes he

7

presented to the jury a § 841(b)(1)(A) element, therefore constitutionally amending the indictment.

The chief difficulty with Hall's position is the argument as presented by Davender supra tracks Second Circuit precedent and was available to Goldberg at the time he filed the <u>Anders</u> brief. Nevertheless, Hall takes issue - with great emphasis - that Goldberg "had scrutinized the record for potential appellate issues." "He had considered ineffectiveness of counsel," and "sentencing guideline errors." In his response to Davender's Section 2255 motion.

It is doubtless that an <u>Apprendi</u> violation occurred and attainable for Goldberg to pursue. Davender's indictment <u>a fortiori</u> followed the language of 21 U.S.C. § 841(b)(1)(A) - despite this, 21 U.S.C. § 841 and § 846 as applied to Davender is void for vagueness. Goldberg is a learned professional, who put forward he found no "ineffectiveness of counsel." Chimes read the indictment - or one would presume this. It stated "50 grams or more of cocaine base... conspired to distribute 5 kilograms or more of cocaine. However, failed to point to § 841(b)(1)(A) - in fact was devoid this penalty this creates a vagueness;

> <u>It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined</u>. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. <u>Vague laws may trap the innocent by not providing fair warning</u>. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. <u>A vague</u>

ing judge had no discretion to select a sentence within a range of 360 to life, unless the judge found facts allowing a sentence of 20 [or] life. Factfinding to elevate a sentence from 20 years to life, the Supreme Court's decision in <u>Apprendi</u> makes plain, falls within the province of the jury employing a beyond a reasonable doubt standard. In fact, a fact underlying an enhancement cannot do double duty; it cannot be used to impose an upper term sentence and, on top of that, an enhanced term. Under the guidelines petitioner was subjected to a base offense level of 38, a range of 360-life because of the amount and type of substance involved. Where permitted by statute, however, a judge may use a fact qualifying as an enhancement to impose an upper term rather than an enhanced sentence; that fact being a prior should the prior qualify for enhancement from 10 years to 20 years, not 20 years or life absent extraordinary circumstances. In <u>Braxton v. U.S.</u>, 500 U.S. 344 (1991), the Supreme Court held that although a weapon was discharged the judge could not find aggravating facts. In <u>Jones v. U.S.</u>, 526 U.S. 227 (1999), the Supreme Court examined the Sixth Amendment's historical and doctrinal foundations, and recognized that judicial fact finding operating to increase a defendant's otherwise maximum punishment posed a grave constitutional question. <u>Id</u>., at 239-252. Furthermore, some 15 months later, the Court decided <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Court applied the rule of <u>Apprendi</u> to facts subjecting a defendant to the death penalty, <u>Ring v. Arizona</u>, 536 U.S. 584, 602, 609, facts permitting a sentence in excess of the "standard range" under Washington's sentencing Reform Act (Reform Act), <u>Blakely v. Washington</u>, 542 U.S. 296, 304-305, and

the facts triggering a sentencing range elevation under the then mandatory Federal Sentencing Guidelines, U.S. v. Booker, 543 U.S. 220, 243-244. Also facts permitting an upper term in excess of the maximum under California's determate sentencing law (DSL) Cunningham v. California, No. 05-6551.

The maximum penalty for Blakely's offense, under Washington's Reform Act, was ten years' imprisonment, but if no facts beyond those reflected in the jury's verdict were found by the trial judge, Blakely could not receive a sentence above a standard range of 49 to 53 months. Blakely was sentenced to 90 months, more than three years above the standard range, base on the judge's finding of deliberate cruelty. Applying Apprendi, the court held the sentence unconstitutional. The state in Blakely endeavored to distinguish Apprendi, contending that Blakely's sentence was within the judges discretion based solely on the guilty verdict. The Court dismissed that argument. Blakely could not have been sentenced above the standard range absent an additional fact. Consequently, that fact was subject to the Sixth Amendment's jury trial guarantee. It did not matter that Blakely's sentence, though outside the standard range, was within the 10 year maximum. Because the judge could not have imposed a sentence outside the standard range without finding additional facts, the top of that range - 53 months, not 10 years was the relevant statutory maximum. The Court also rejected the state's arguments that Apprendi was satisfied because the Reform Act did not specify an exclusive catalog of facts on which a judge might base a departure from the standard range, and because it ultimately left the decision whether or not to depart to the judge's discretion.

Booker was sentenced under the Federal Sentencing Guidelines. The facts found by the jury yield a base Guidelines range of 210 to 262 months' imprisonment, a range the judge could not exceed without undertaking additional fact finding. The judge did so, making a finding that boasted Booker into a higher Guidelines range. The Court held Booker's sentence impermissable under the Sixth Amendment. There was "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedure at issue in [Blakely]." 543 U.S., at 233. Both were "mandatory and impose[d] binding requirements on all sentencing judges." Ibid.

The Supreme Court recently ruled in a state case, Cunningham v. California, No. 05-6551. Argued October 11, 2006 - decided January 22, 2007. Where Ginsberg, J., who resided over the Second Circuit delivered the opinion of the court.

Cunningham was sentenced under California's determinate sentencing law (DSL). The facts found by the jury yielded a statute range that is punishable by one of three precise terms of imprisonment: a lower term sentence of 6 years, and a middle term sentence of 12 years, [or] an upper term sentence of 16 years. The DSL obligated the trial judge to sentence Cunningham to the 12 year middle term unless the judge found one "or more" additional "circumstances in aggravation."

Court rules adopted to implement the DSL define "circumstances in aggravation" as facts that justify the upper term. Those facts, the rules provide, must be established by a preponderance of the evidence. Cunningham's sentencing judge had no discretion to select a sentence within a range of 6 to 16 years, unless the judge found

13

facts allowing a sentence of 6 [or] 16 years. Factfinding to elevate a sentence from 12 to 16 years, this courts decisions make plain, falls within the province of the jury employing a beyond a reasonable doubt standard, not the bailiwick of a judge determining where the preponderance of the evidence lies. Based on a post-trial sentencing hearing, the judge found by a preponderance of the evidence, six aggravating facts, and one mitigating fact. Concluding that the aggravators outweighed the sole mitigator, the judge sentenced Cunningham to the upper term of 16 years. The Supreme Court held: "The DSL, by placing sentencing-elevating factfinding within the judge's province, violates a defendant's right to trial by jury safe guarded by the Sixth and Fourteenth Amendments. In all material respects Title 21 U.S.C. § 841(b)(1)(A)(iii) resembles Apprendi, Blakely, Booker and now Cunningham v. California, No. 05-6551. Decided January 22, 2007. Following the reasoning in those cases, the lower term prescribed under Federal law, not the upper term, is the relevant statutory maximum. Because elevating facts that authorize the upper levels are found by the judge, and need only be established by a perponderance of the evidence, violates a defendant's Fifth and Sixth Amendment right to jury trial.

Title 21 U.S.C. § 841(b)(1)(A)(iii) provisions provides a wide range for a judge to find by the preponderacne of the evidence, "or more" than 50 grams.

### Drug Type

Prior to November 1, 1993 the term "crack" was not implied as to a penalty for "Cocaine base" under the statute.

However cocaine base was synonymous with powder cocaine as defined by forensic chemist. See U.S. v. Davis, 864 F.Supp 1303, 1306 (N.D. Ga. 1994)(per Curiem); U.S. v. Lopez-Gil, 965 F.2d 1124, 1134-35 (1st. Cir. 1992); U.S. v. Brisbane, 367 F.3d 910, 913-14 (D.C. Cir. 2004). See also U.S. v. Edwards, 397 F.3d 570 (7th. Cir. 2005): where the Appeals Court has determined that, "[a]ll crack is cocaine base, but not all cocaine base is crack!" Id. at 571. A defendant is subject to the enhanced penalties authorized by 21 U.S.C. § 841(b)(1)(A)(iii) for a repeat offender whose crime involved the distribution of 50 grams or more of a substance containing "cocaine base" only if the government charges, and a jury finds, that the substance was the "crack" form of the drug, see U.S. v. Hollis, 9th. Cir. No. 05-30611, 5/7/07).

Although the views of different Circuits are not controlling, they carry some weight and should not be ignored when they are clearly relevant.

There is arguably a difference between § 841(b)'s statutory and § 2D1.1(c)'s guideline definition. Then to depict the confusion amongst mixed views by choosing the more harsher penalty would be depriving an individual of his Fifth and Sixth Amendment rights. In Davis supra, the court found that the term "crack" is of art and then found ambiguity and choose the scientific definition. Citing Bifulco v. U.S., 65 L.Ed.2d 205 (1980). See also Corning Glass Works v. Brennon, 417 U.S. at 201. The court in Edwards supra. acknowledge the probable ambiguity if the statutory text alone were considered, given that the same penalty applied to 5 kilograms of "cocaine", § 841(b)(1)(A)(ii), as 50 grams of "cocaine base", § 841(b)(1)(A)(iii), although the two

15

are chemically the same. Id. at 574.

In particular, on account that the guidelines are advisory it may create more desparity, corruption in the structure, legislative history and motivating policies behind the sentencing scheme. Albeit the purpose of penalizing those for "crack" its not the only type of cocaine base. The term crack must be charged in an indictment so that preperations are made and there being no surprises such as was done in this case which created the variance from the charging document. (See Supplement - dated March 9th.)

Moreover, the type of cocaine base is the essential element of the charge, indeed the type of substance is the sole element distinguishing the crime itself.

Under the mandatory sentencing guidelines any increase based on judicial findings of fact would violate the Sixth Amendment and the court could not have sentenced petitioner outside the statute without making the forbidden, factual findings. Thus, but for the error petitioner would have received no more than a 20 years sentence.

### Response In Support Of Petitioner's Supplemental Pleading - Dated March 6, 2007 - Argument I

Petitioner argues that the prior drug conviction that this court relied upon to enhance his sentence under the provisions of 21 USC § 851, does not qualify to be used as such under the provisions in 21 USCS § 841(a), (b)(1)(A) as a felony drug offense.

Petitioner's prior drug conviction was a controlled substance offense under indictment 1509-93 filed June 25, 1998 in Westchester County New York.

At no point does the indictment, or pleadings transcript allow this court to presume that this offense could be considered as anything other than a misdemeanor drug offense.

In order for this court to consider petitioner's prior drug offense conviction, that may be used under the provisions of the enhancement provisions of § 841, this court is required to look at the specific conduct for which the petitioner pled to.

Specifically this court must ascertain whether petitioner had been convicted of a felony drug offense under the Federal statutes, not whether the state may have labled it as a felony, which the petitioner does not concede that the state has done. See U.S. v. Archer, 461 F.Supp.2d 213 (2000).

As Congress intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happen to be labled a felony drug crime by the state. Thus, the court is required to consider the elements in the statute under which the defendant was convicted.

Petitioner directs this courts attention to Taylor v. U.S., 109 L.Ed.2d 607 (1999)(under this standard, "We must first analyze the statute that formed the basis for the sentencing enhancement."

Once the court has done such a review, then it is required to follow the reasoning that the Supreme Court articulated in Shepard v. U.S., 161 L.Ed.2d 205 (2005). Which stands on the fact that under the state statutes to which he pled to, his prior convictions do not raise to the level required to enhance his sentence. As any facts outside the state statute, and outside the standard set in Shepard are not authorized to interpret his state conviction as a federal felony drug offense.

17

Furthermore, the instant case presents the same reasoning that was established in Lopez v. Gonzales, 166 L.Ed.2d 462 (12-5-06), that being that his prior conviction, without going beyond the bounds established by Shepard, simply do not qualify as enhancements under 21 USCS § 841(a), (b)(1)(A) as a felony drug offense.

In Lopez the court held: Conduct made a felony under state law, but a misdemeanor under C.S.A. is not a "felony punishable under the Control Substance Act."

In petitioner's PSR the probation department relied on nothing more than the bare bones information in the indictment, that being petitioner was in possession of a Controlled Substance in the 3rd. degree. Furthermore, the information filed with this court stated only that petitioner was charged under Chapter 40 - Article 20 -Controlled Substance Offenses - 220.16 (12) mere possession of one-half ounce or more containing a narcotic drug.

With only this information, and in light of the Supreme Courts holding in Bifulco v. U.S., 65 L.Ed.2d 205; (holding that the rule of lenity "embodies 'the instictive distaste against men languishing in prison unless the lawmaker has clearly said they should.'"

Petition asks this court to bear that in mind when addressing petitioner's argument that his prior drug offense does not meet the standard required to enhance his sentence.

### Illegal Search

In argument "C" petitioner is trying to articulate, had it not been for counselors ineffectiveness "Count 9" would cease to exist because the black bag was searched illegally, as there was no warrant

to search its contents. Although Calandra is misplaced, petitioner states that his attorney should have challenged this issue in its entirety. The issue can not be held harmless because petitioner has been charged with an assessment fee of $100 hundred dollars.

### Brady Violation

The government's response states that petitioner's argument under "E" labled prosecutorial misconduct is without merit. Petitioner would concede only if page "74" is absent impeaching and exculpatory evidence.

In this case petitioner was given a managment role under 3B1.1 the testimony of Corey Harris helped provide evidence to which your Honor was lead to believe was the truth, so because pg. 74 is and was absent, there is no way of knowing if the outcome of sentencing would have been different. Because of counselor's ineffecctiveness petitioner would like the court to take up the issue.

### Fed.R.Crim.Proc. Rule 6(f) Violation

The government is far off the mark when stating that this claim is baseless. Where you have a crime charged that was not presented to the Grand Jury is clearly a violation of Rule 6(f) and although petitioner's issue is with count (2) of the superseding indictment a Rule is a Rule and 6(f) was violated. It should not matter that the elements where charged in an indictment, what matters is did all grand jurors vote on this indictment, see <u>Gaithers v. U.S.</u>, 413 F.2d 1061, 1071 (1969).

## CONCLUSION

Davender's life is undoubtedly circling the drain, and while he does not appear before the court as a legal whisper - he does present a number of issues that deserve the Court's careful consideration. Davender - wishes not to draw the Court's ire or request it to advocate for his position, just not the absent of conflict - but the presents of justice.

_____
Todd Davender
Reg. No: 13960-014
U.S. Penitentiary
P.O. Box 7000
Florence, CO 81226

## CERTIFICATE OF SERVICE

I, Todd Davender, hereby certify that I have served a true and correct copy of the following: **Traverse To The Government's Response To Petitioner's 28 USC § 2255 Motion.**

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court <u>Houston v. Lack</u>, 101 L.Ed.2d 245 (1989), upon the Court and parties to litigation and/or his/her attorney(s) of record, by placing in a sealed, postage prepaid envelpe addressed to:

>Gordon H. Hall - A.U.S.A.
>157 Church Street
>New Haven, CT    06510

and deposited same in the United States Postal Mail at the United States Penitentiary at Florence, Colorado 81226

On this 10th day of June, 2007.

>Todd Davender - 13960-014
>United States Penitentiary
>Post Office Box 7000
>Florence, Colorado 81226