In The
United States District Court
For The District Of Connecticut



2008 JAN 22 P 4: 25

Todd Davender

    Petitioner,

v.                              Crim. No. 3:00-CR-44-(JCH)

United States Of America,    Civ. No. 3:04-CV-1776(JCH)

    Respondent.

## Petition To Supplement Davender's Initial Section 2255 Motion

Davender, In the interest of preserving Judicial Recourses, unable to lean on the understanding of counsel, files to Supplement The Subsection 2255 motion to include the now retroactive Cocaine Base Amendment. Davender is mindful that there is an opportunity to prevail under Title 18 U.S.C. § 3582(c)(2), (Amended Version Attached).

It is requested the Court review this action with a tolerant eye, as it does not make make a Welkin Ring of pleas. Instead addresses the appropriate reduction under the Cocaine Base Amendment. And **Kimbrough**, infra.

In the analysis of the impact of the Crack Cocaine it was fostered that 217 Defendants (This District) will receive a benefit from the recently made retroactive amendment. A case is considered to eligible for retroactive application of the 2007 Crack Cocaine Amendment, (effective March 3, 2008) if it meets the following criteria:

(A.) Crack Cocaine was involved in the offense;

(B.) The base offense level was greater than 12;

(C.) The base offense level was not level 43;

(D.) The quantity of Crack Cocaine involved in the Offense was less than 4,500 grams;

(F.) The offender's final offense level was not derived from the career offender or armed career offender guideline;

(G.) The offender's original sentence was greater than any applicable statutory mandatory minimum punishment pursuant to the statutory safety valve of 18 U.S.C. § 3553(f)(incorporated into the guidelines at § 5C1.2) Or the offender received a departure under § 5K1.1 for substantial assistance when originally sentenced.

Davender fits this criteria. At sentencing this Court relied on base level 32, which has been subsequently lowered by the November 2007 Cocaine Base Amendment. Of course there are the extra-verdict enhancement which left the final offense level 41, yielding a sentence range of 360-Life. (With a criminal history category V). Significant here is, the sentence transcript admits this Court seriously considered that Davender's Criminal History was overstated. The argument was grounded by the reality that being level 41, Criminal History V. The Court stated: "You have to go an awful long way to the left for it to make any difference." [S.T. p. 30, 31]. This statement, at the time was correct, in that, with exception of criminal category I the range remained 360-Life. Now, however, with just a nudge the sentencing range is 324-405.

Consistent with subsection (b) of § 1B1.10:

In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a Defendant eligible for consideration..., <u>The Court should consider the term of imprisonment that it would have imposed had the Amendment(s) to the guidelines listed in subsection (c) been in effect at the time defendant was sentenced....</u>

See U.S.S.G. § 1B1.10(b)(emphasis added).

The amendment made retroactive creates an opportunity to correct an extraordinary harsh sentence. Davender's sentence is mortgaged to the 100:1 ratio, which under the current legal landscape is subject to reduction. See **Kimbrough v. United States**, 552 U.S. ____ (2007). Cocaine base and the 100:1 ratio are now divorced requiring sentences such as Davender's to be corrected.

In fact, the Court can now reconsider Davender's **Koon v. United States**, 518 U.S. 81, 106 (1996) argument where "essentially no limit on the number of potential factors that may warrant a departure." (quoting **Burns v. United States**, 501 U.S. 129, 136-37 (1991)).

**Conclusion**

Peeling back the predictable and lock-step nature of the sentencing process reveals the legal skelleton of a now unreasonable sentence imposed upon Davender over a half-of-decade ago. The image of the law, is now the actual picture, a sentence reflection the new amended range must be imposed.

Respectfully submitted

_____
Todd Davender
Reg. No. 13960-014
U.S.P. Florence
P.O. Box 7000
Florence, Co. 81226

## CERTIFICATE OF SERVICE

I, Todd Davender, hereby certify that I have served a true and correct copy of the following: **Petition To Supplement Davender's Initial Section 2255 Motion.** Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court <u>Houston v. Lack</u>, 101 L.Ed.2d 245 (1989), upon the Court and parties to litigation and/or his/her attorney(s) of record, by placing in a sealed, postage prepaid envelope addressed to:

Gordon H. Hall - A.U.S.A.
157 church Street
New Haven, CT  06510

and deposited same in the United States Postal Mail at the United States Penitentiary at Florence, Colorado  81226.

On this __15__ day of January, 2008.

_____
Todd Davender - #13960-014
United States Penitentiary
Post Office Box 7000
Florence, Colorado  81226

This compilation contains the unofficial text of the two amendments to policy statement §1B1.10 [Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)] promulgated by the Commission on December 11, 2007. This reader-friendly text combines the text of the two amendments and shows §1B1.10 as it will appear in a forthcoming supplement to the Guidelines Manual. Official text of the amendments will be posted on the Commission's website at www.ussc.gov and can be found in a forthcoming edition of the Federal Register.

The amendments incorporated into the reader-friendly version of §1B1.10 below do not take effect until March 3, 2008. Until that date, the court should apply §1B1.10 as it exists in the Guidelines Manual effective November 1, 2007.

§1B1.10.   Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)

   (a) Authority.—

      (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

      (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

         (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

         (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

      (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

   (b) Determination of Reduction in Term of Imprisonment.—

      (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

    (2)    <u>Limitations and Prohibition on Extent of Reduction</u>.—

        (A)    <u>In General</u>.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).

        (B)    <u>Exception</u>.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

        (C)    <u>Prohibition</u>.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)    <u>Covered Amendments</u>.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

<i>Commentary</i>

<u>Application Notes</u>:

1.    <u>Application of Subsection (a)</u>.—

    (A)    <u>Eligibility</u>.—*Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

    (B)    <u>Factors for Consideration</u>.—

        (i)    <u>In General</u>.—*Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).*

  (ii) *Public Safety Consideration.*—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

  (iii) *Post-Sentencing Conduct.*—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

2. *Application of Subsection (b)(1).*—In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

3. *Application of Subsection (b)(2).*—Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate. For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

In no case, however, shall the term of imprisonment be reduced below time served. Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

4. *Supervised Release.*—

  (A) *Exclusion Relating to Revocation.*—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

(B)   *Modification Relating to Early Termination.*—If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

*Background:* Section 3582(c)(2) of Title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

Among the factors considered by the Commission in selecting the amendments included in subsection (c) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1).

The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion is in accord with the legislative history of 28 U.S.C. § 994(u) (formerly § 994(t)), which states: "It should be noted that the Committee does not expect that the Commission will recommend adjusting existing sentences under the provision when guidelines are simply refined in a way that might cause isolated instances of existing sentences falling above the old guidelines[*] or when there is only a minor downward adjustment in the guidelines. The Committee does not believe the courts should be burdened with adjustments in these cases." S. Rep. 225, 98th Cong., 1st Sess. 180 (1983).

---

[*] *So* in original. Probably should be "to fall above the amended guidelines".