UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD DAVENDER, : | |
|     Petitioner, : | |
| : | CRIMINAL NO.: 00-CR-44(JCH) |
| v. | |
| : | CIVIL NO.: 04-CV-1667(JCH) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | MAY 1, 2008 |

**RULING RE: PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 591],
PETITIONER'S MOTION TO AMEND/CORRECT THE MOTION TO VACATE
UNDER 28 U.S.C. § 2255 [622], PETITIONER'S MOTION TO APPOINT
COUNSEL [Doc. No. 600], AND PETITIONER'S MOTIONS FOR SUMMARY
JUDGMENT [Doc. Nos. 635 & 639]**

I.      INTRODUCTION

Petitioner Todd Davender ("Davender") moves the court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] He also moves the court to appoint him counsel and to grant summary judgment on his Petition, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

---

[1] All of the documents that Davender filed in support of his habeas petition were considered in making this Ruling with the exception of Davender's most recently filed Petition to Supplement (Doc. No. 659). That Petition moves the court to resentence Davender pursuant to Kimbrough v. United States, __ U.S. __ (2007). See Id. The court will address this motion in a separate ruling. The documents reviewed included: Pl.'s Memo. in Support of Motion to Vacate (Doc. No. 592), Affidavit of Todd Davender (Doc. No. 593), Pl.'s memo in Support of Motion to Vacate (Doc. No. 597), Pl.'s Amended Memo. in Support of Motion to Vacate (Doc. No. 607), Pl.'s Amended Memo. in Support of Motion to Vacate (Doc. No. 617), Pl's Supplemental Pleading on Motion to Vacate (Doc. No. 625), Pl.'s Supplemental Memo. in Support of Motion to Vacate (Doc. No. 628), Pl.'s Traverse to Response to Motion to Vacate (Doc. No. 638), and Pl.'s Judicial Notice Rule 201 (Doc. No. 640). Davender filed a Motion to Amend/Correct the Motion to Vacate, which is granted. (Doc. No. 622).

1

II.     **BACKGROUND**

Todd Davender was arrested on August 27, 2000. Based on the Superseding Indictment, the government charged Davender with Counts One, Two, Nine and Twelve, all alleging narcotics violations. Sup. Indict., Ct. Ex. 3 (Doc. No. 505).[2] Count One alleged that, on or about June 4, 1999, until on or about August 27, 2000, Davender conspired with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Id. Count Two alleged that on or about June 4, 1999, until on or about August 27, 2000, Davender conspired with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. Id. Count Nine alleged that on or about August 15, 2000, Davender possessed with intent to distribute 500 grams of cocaine in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. Id. Count Twelve alleged that on or about August 27th, 2000, Davender possessed with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. Id.

Davender was tried by a jury in the District Court of Connecticut and found guilty of all four counts on November 6, 2001. Verdict Form (Doc. No. 467). The jury found that Count One involved 50 grams or more of cocaine base, Count Two involved five kilograms or more of cocaine, Count Nine involved 500 grams or more of cocaine, and Count Twelve involved 500 grams or more of cocaine. Id. On January 25, 2002, Davender was sentenced by this court to 360 months imprisonment on all four counts

---

[2]The court notes that, although this is a civil matter, most of the documents in this case as well as in the underlying criminal case were filed under the criminal case number. Document numbers referred to in this Ruling refer to the criminal docket.

of the Superseding Indictment, with the sentences to run concurrently. Sentencing Minute Entry (Doc. No. 538).

Davender filed a notice of appeal of his conviction on January 30, 2002. (Doc. No. 542). Davender's appointed appellate counsel filed an Anders brief stating that there were no viable issues for appeal on April 21, 2003. Anders brief for Davender, 2003 WL 22731947. On August 6, 2003, Davender's conviction was summarily affirmed by the Second Circuit. Mandate of the U.S.C.A. (Doc. No. 584). Davender appealed that decision to the Second Circuit en banc, but that motion was filed out of time.

## III.    STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (citations omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (citations and quotation marks omitted).

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once

the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## IV. DISCUSSION

Because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal," Davender is procedurally defaulted from bringing any claims in a habeas proceeding that he failed to raise on direct review unless he can "first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 621-2 (1998)(internal quotations omitted). Furthermore, Davender is collaterally estopped from using a section 2255 petition to "relitigate questions which were raised and considered on direct appeal" unless "there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction." United States v. Sanin, 252 F.3d 79, 83.

Unlike the general rule that "claims not raised on direct appeal may not be raised

on collateral review unless the petitioner shows cause and prejudice," an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under section 2255, "whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).  To prevail on a claim for ineffective assistance of counsel, petitioner must show both that his counsel's representation "fell below an objective standard of reasonableness," and that his counsel's deficient performance prejudiced him.  Strickland v. Washington, 466 U.S. 668, 688  (1984) (discussing objective standard of reasonableness prong); id. at 694 (discussing prejudice prong).  An attorney's performance may be said to fall below an objective standard of reasonableness when a petitioner demonstrates that, "under the totality of the circumstances, [the attorney] failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances."  Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996).  A showing of prejudice requires establishing to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

    **A.**    **Ineffective Assistance of Counsel Claims**

        **1. Ineffective assistance of trial counsel for failure to file for dismissal of Count Two of the indictment for "insufficient evidence."**

Davender argues that the transcript of the grand jury proceedings shows that the grand jury did not have sufficient evidence to indict him on Count Two and thus his trial counsel was ineffective for failing to move to dismiss that count.  Pl.'s Mem. in Supp. of § 2255 Pet. ("Pl.'s Mem.") at 4 (Doc. No. 592).  Generally, "the dismissal of an indictment following a conviction is an extraordinary remedy."   United States v.

Casamento, 887 F.2d 1141, 1182 (2d Cir. 1989) (internal quotation omitted).  Since "[a]n indictment if valid on its face, may not be challenged on the ground that it is based on inadequate evidence," Davender's claim is without merit.  Id.  His trial counsel was not ineffective for failing to make a meritless argument.  See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) ("failure to make a meritless argument does not rise to the level of ineffective assistance").

> **2. Ineffective assistance of trial counsel for failure to challenge Counts 1, 2, 9 and 12 as multiplicious under the Double Jeopardy Clause**.

Davender argues that his trial counsel was ineffective because he did not challenge Counts 1, 2, 9, and 12 as multiplicious in violation of the Double Jeopardy Clause of the Fifth Amendment.  Pl.'s Mem. at 6 (Doc. No. 592).  Davender contends that the counts were multiplicious since they were all "just one conspiracy".  Id.

"An indictment is multiplicious if it charges the same crime in two counts."  United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004) (internal quotation omitted).  Counts One and Two were both conspiracy charges, pursuant to 21 U.S.C. § 846, alleging conspiracy to distribute two different substances.  Those substances, cocaine and cocaine base, are separately enumerated in section 841(b) as distinct violations, therefore conspiracies to sell these two different substances constitutes two different crimes.  Thus Counts One and Two are not multiplicious of each other.

Congress separated the crime of conspiring to distribute controlled substances, section 846, from the crime of possessing with the intent to distribute those substances, section 841.  Thus, Counts Nine and Twelve are not multiplicious of Counts One and Two even though the possessory violations were a part of the conspiracies.  Finally,

6

Counts Nine and Twelve allege possessory violations on different dates, and thus are not multiplicious of each other.

For the foregoing reasons, Davender's argument that Counts One, Two, Nine and Twelve were multiplicious is without merit. His trial counsel was not ineffective for not making this argument. See Kirsh, 54 F.3d at 1071.

### 3. Ineffective assistance of trial counsel for failure to move to suppress evidence regarding the seizure of Davender's black bag.

Davender argues that his trial counsel was ineffective because he did not move to suppress the introduction of Davender's black bag, seized by police officers in New York without a warrant. Davender's trial counsel objected to the introduction of testimony that Davender had told his associates about a trip to New York during which his bag was seized. Davender's appellate counsel raised the issue of suppression of the evidence stemming from the seizure of the bag before the Second Circuit in the Anders brief. Anders Brief, 2003 WL 22731947 at 8-10. Counsel wrote,

> "[assuming that the reason the Government did not offer this testimony was because the seizure was unlawful, then counsel's fruit of the poisonous tree argument would merit appellate review if there was a legitimate issue as to whether or not appellant was coming to New York to purchase large amounts of drugs for resale in Connecticut."

Id. at 9. However, counsel concluded that, "in the context of this case testimony regarding this one seizure has minimal significance. With or without this testimony the jury had ample evidence to conclude that appellant had made numerous trips to New York for the purpose of purchasing narcotics." Id. The Second Circuit summarily affirmed Davender's conviction having considered the Anders brief (Doc. No. 584). Therefore, Davender is estopped from raising this claim as it has been "raised and

7

considered on direct appeal." Sanin, 252 F.3d at 83; see also, Hernandez v. United States, 2003 WL 223467, *3 (S.D.N.Y. 2003)(finding that to the extent an issue was raised in an Anders brief when the conviction was summarily affirmed, that issue was barred from habeas review).

### 4. Ineffective assistance of trial counsel for failure to file for a change of venue.

Davender argues that his trial counsel was ineffective because he did not move to change the venue from Fairfield County to New Haven County. Pl.'s Mem. at 9 (Doc. No. 592). Davender's crimes were committed in the District of Connecticut, and elsewhere, and he was tried in the District of Connecticut. Davender misstates his right under the Sixth Amendment to a trial "in the district wherein the crime shall have been committed;" the Sixth Amendment does not guarantee trial in the *county* where the crimes were committed. U.S. CONST. amend. VI. Davender's trial counsel was not ineffective for failing to raise this meritless claim. See Kirsh, 54 F.3d at 1071.

### 5. Ineffectiveness of appellate counsel for failing to raise viable claims on appeal including trial counsel's ineffectiveness.

This court has not identified any meritorious claims that appellate counsel failed to raise on appeal. Likewise, the Second Circuit summarily affirmed Davender's conviction based, in part, on the appellate counsel's arguments in the Anders brief. Therefore, the court finds that appellate counsel was not ineffective for failing to raise meritless claims on appeal. See Kirsh, 54 F.3d at 1071.

### 6. Ineffective assistance of trial counsel for failure to object to the introduction of 68 grams of cocaine base into evidence.

Davender argues that his trial counsel was ineffective because he did not object

when 68 grams of cocaine base were introduced into evidence, despite the fact that only 11 grams were seized. Pl.'s Mem. at 17-8 (Doc. No. 592). Davender's argument seems to be that evidence of crack in the case other than that seized from his person could not be attributed to him by the jury for the purposes of finding the threshold level of fifty grams. See Pl.'s Judicial Notice Rule 201 (Doc. No. 640). This argument entirely ignores the other testimonial and physical evidence by which the jury may have reached their unanimous conclusion that it was reasonably foreseeable to Davender that the conspiracy to distribute cocaine base involved 50 grams or more of cocaine base. See e.g. United States v. Henry, 325 F.3d 93, 102 (2d Cir. 2003) (reciting overwhelming testimonial evidence sufficient to find defendant had conspired to distribute at least 50 kilograms of marijuana). This claim has no merit and therefore Davender's counsel was not ineffective for failing to raise it. See Kirsh, 54 F.3d at 1071.

> **7. Ineffective Assistance of Counsel for failure to challenge the lab report on which the date was redacted and for failing to move the government to produce the audio-tape of an alleged sale.**

To prove that his trial counsel was ineffective, Davender must show both that his counsel's performance was objectively unreasonable and that it prejudiced the outcome of the trial. Strickland, 466 U.S. at 688, 694. By asserting merely that he should have been given a Franks hearing, Davender has shown neither. Pl.'s Mem. at 10 (Doc. No. 592). Davender has made no showing that, had his counsel acted differently with regard to the lab report or the audio tape, the outcome of the trial would have been different. Further, it is not likely that he could prove such prejudice given the overwhelming evidence of his guilt produced at trial. The court finds that Davender's

trial counsel was not ineffective for failing to challenge the lab report or to request the audio-tape.

> **B.     Improper application of sentencing enhancements under <u>Apprendi,</u> including claims of ineffective assistance of counsel.**

Davender makes several claims that his rights were violated under the holding of <u>Apprendi</u>.  <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  Davender alleges that the court erred in determining the quantity of drugs involved for sentencing purposes because that determination should have been one for the jury.  Pl.'s Mem. at 13 (Doc. No. 592).  He argues that his trial counsel was ineffective for failing to challenge the court's determination on the same grounds.  <u>Id.</u>  He argues that the court erroneously enhanced his sentence by 3-levels for role in the offense because this should have been a question for the jury.  <u>Id</u>. at 11 (Doc. No. 592); Pl.'s Mot. to Amend. at 4-9 (Doc. No. 622).  He argues that his trial counsel was ineffective because he failed to move to dismiss the indictment because it did not include reference to 21 U.S.C. § 841(b)(1)(A), which subsection Davender contends was used to enhance his sentence.  Pl.'s Amendment in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to Rules of Civil Procedure Rule 15(a) (hereinafter "Pl.'s Am. in Supp.") at 3 (Doc. No. 617).  Finally, he argues that his trial counsel was ineffective for failing to move to dismiss the indictment on the ground that it did not state the word "crack."  Pl.'s Suppl. Plead. at 4 (Doc. No. 628).  All of these claims are brought under the holding of <u>Apprendi</u> that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi v. New Jersey</u>,

530 U.S. 466, 490 (2000).

Davender did not raise any of these claims on direct appeal, nor has he shown the cause and prejudice required to bring these previously unraised claims on habeas. Thus, to the extent that these claims challenge his conviction and not the ineffectiveness of his counsel, they are procedurally barred. See Bousley, 523 U.S. at 622.

Turning to Davender's claims of ineffective assistance of counsel, Count One of the superceding indictment charged Davender with conspiracy to "possess with intent to distribute and to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base." Superceding Indictment at 2-3 (Doc. No. 505). The jury in Davender's trial found beyond a reasonable doubt that it was reasonably foreseeable to Davender that the conspiracy in Count One involved "50 grams or more" of cocaine base. Verdict Form at 1 (Doc. No. 467). The statutory maximum sentence for a violation of section 846 involving 50 grams or more of cocaine base, pursuant to section 841(b)(1)(A), is life in prison. 21 U.S.C. § 841(b)(1)(A).

Therefore, the court did not violate Apprendi for sentencing Davender to 30 years, less than the statutory maximum, pursuant to section 841(b)(1)(A). See United States v. Garcia, 240 F.3d 180, 184 (2d Cir. 2001) ("We therefore join the other nine circuits that have ruled on direct review that a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory minimum, may be determined by a sentencing judge and need not be submitted to a jury."). Since Davender's conviction was prior to the Supreme Court's decision in United States v. Booker 543 U.S. 220 (2005), the holding of which is not applicable retroactively, the Second Circuit's

interpretation of Apprendi in Garcia is controlling in this case. See Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005)(holding that Booker is not retroactive). Therefore, Davender's trial counsel was not ineffective for failing to make this meritless argument at sentencing. See Kirsh, 54 F.3d at 1071.

Davender's argument that his trial counsel was ineffective for failing to object to the enhanced statutory provision under 21 U.S.C. § 841 (b)(1)(A) when it was not within the indictment nor presented to the trial jury is also erroneous. The quantity of drugs involved in the conspiracy was in both the indictment handed down by the grand jury and found beyond a reasonable doubt by the jury at trial. Nothing in Apprendi or Federal Rule of Criminal Procedure 7(c) requires that the applicable sentencing provision to section 846 be stated by name or number in the indictment or the verdict form. See Russell v. United States, 369 U.S. 749, 762-4 (1962). Thus, Davender's trial counsel was not ineffective for failing to make these arguments. See Kirsh, 54 F.3d at 1071.

Finally, Davender argue that this trial counsel was ineffective for failing to move to dismiss the indictment because it did not contain the word "crack". Pl.'s Suppl. Plead. at 4 (Doc. No. 628). Davender's argument is that, because the crack form of cocaine base has a 100:1 sentencing ratio, whether or not the cocaine base at issue was in fact "crack" was an element of the offense because it enhanced his sentence. As an element of the offense, Davender argues, it should have been charged in the indictment and found beyond a reasonable doubt by a jury under Apprendi. Id. at 5.

The Second Circuit has addressed precisely the same issue that Davender raises in United States v. Snow, 462 F.3d 55, 65 (2d Cir. 2006). In Snow, the Second

Circuit held that, since the jury found the defendant guilty of a crime carrying a maximum penalty of life in prison, no determination made by the court could violate Apprendi so long as it did not cause the court to sentence beyond the statutory maximum. Davender's situation was the same. After the jury had convicted him of violating section 841 with 50 grams or more of cocaine base carrying a statutory maximum sentence of life in prison, the court's determination that the cocaine base at issue was crack cocaine did not implicate Apprendi. Because the determination that Davender was guilty of an offense involving "crack" was not an element of the crime, his counsel was not ineffective for failing to move to dismiss the indictment for failing to state the word "crack" rather than "cocaine base".

### C.     Prosecutorial Misconduct in Violation of Brady

Davender argues that his Petition for habeas be granted because the prosecutor failed to turn over impeachment material in violation of his Brady obligation. See Brady v. Maryland, 373 U.S. 83 (1963). Davender did not raise this issue in direct appeal, so he must show "cause and actual prejudice" before he can make this claim here. Bousley, 523 U.S. at 622.

The court finds that Davender has not shown prejudice to satisfy the requirement of Bousley. The court has reviewed page 74 of Harris' testimony from the trial of Tyrese Barker. See Trial Transcript (Doc. Nos. 382, 388, 389). This page of the transcript, along with pages 72 and 73, show the defense attorney cross-examining Harris as to how many "eight-balls" he told government agents he had sold to Mr. Phelmetto. Id. The defense attorney attempts to show that Harris told agents he had sold only one, and then testified at trial that he had sold four. Id. However, Harris

initially told agents he sold "eight-ball" without specifying how many. Id. Therefore, the court does not find this testimony to be impeachment evidence.

Even if the page of testimony which Davender alleges was illegally suppressed contained impeachment material as to Corey Harris, it is not possible that evidence would have affected the outcome of the trial in which overwhelming evidence, including testimony of other witnesses, recorded telephone calls, and physical evidence, were produced as to Davender's guilt.

> **D.    Error by the Court in calculating the amount of drugs involved in the conspiracy for the purposes of sentencing, and in calculating Davender's criminal history points.**

Davender argues that the court's math was in error when it determined the amount of drugs attributable to the conspiracy for the purposes of sentencing. Pl.'s Mem. in Supp. at 10-1 (Doc. No. 592). Since Davender did not raise this issue on appeal, he must show both cause and prejudice to bring this claim on habeas. Bousley, 523 U.S. at 622. Davender has shown prejudice by arguing that, if the court did in fact make an error, his base offense level and sentence would have been lower. Pl.'s Mem. in Supp. at 11 (Doc. No. 592). He has not, however, shown cause as to why this issue was not raised on appeal, and thus his claim is procedurally barred. Bousley, 523 U.S. at 622.

Assuming, arguendo, that Davender had successfully given a cause for his failure to raise this issue on appeal, the argument would fail on the merits. In sentencing, the court found by a preponderance of the evidence that at least three kilograms of narcotics were attributable to Davender based on the testimony of two eye-witnesses. Sent. Tran. at 23 (Doc. No. 560). Applying the fifty-fifty split between

cocaine and cocaine-base typical to Davender's operation, the court found that "at least 1.5 kilograms of cocaine base was involved in this case." Id. Upon review of the sentencing transcript, the court finds that it did not make an arithmetic error in calculating the amount of cocaine base attributable to Davender for sentencing. This claim is without merit.

Davender also argues that the court erred in calculating his criminal history points. Pl.'s Mem. in Supp. at 12 (Doc. No. 560) and Pl.'s Amendment in Supp. at 2 (Doc. No. 617). The issue of Davender's criminal history points was reviewed on appeal by the Second Circuit, which summarily confirmed Davender's conviction. See Anders Brief, 2003 WL 22731947 at 10-1. Therefore, this issue has been raised and decided on direct appeal; Davender is estopped from making this argument in his habeas petition. Sanin, 252 F.3d at 83.

### E. Second Offender Classification

Davender argues that he was wrongly categorized as a second offender for a prior drug conviction because it was merely possessory. Davender failed to raise this claim on direct appeal and has not shown cause for failure to do so, nor prejudice arising from his claim; therefore his claim is procedurally barred. Bousley, 523 U.S. at 622.

Even assuming arguendo that Davender could show cause and prejudice, his claim would fail on the merits. Davender was convicted under 21 U.S.C. § 841, which proscribes a higher sentence "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(A). The Supreme Court recently held that for the purposes section 841(b)(1)(A), section 802(44)

15

defines a "felony drug offense." Burgess v. United States, 553 U.S. __,128 S.Ct. 1572, 1577, (April 16, 2008). Section 802(44) defines a felony drug offense as one that is "punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Id. (quoting 21 U.S.C. § 802(44)). Therefore, a possessory drug offense, like that at issue in Burgess, qualifies as a "felony drug offense" for the purposes of section 841 so long as it is punishable by imprisonment for more than one year. Id. Davender was sentenced to a maximum of six and a minimum of two years in New York State for his prior drug offense. See Sentence and Commitment, Att. to Pet.'s Suppl. Pleading (Doc. No. 625). Therefore, this offense properly qualified Davender for second offender status pursuant to section 841. His claim is thus without merit.

F.  **Motion for Summary Judgment**

Davender requests that this court grant Summary Judgment as to his section 2255 petition "due to respondent's failure to comply with an order signed by Judge Janet C. Hall on March 19, 2007, which ordered respondent to respond before or on April 12, 2007." Pl.'s Mot. for Summ. Judg. (Doc. No. 635). The government's tardiness in responding to Davender's petition does not establish that there are no material facts at issue in deciding his petition or that his petition should be granted as a matter of law. His motion for summary judgment is therefore denied.

G.  **Motion to Appoint Counsel**

Having determined that no issues of material fact exist such that a reasonable trier of fact could conclude that Davender's sentence was made in error, Davender's

Motion for Appointment of Counsel is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the court DENIES the petitioner's Motions to Vacate, Set Aside or Correct Sentence (Doc. No. 591) and petitioner's Motions for Summary Judgment (Doc. No.s 635 and 639). Petitioner's Motion to Amend (Doc. No. 622) is granted. Petitioner's Motion for Appointment of Counsel (Doc. No. 600) is DENIED as moot.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 1st day of May, 2008.

                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge